AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

**United States of America**

**v.**

**XAVIER TORRES**

_____
*Defendant.*

Case No. 18-MJ-6866



## CRIMINAL COMPLAINT

I, JOSEPH BRIGANTI, the complainant in this case, state that the following is true to the best of my knowledge and belief.

From on or about July 12, 2015 through on or about July 21, 2015, in the Western District of New York, the defendant violated offenses described as follows:

did knowingly and unlawfully possess with intent to distribute cocaine and heroin, in violation of Title 21, United States Code, Section 841(a)(1).

SEE ATTACHED AFFIDAVIT OF ATF TASK FORCE OFFICER JOSEPH BRIGANTI.

☒   Continued on the attached sheet.

_____
*Complainant's signature*

JOSEPH BRIGANTI
ATF TASK FORCE OFFICER
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  November 30, 2018

_____
*Judge's signature*

City and State:  Rochester, New York

HONORABLE JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

        v.                                             18-MJ-

XAVIER TORRES

                             Defendant.

_____

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

JOSEPH BRIGANTI, being duly sworn, deposes and says:

1.      I am a Police Investigator employed by the Rochester Police Department (RPD), Rochester, New York, currently assigned as an ATF Task Force Officer on the Violent Crime Team, and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516(1).  This affidavit is submitted in support of a Criminal Complaint charging XAVIER TORRES with a violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute, and distribution of, cocaine and heroin).

2.      The information in this affidavit is based upon my personal knowledge obtained through my participation in this investigation, reports and information received from other law enforcement agents, interviews of witnesses, analysis of records and video/audio

1

recordings as well as information received from a confidential source. I have participated in this investigation since its inception and am familiar with all aspects of this investigation. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe that the above-named defendant committed the above-mentioned offense.

## AFFIANT'S BACKGROUND

3.       I have been a Police Officer for over twenty-three years. Your Affiant has worked in the specialized field of narcotics, firearms and marihuana investigations for a total period of over seventeen (17) years, during which time I have written and participated in several investigations of illicit firearms and drug distribution networks which have resulted in the arrest of individuals for the possession of A-1 felony quantities of cocaine, possession of illegal firearms, as well as possession of pounds of marihuana. I have been the Affiant for more than three hundred search warrants, which have resulted in felony arrests of drug dealers and seizures of weapons, illegal narcotics and monies. I have assisted in the execution of approximately one thousand additional search warrants, which have resulted in felony arrests and seizures of weapons, illegal narcotics and monies. Over the past 17 years I have made undercover purchases of illegal narcotics. I have attended a one-week Alcohol Firearms Tobacco and Explosives Firearms investigation school at Alcohol Firearms Tobacco and Explosives (ATF) headquarters in Washington D.C. I have attended a two-week Drug Enforcement Administration (DEA) Basic Narcotics Investigation school at the Public Safety Training Facility, Firearms Enforcement Training sponsored by Project Safe Neighborhoods in conjunction with the Department of Justice, a two-week Interview & Interrogation school,

2

a Project Safe Neighborhood Anti-Gang Training, Concealment and Hidden Traps Training sponsored by the Drug Enforcement Administration (DEA), along with several other trainings.

4.      I have been assigned to the Alcohol Firearms Tobacco and Explosives (ATF) Rochester, New York Resident Office since November 2016. During this time, I have participated in cases involving the distribution of firearms, cocaine, and cocaine base, heroin, methamphetamine, MDMA, and marijuana. My participation in these cases has included, but is not limited to, the monitoring and recording of court-authorized Title III interceptions; execution of search warrants; undercover operations; direction of confidential sources; and the debriefing of defendants and others involved in the distribution of Firearms and illegal drugs. I am familiar with how firearms are illegally obtained and distributed. I am also familiar with how controlled substances are obtained, diluted, packaged, distributed, sold and used within the framework of drug trafficking in the Western District of New York.

## PROBABLE CAUSE

5.      On June 16, 2015 your affiant and RPD Investigator David Swain met with a Confidential Source (CS).[1] The CS stated that a Hispanic male who uses the nickname "P" sells heroin and cocaine from 6 Burbank Street and 14 Burbank Street. The CS described the male as 5'8" tall, weighing approximately 140 pounds, and approximately twenty-seven to

---

[1] The information provided by the CS has proven to be reliable and has been corroborated through independent investigation, to include surveillance and records analysis. It should be noted that this CS is monetarily compensated for his/her efforts. His/her name is being withheld from this affidavit out of concerns for his/her safety and to ensure that other ongoing investigations are not compromised.

3

thirty years old. The CS stated that he/she purchased heroin and cocaine from "P" on several occasions at both 6 Burbank Street and 14 Burbank Street. The CS agreed to perform controlled buys of heroin and cocaine from "P."

6.      On June 29, 2015 your affiant reviewed a RPD Field Interview Form (CR# 15-164993). In sum and substance RPD officers Collins and Mattox received information alleging that a skinny Hispanic male with the nickname "P" is the person supplying drugs to the Burbank Street area. The information also alleged that "P" lived at 6 Burbank Street and drove a black Ford Explorer New York registration GAP6794.

### July 12, 2015 Controlled Purchase

7.      On or about July 12, 2015, at approximately 11:16 a.m., your affiant and PRD Investigator David Swain met with the CS in order to conduct a controlled purchase of heroin and cocaine from Xavier Torres a.k.a. "P."

8.      At approximately 11:16 a.m., your affiant and Investigator Swain searched the CS and his/her vehicle for drugs, weapons, money, and/or paraphernalia; none were found. Your affiant then gave the CS $100 in official advanced funds.

9.      At approximately 11:18 a.m., your affiant and Investigator Swain followed the CS to the area of 6 Burbank Street, Rochester, NY. The CS walked up the driveway of 6 Burbank out of your affiant's view. Moments later, the CS was observed walking down the driveway of 6 Burbank Street and entering his/her vehicle. Your affiant and Investigator Swain followed the CS directly back to a predetermined location. The CS entered your

4

affiant's undercover vehicle and handed Investigator Swain five bags of suspected cocaine and 5 decks of suspected heroin. The CS stated that he/she walked up the driveway of 6 Burbank Street and approached a Hispanic male that he/she knew as "P" standing in the driveway. The CS stated that he/she and "P" entered the residence through the side door. Once inside, "P" went to the upstairs and then to the kitchen before returning to the CS. "P" then handed the CS five bags of suspected cocaine and five decks of suspected heroin. The CS stated he/she handed "P" the $100 in official advanced funds. The CS stated that he/she returned directly to his/her vehicle and drove directly to the meeting location.

10.     Investigator Swain performed a field test on the suspected heroin and suspected cocaine; the suspected heroin tested positive for heroin, and the suspected cocaine tested positive for cocaine.


11.     The aforementioned heroin and cocaine has been submitted to the RPD property clerk's office according to policy and procedures. Based upon my training and experience, the substances appeared to be heroin and cocaine.

### July 21, 2015 Controlled Purchase

12.     On or about July 21, 2015, at approximately 9:37 a.m., your affiant and RPD Investigator David Swain met with the CS in order to conduct another controlled purchase of heroin from Xavier Torres a.k.a. "P."


13.     At approximately 9:38 a.m., your affiant and Investigator Swain searched the CS and his/her vehicle for drugs, weapons, money, and/or paraphernalia; none were found. Your affiant then gave the CS $200 in official advanced funds.

14.     At approximately 9:44 a.m., your affiant and Investigator Swain followed the CS to the area of 6 Burbank Street, Rochester, NY.  The CS walked up the driveway of 6 Burbank and stood outside the open side door.  The CS was met by a Hispanic male, approximately 5'-8" tall and approximately 150 pounds.  The male walked back inside 6 Burbank Street and then returned to the CS.  The CS and the Hispanic male walked east on Burbank Street to 14 Burbank Street.  The CS and the Hispanic male walked inside 14 Burbank Street.  Moments later, the CS and the Hispanic male were observed exiting the side door of 14 Burbank Street and walking west toward 6 Burbank Street.  The Hispanic male was observed walking into the side door of 6 Burbank Street and the CS was observed entering his/her vehicle.  Your affiant and Investigator Swain followed the CS directly back to a predetermined location.  The CS entered your affiant's undercover vehicle and handed Investigator Swain 4 bundles (40 decks) of suspected heroin.  The CS stated that he/she walked up the driveway of 6 Burbank Street and observed the male that he/she knew as "P" sitting at the kitchen table with a Hispanic female.  The CS stated he/she observed a large quantity of what appeared to be heroin on the kitchen table along with new and unused wax paper envelopes.  The CS stated that "P" met him/her at the side door and then he walked back to the kitchen and retrieved an undetermined number of "bundles" from the kitchen table. The CS stated that "P" then told the CS to go to 14 Burbank Street.  The CS stated that he/she and "P" walked directly to 14 Burbank Street and entered the side door.  Once inside 14 Burbank Street "P" retrieved 4 "Bundles" (40 decks) of suspected heroin from his pocket and handed them to the CS.  The CS stated he/she handed "P" the $200 in official advanced

funds.  The CS stated that he/she returned directly to his/her vehicle and drove directly to the meeting location.

15.     Investigator Swain performed a field test on the suspected heroin and received a positive result for heroin.

16.     The aforementioned heroin has been submitted to the Rochester Police Department property clerk's office according to policy and procedures.  Based upon my training and experience the substance appeared to be heroin.

<u>**July 30, 2015 Search Warrant**</u>

17.     At approximately 8:26 a.m. on July 30, 2015, members of the Rochester Police Department Special Investigation Section, with assistance from Rochester Police Department S.W.A.T, executed a court authorized search warrant at 6 Burbank Street.  Investigators encountered two adults inside the residence, one of whom was identified as Xavier Torres. Your affiant identified Xavier Torres as the same Hispanic male that was observed walking from 6 Burbank Street to 14 Burbank Street with the CS on July 21, 2015.  This is the same male that the CS referred to as "P" after selling the CS heroin on both July 12, 2015 and July 21, 2015.  Xavier Torres was arrested and charged with Criminal Possession of a Controlled Substance in the third degree. On October 28, 2015 Xavier Torres pled guilty in Monroe County Court to Criminal Possession of a Controlled Substance in the seventh degree and was sentenced to a term of 45 days.

## CONCLUSION

18.     **WHEREFORE,** based upon the foregoing, your affiant respectfully submits that probable cause exists to believe that Xavier Torres did violate Title 21, United States Code, Section 841 (a)(1) (possession with intent to distribute cocaine and heroin).

Joseph Briganti
ATF Task Force Officer

Subscribed and sworn to before me
this  30   day of November 2018.

HON. JONATHAN FELDMAN
United States Magistrate Judge

8