IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                                                                                                18-CR-6094-FPG-JWF

      v.

XAVIER TORRES, et al,

                    Defendants.

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S DECLARATION (DKT 323)**

Defendant's affidavit is insufficient on its face and, as such, his motions to suppress physical evidence and statements should be denied.

"A defendant seeking suppression of evidence must present [his] claim through an affidavit of an individual with personal knowledge." United States v. Boone, 2003 WL 21488021, at *6 (S.D.N.Y. June 27, 2003) (citing United States v. Gillette, 383 F.2d 843, 848-49 (2d Cir. 1967)). If an affidavit is submitted, it must be sufficiently definite, specific, detailed, and nonconjectural. United States v. Pena, 961 F.2d 333, 399 (2d Cir. 1992).

First, with regard to defendant's motion to suppress physical evidence, the defendant does not assert a privacy interest in the vehicle officers searched on February 6, 2016. As such, his motion to suppress physical evidence should be denied. Second, the defendant's motion to suppress statements is vague and lacks any detail. Without more facts, defendant's vague assertion is insufficient to require a hearing or establish a basis for suppression.

Despite being granted additional time to file a standing affidavit, defendant's affidavit fails to provide a specific, detailed, and nonconjectural basis for suppression. Therefore, his motions to suppress should be denied without a hearing.

DATED: Rochester, New York, February 19, 2020.

        Respectfully submitted,

        JAMES P. KENNEDY, JR.
        United States Attorney

By:    s/KATELYN M. HARTFORD
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        500 Federal Building
        Rochester, New York 14614
        (585) 399-3945
        Katelyn.Hartford@usdoj.gov