UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

-vs-

XAVIER TORRES a/k/a Pistolita,

          Defendant.

_____

REPORT AND
RECOMMENDATION

18-CR-6094-FPG-MJP-5

**APPEARANCES**

For the United States:        Katelyn M. Hartford, A.U.S.A
                                     Cassie Kocher, A.U.S.A
                                     United States Attorney's Office
                                     100 State Street
                                     Rochester, New York 14614

For the Defendant:             Maurice J. Verrillo, Esq.
                                     Law Offices of Maurice J. Verrillo, P.C.
                                     3300 Monroe Avenue, Suite 301
                                     Rochester, New York 14618

**INTRODUCTION**

**Pedersen, M.J.** In a third superseding indictment filed on September 27, 2019 ("Indictment") (ECF No. 240), the Grand Jury charged Xavier Torres ("Defendant") with eight crimes including: (1) Narcotics Conspiracy (Count 1); (2) Possessing, Brandishing, and Discharging Firearms in Furtherance of a Drug Trafficking Crime (Count 2); Distribution of Cocaine (Count 11); Distribution of Heroin (Counts 12 & 13), Possession of Heroin with Intent to Distribute (Count 15), Possession of Cocaine with Intent to Distribute (Count 16), and Managing a Drug-Involved Premises (Count 17). (ECF No. 240.) In the Indictment, the Grand Jury also included an "Allegation

1

of Prior Conviction for Serious Drug Felony" with respect to the Defendant. (ECF No. 240, at 13.) Finally, the Indictment seeks forfeiture "of any firearms and ammunition involved or used in the commission of the offense, or found in the possession or under their immediate control at the time of arrest" should Defendant be convicted. (*Id.* at 13.)

The Honorable Frank P. Geraci, U.S. District Judge, initially referred the case to the Honorable Jonathan W. Feldman, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) & (B). On November 7, 2019, the case was referred to the undersigned (ECF No. 265.)

On November 11, 2019, Defendant filed an omnibus motion. (ECF No. 266.) The government submitted a response to Defendant's omnibus motion on January 17, 2020. (ECF No. 296.) On February 11, 2020, the undersigned heard oral argument on the omnibus motion. The undersigned issued a decision on all the issues raised in Defendant's omnibus motion, except that he reserved on Defendant's motions to suppress tangible evidence and statements. (Order, dated Feb. 18, 2020 ("Order"), ECF No. 338.)

With respect to the two reserved motions, at oral argument, the Court provided Defendant additional time to submit a sworn statement from someone with personal knowledge in support of those motions. Defendant filed a two-page declaration that same day. (ECF No. 323.)[1] The government responded on February 19, 2020. (ECF

---

[1] 18 U.S.C. § 1746, titled "Unsworn declarations under penalty of perjury," provides that a declaration, if executed within the United States, shall be in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." The Declaration submitted by Defendant says that he "declares the following,

2

No. 328.) Finally, in correspondence dated April 24, 2020, after finding that Defendant's Declaration was conclusory and failed to provide enough factual basis to determine the outstanding motions, Defendant was given the option to provide a sworn statement providing additional information or rest on his papers. Defendant's counsel informed the Court and the government that he wished to rest on his papers in an email to all parties, dated May 15, 2020.

After hearing oral argument and reviewing all motion papers, the undersigned recommends that Defendant's motions for suppression of tangible evidence and statements be denied.

## STANDARD OF LAW

The relevant portion of 28 U.S.C. § 636(b)(1)(A) and (B) provides that the undersigned may "conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion . . . to suppress evidence in a criminal case."

## DISCUSSION

For this Report and Recommendation, the Court has reviewed the following: Defendant's omnibus motion (ECF No. 266); the government's response in opposition (ECF No. 296); proffers made at oral argument held before the undersigned on February 11, 2020; Defendant's Declaration, dated February 11, 2020 (ECF No. 323); and the government's response to Defendant's Declaration (ECF No. 328).

---

under penalty of perjury," but does not include the second portion "that the foregoing is true and correct." The government did not object to the form of Defendant's declaration. Accordingly, the Court has considered it.

*Findings of Fact Regarding the February 6, 2016, Evidence*

In his Declaration, Defendant states that on February 6, 2016, he was walking down Burbank Street with an individual named Jose Rodriguez and another male with the intention of visiting a tenant located in an apartment building at 2 Burbank Street. (Def.'s Decl. at 1, Feb. 11, 2020, ECF No. 323.) Defendant then entered the apartment building with Mr. Rodriguez . (*Id.*, at 1.) Defendant asserts that when he was in the apartment building, he was "pulled out of the hallway" by law enforcement and searched, which resulted in law enforcement acquiring cash that Defendant was carrying. (*Id.*) He stated that he was placed in handcuffs. (*Id.*) Defendant further contends that law enforcement found a "key" on the ground while searching Defendant and then searched a vehicle that the key opened. (*Id.*)

*Legal Conclusions Regarding the February 6, 2016, Evidence*

"The party moving to suppress bears the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *United States v. Osorio*, 949 F.2d 38, 40 (2d Cir. 1991) (citing *Rakas v. Illinois*, 439 U.S. 128, 131 n. 1, (1978)). Moreover, "[t]he movant must show that he had an expectation of privacy in the invaded place and that the expectation was legitimate, one that society is prepared to recognize as reasonable." *Osorio*, 949 F.2d at 40 (citing *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., *concurring*); *Rakas*, 439 U.S. at 140–41; *United States v. Paulino,* 850 F.2d 93, 96 (2d Cir. 1988) ("it is a person's legitimate expectation of privacy that is critical" for a defendant to establish his rights under the Fourth Amendment)); *see also United States v. Rivera-Figueroa*, No. 17-CR-183

4

(LJV) (JJM), 2018 WL 7291428, at *11 (W.D.N.Y. Aug. 21, 2018), *report and recommendation adopted,* No. 17-CR-183, 2019 WL 244490 (W.D.N.Y. Jan. 17, 2019) ("It is well settled that a defendant seeking to suppress evidence must demonstrate by a preponderance of the evidence that he had a reasonable expectation of privacy in the location or items searched.") (internal quotations and citations omitted). "In evaluating [standing] claims, the court generally considers whether the defendant had any property or possessory interest in the place searched or the items seized." *Osorio,* 949 F.2d at 40. (citation omitted).

Further, "[c]ourts in this Circuit have 'repeatedly' denied motions to suppress without a hearing where defendants have failed to provide affidavits alleging facts based on personal knowledge." *United States v. Robinson*, No. 16-CR-545-ADS-AYS-1, 2017 WL 5135598, at *10 (E.D.N.Y. Nov. 1, 2017) (citations omitted); *United States v. Montoya-Eschevarria*, 892 F. Supp. 104, 106 (S.D.N.Y. 1995) ("The law is clear that the burden on the defendant to establish standing is met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge.").

Defendant failed to provide any sworn statement in connection with his initial omnibus motion regarding his standing to challenge the tangible evidence. At oral argument on February 11, 2020, the Court provided Defendant with the opportunity to submit an affidavit in further support of this motion and permitted the government to respond to that motion. Defendant then filed a Declaration. (ECF No. 323.) The government responded, indicating that to be effective, any sworn statement

5

submitted must be "definite, specific, detailed, and nonconjectural," citing to *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992). (ECF No. 328). The government further argued that Defendant failed to assert any privacy interest in the vehicle the officers searched on February 6, 2016, warranting the denial of his motion to suppress. (*Id.*)

Based upon a review of Defendant's sparse Declaration, Defendant has failed to demonstrate any standing to challenge law enforcement's seizure of the "key," which was lying on the ground and which Defendant does not claim to own. Defendant also does not claim to have any property or possessory interest in the key. Similarly, Defendant failed to provide any basis for standing to challenge the search of the vehicle that the key opened, as he does not assert property or possessory interest in the vehicle. For these reasons, the undersigned recommends that Defendant's motion to suppress the tangible evidence obtained during the February 6, 2016, stop be denied.[2]

### *Findings of Fact Regarding Defendants' Statements*

Defendant indicates that he had two contacts with law enforcement – July 2015 and February 2016,[3] during which he claims he made statements to the police

---

[2] Although Defendant indicates in his Declaration that law enforcement acquired "a sum of cash off of [him]" on February 6, 2016, this is the only mention in Defendant's papers regarding the seizure of currency. It is not clear from Defendant's papers whether he seeks to challenge the seizure of the currency and Defendant does not assert any property or possessory interest in it. Accordingly, to the extent Defendant seeks suppression of the currency seized from him, he has failed to demonstrate standing and the undersigned recommends that this request be denied.

[3] While not admissible on this motion, Defendant's counsel's Declaration in support of the omnibus motion indicates that "[a]ny and all statements prior to Mr. Torres's formal arrest on February 6, 2016, should also be suppressed as he was not properly advised of his rights under *Miranda v. Arizona.*" (Decl. of Maurice J. Verrillo, dated Nov. 11, 2019, ECF No. 266, at 9.; see *United States v. Ahmad,* 992 F. Supp. 682, 685 (S.D.N.Y.1998) (affidavit of defense counsel seeking

6

that were "not voluntary and was [sic] made under the stress of the respective situations." (Def.'s Decl. at 1, ECF No. 323.) Defendant further states that on both occasions he did not feel that he was free to leave and that he thought he was under arrest even though he had not been Mirandized. (*Id.*)

### *Legal Conclusions Regarding Defendants' Statements*

An evidentiary hearing is required where a defendant demonstrates a "sufficiently definite, specific, detailed, and nonconjectural" issue of fact. *Pena,* 961 F.2d at 339; *United States v. Richardson,* No. 09-CR-55A (Sr), 2010 WL 5553995, *1 (W.D.N.Y. 2010), *report and recommendation adopted,* 2011 WL 53476 (W.D.N.Y. Jan. 7, 2011) ("[i]n order to warrant a suppression hearing, the defendant must demonstrate a specific factual dispute that can be resolved by a hearing") (collecting cases). In the absence of a demonstrated issue of fact, "there is no basis for holding an evidentiary hearing or suppressing the evidence." *United States v. Ahmad,* 992 F. Supp. 682, 685 (S.D.N.Y. 1998); *see also Richardson,* 2010 WL 5553995 at *1 (recommending that the district court deny motion to suppress statements where no issue of fact existed).

---

suppression of custodial statements for failure to provide *Miranda* warnings insufficient to warrant evidentiary hearing or suppression). Defense counsel further states that "[u]pon information and belief, your declarant believed that law enforcement alleges the defendant made statements during the July 30, 2015 search and further at the time of his December 2018 arrest." (*Id*. at 10.) Based upon this, there appears to be some confusion regarding which dates Defendant seeks to suppress statements. Regardless, as described in this section, Defendant has failed to meet his burden to suppress *any* statements he allegedly made.

Defendant's Declaration submitted in support of his motion provides very little detail regarding the encounters that he had with law enforcement in July, 2015, and February, 2016, stating only that:

> 3. I had two contacts with the police in July of 2015 and February of 2016. During both contacts, any statement I made to the police was not voluntary and was made under the stress of the respective situations.
>
> 4. In both instances, I did not believe that I was free to leave and believe that I was under arrest, despite not receiving Miranda warnings.

(Def.'s Decl. ¶¶ 3 & 4, ECF No. 323.)

"The 'ultimate inquiry' for determining *Miranda* custody . . . is that articulated by the Supreme Court in *California v. Beheler* [463 U.S. 1121, 1125, 103 S. Ct. 3517, 77 L.Ed.2d 1275 (1983) (per curiam)]: whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *United States v. Familetti*, 878 F.3d 53, 60 (2d Cir. 2017) (quoting *United States v. Newton*, 369 F.3d 659, 670 (2d Cir. 2004) (internal quotations and citations omitted). In evaluating whether the degree of a restraint is custodial, the Court looks to whether "a reasonable person in [the suspect's] shoes would [not] have felt free to leave under the circumstances." *United States v. Ali*, 86 F.3d 275, 276 (2d Cir. 1996) (citations omitted); see *Georgison v. Donelli*, 588 F.3d 145, 156 (2d Cir. 2009) (evaluating the totality of the circumstances to determine "whether a reasonable person would have *thought he was free to leave the police encounter at issue*...") (emphasis in original). "[I]n the absence of actual arrest, an interrogation is not 'custodial' unless the authorities affirmatively convey the message that the defendant is not free to leave," *United States v. Mitchell*, 966 F.2d 92, 98 (2d Cir. 1992), or that he is "completely at

the mercy of the police." *Newton*, 369 F.3d at 675 (quoting *Berkemer v. McCaty*, 468 U.S. 420, 438 (1984). Moreover, in making this objective determination, courts consider the circumstances surrounding the encounter with law enforcement, including such factors as the duration of the encounter, the location of the encounter, whether the officers used restraints, whether weapons were present or displayed, especially if they were drawn and whether officers told the suspect he was free to leave or under suspicion. *United States v. FNU LNU*, 653 F.3d 144, 153 (2d Cir. 2011).

Defendant's Declaration does not provide any detail regarding his interactions with law enforcement during the two vague time periods of July 2015 and February, 2016. Defendant does not indicate if law enforcement affirmatively told him he could not leave or if he was "completely" at the mercy of law enforcement. In fact, he gives no explanation as to why he believed he was under arrest, despite admittedly not having received his *Miranda* warnings. Without the benefit of additional information, this Court cannot make the determination of whether it was reasonable for Defendant to believe that he was not "free to leave" or that he was "under arrest." Given these bare bone allegations, the undersigned recommends that Defendant's motion to suppress statements be denied and, consequently that any request for an evidentiary hearing regarding Defendant's statements also be denied.

## CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's motions to suppress (tangible) evidence and to suppress statements (ECF No. 266) be denied.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

DATED:   May 27, 2020
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge