UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**UNITED STATES OF AMERICA,**

#18-CR-06094

vs.

**XAVIER TORRES,**

Defendant.

---

### DEFENDANT, XAVIER TORRES'S OBJECTIONS TO AND APPEAL FROM THEMAGISTRATE'S REPORT AND RECOMMENDATIONS DATED MAY 27, 2020.

The defendant, Xavier Torres filed omnibus motions with the court on November 11, 2019 which were subsequently supplemented by further affidavits on February 11, 2020. Pursuant to 28 U.S.C. Section 636(b)(1) and Rule 58.2 of the Local Rules of the United States District Court for the Western District of New York, the defense respectfully raises its objections to the lower court's determinations and respectfully appeals to the district court for the requested relief.

It is respectfully submitted that the lower court erred in denying the defendant's omnibus motions and that such determinations were erroneous, contrary to law, and otherwise prejudicial to the defendant. Accordingly, the defendant Xavier Torres seeks a de novo review of all matters raised in this appeal and the objections that follow under 28 U.S.C. Section 636(b)(1).

By order dated February 18, 2020, Magistrate Mark W. Pedersen denied the defendant's motion for severance from the co-defendants and denied the Rule 48 motion to dismiss however reserved on some suppression issues. On May 27, 2020, the lower court ruled on the defendant's motions to suppress evidence arising from the warrantless search and detention of the defendant on February 6, 2016, which had previously been dismissed

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

by the state court grand jury, and for the suppression of statements, along with all evidence arising or deriving therefrom. The lower court denied the suppression motions, basing its decision essentially on standing grounds.

Magistrate Pedersen did not address the lawfulness of the originating warrantless detention and eventual arrest of the defendant in his findings. The lower court summarized its conclusions as follows:

> Based upon a review of Defendant's spare declaration, Defendant has failed to demonstrate any standing to challenge law enforcement's seizure of the "key" which was lying on the ground and which defendant does not claim to own. Defendant does not claim to have any property or possessory interest in the key. Similarly, Defendant failed to provide any basis for standing to challenge the search of the vehicle that the key opened, as he does not assess property or possessory interest in the vehicle.

The defendant respectfully objects to the court's entire findings and rulings in this matter. A brief summary of the issues raised on this appeal arising from the defendant's motions follows:

1. The defendant sought the suppression of evidence arising from the warrantless search of February 6, 2016 based on a violation of the standards set forth in <u>Terry v. Ohio</u>, 392 U.S. 1 (1967).

2. The defendant sought the suppression of tangible evidence arising from the unlawful searches and seizures.

3. The defendant sought the suppression of statements arising made during law enforcement contacts.

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

4. The defendant submitted a declaration dated February 11, 2020 which provided in pertinent part that:

> 3. I had two contacts with the police in July of 2015 and February of 2016. During both contacts, any statements I made to the police was not voluntary and was made under the stress of the respective situations.
>
> 4. In both instances, I did not believe that I was free to leave and believe that I was under arrest, **despite not receiving Miranda warnings**. (Emphasis added).
>
> 5. On February 6, 2016, I was walking down the street on Burbank Street with Jose Rodriguez, and another male. Jose and I entered 2 Burbank Street where I intended to visit with one of the tenants in this apartment building. I was pulled out of the hallway by law enforcement, searched when they acquired a sum of cash off of me, and placed in handcuffs. A key was found on the ground and law enforcement searched that vehicle.
>
> 6. I was brought to the police station in Upper Falls and was questioned by law enforcement.
>
> 7. The state charges associated with the February 6, 2016 stop were no billed by the grand jury" and
>
> 8. I have reviewed the omnibus motions and attorney declaration and amended attorney declaration filed in this case. **I approve and agree with the content of these filings.**" (Emphasis added).

**POINT ONE-POLICE DETAINED AND SEARCHED THE DEFENDANT BEYOND THE PARAMETERS OF TERRY V. OHIO ON FEBRUARY 6, 2016; THE POLICE LACKED PROBABLE CAUSE TO ARREST OR SEARCH.**

The defendant, Xavier Torres was wrongfully detained on February 6, 2016. Law enforcement's search of the defendant was beyond the parameters of any possible Terry stop. It should be noted that nowhere in the Court's decision does it address the defendant's express motion to suppress evidence arising from his unlawful stop, detention and arrest in violation of Terry. It is undisputed that law enforcement did not have a warrant to arrest, stop, or search Mr. Torres on February 6, 2016. An arrest is in effect a "seizure of the

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

person." <u>California v. Hodari D.</u>, 499 U.S. 621,624 (1991). The level of intrusion upon the defendant when he was visiting a friend in the apartment complex at that point was equivalent to when a person was arrested by law enforcement. <u>Posr v. Daugherty</u>, 944 F.2d 91, 98 (2d Cir. 1991). The defendant was handcuffed and searched and ultimately arrested by law enforcement.

The genesis of the constitutional violation involving Mr. Torres begins with the unlawful stop of the defendant. The declaration of Mr. Torres clearly indicates that there was no basis to stop him. His conduct in walking with some individuals to see his friend in an apartment is not unlawful. The lower court failed to address the basis for the initial stop and whether it was lawful or not.

The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures. U.S. Const. Am. IV. It protects private citizens in public. While it is true that police officers are permitted to perform a search for weapons on a person to ensure their safety, the seizure must be assessed in light of the particular circumstances against the standard of whether a man of reasonable caution is warranted in believing that the action taken was appropriate. <u>Terry v. Ohio</u>, 392 U.S. 1, 21-22 (1967). As noted by the Supreme Court in <u>Terry</u>, ". . . where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the person with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or other's safety, he is entitled to the protection of himself and others in the area to conduct a carefully limited search of the

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

outer clothing of such persons in an attempt to discover weapons, which might be used to assault him". Terry, 392 U.S. at 29. The lower court failed to even address the Terry objection in its decision.

Still, the searching officer must, at a minimum, have reasonable suspicion before executing the stop. Minnesota v. Dickerson, 508 U.S. 366 (1993). In Dickerson, the Supreme Court further elaborated as to the specific confines of the Terry stop. In that case, the court determined that contraband seized during an investigatory search must be suppressed because the officer exceeded the bounds of the "strictly circumscribed" search for weapons under Terry. Ultimately, when contraband is discovered in the course of a legally appropriate search, its criminal nature must be immediately apparent. If a further search is required after no weapons are discovered, then it is an unconstitutional violation of the Fourth Amendment. The Supreme Court expressly noted that "If the protective search goes beyond what is necessary to determine if the suspect is armed, it is no longer valid under Terry **and its fruits will be suppressed**". Dickerson, 508 U.S. at 373 (emphasis added). Simply put, Mr. Torres was detained and his person "seized" beyond the confines of a Terry search. Any "fruits" of that unlawful search are also unlawful and should be suppressed. The search of a vehicle while the defendant was in handcuffs was likewise unlawful.

Many other cases have followed suit. In Connecticut, the district court ruled that a police officer opening and searching a small draw string bag, that clearly did not contain a weapon, overstepped the bounds of a Terry stop, and thus, the contraband resulting from the unlawful search was suppressed. United States v. Robertson, 239 F. Supp.3d 426, 442-445 (D.Conn. 2017). The Second Circuit overturned this district when a police officer

-5-

reached into a suspect's pocket during a stop. In this instance, the officer and another officer had been surveying the suspect for some time and at the time of the stop had reason to suspect the defendant might be armed and carrying contraband. Nevertheless, because there were less intrusive means to ensure the officers' safety, the seizure and fruits therefrom were suppressed. United States v. Casado, 303 F.3d 440 (2d Cir. 2002).

Judge Elizabeth Wolford's Decision and Order in United States v. Daniel Hunt, #18-CR-0081, dated February 18, 2020, is illustrative of an unlawful law enforcement activity and the resulting suppression of evidence. In this case, there was no probable cause to arrest or search the defendant and all evidence arising from law enforcement activity was suppressed. The government failed to establish that there was reasonable suspicion to stop the defendant in a traffic stop. Law enforcement was not permitted to search the vehicle operated by the defendant because they lacked probable cause that contraband was present.

In much of the post-Terry case law, the stopping officer generally has cause for looking for someone of the suspect's description. Many of these cases involve a very recent crime with a suspect's description being given to law enforcement personnel . Alternatively, a suspect may be personally known to the stopping officer. United States v. Hensley 469 U.S. 221 (1985) (Suspect was stopped after wanted flyer with his likeness was in circulation for weeks); United States v. Muhammad, 463 F.3d 115 (2d Cir. 2006) (police surveillance of the suspect corroborated by an anonymous tip, thus justifying the stop); United States v. Gardner, 76 Fed. Appx 401 (3d Cir. 2003) (A bar was robbed by a lone gunman and within minutes, a description of the suspect was broadcast over police radio. The gunman was picked up within 10 minutes and 4 blocks away from the bar); Gaddis v. Redford Twp., 364 F.3d 763 (6th Cir. 2004) (Suspect was pulled over for driving erratically, then exited his

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

-6-

vehicle wielding a knife towards the police officers). None of that happened here.

In this case, the defendant contends that there was no basis to stop him, however even if there was, the initial pat down did not result in any weapons being found or even drugs on Mr. Torres person. According to his statement, the accuracy of which is factually in dispute, Officer Luciano saw Mr. Torres driving down N. Clinton Avenue, near Burbank Street, park the vehicle , and enter an apartment building. At that time, there was no order to be on the lookout for someone fitting Mr. Torres description or vehicle and no alleged drug activity was observed by the officer. It appears that the only reason for Officer Luciano following Mr. Torres into the building was his past knowledge of general drug activity in the area and nothing else.

Officer Luciano followed Mr. Torres into the building and almost immediately began conducting a physical search or in essence a "seizure" of his person. No weapons or contraband were found on Mr. Torres person. Under applicable case law, at that point the search should have either been stopped or if probable cause existed, proceed with an arrest. Instead , Officer Luciano continued beyond the limited confines of a Terry stop when he found a car key fob for a vehicle apparently many feet away. A warrantless search of that vehicle was conducted where contraband was found.

As established by Terry and Dickerson , stops such as this are strictly construed to ensure the safety of the police officer; no weapons or contraband was found on the defendant's person. Officer Luciano overstepped the constitutional bounds of the 4th Amendment.  The violation of Mr. Torres rights when unlawfully detained, justifies standing for him to seek relief for the unlawful detention and all evidence ,including evidence derived from the original unlawful activity of the police.

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

Mr. Torres has standing to contest the law enforcement activity because his detention was unlawful. United States v. Babwah, 972 F.2d 30 (2d Cir. 1992). In Babwah, law enforcement went on an extensive fishing expedition to establish illegal monetary transactions seeking to have warrantless searches of suitcases used by the defendants. The extensive contacts with the defendants culminated into a "de facto arrest" and unlawful restraint of the defendants' person. The Second Circuit reversed their convictions based on "unlawfully seized evidence." ". . . [W]e are satisfied that the initial, lawful investigatory stop was transformed into a de facto arrest prior to the time Babwah consented to the search, and that, therefore, the consent was tainted and involuntary. We hold, also, that Maharaj was entitled to challenge the validity of Babwah's alleged consent." Babwah, 972 F.2d at 33. The Second Circuit further found that "If an investigatory stop based on reasonable suspicion continues too long or becomes unreasonably intrusive, it will ripe into a de facto arrest and that must be based on probable cause." Id., citing United States v. Glover, 957 F.2d 1004, 1011 (2d Cir. 1991).

Since there was no probable cause to arrest Mr. Torres at the time of his initial detention, the subsequent search was unlawful. Florida v. Royer, 460 U.S. 491 (1983). There was likewise no probable cause arising from Mr. Torres initial search that the vehicle later searched contained contraband or evidence of a crime. United States v. Gaskin, 364 F.3d 438, 456 (2d Cir. 2004).

The fishing expedition and overbroad searches conducted by law enforcement were unlawful and violative of the defendant's constitutional rights. The lower court failed to address these substantive issues anywhere in its Report and Recommendations. The

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

appropriate remedy is to find the detention of Mr. Torres to be unlawful, beyond the scope of a limited Terry stop, and suppress the fruits of this illegality against him.

**POINT TWO-THE DEFENDANT WAS ENTITLED TO A SUPPRESSION HEARING ON ALLEGED STATEMENTS MADE TO LAW ENFORCEMENT**

The lower court erred in failing to grant a suppression hearing or otherwise suppressing statements made by the defendant to law enforcement. The second motion in his omnibus motions requests the "suppression of statements allegedly made to law enforcement." The declaration of Mr. Torres referenced that there were no Miranda warnings given to him either in July 2015 or February 2016 when he was arrested, detained, and searched. See Paragraph "4" of Torres Declaration.

When a defendant alleges that he was not granted his Miranda warnings by law enforcement during an arrest or custodial interrogation, a presumption of compulsion arises. The defendant is entitled to a hearing on this issue. <u>United States v. Mathurin</u>, 148 F.3d 68 (2d Cir. 1998). The request for a suppression hearing was expressly made in the supporting attorney declaration. Accordingly, the defendant Xavier Torres respectfully requests that this matter be remanded to the lower court for the scheduling of a suppression hearing associated with the July 2015 and February 2016 arrests.

**POINT THREE-UNDER THE FACTS OF THIS CASE, THE DEFENDANT XAVIER TORRES IS ENTITLED TO SEVERANCE FROM HIS CO-DEFENDANTS**

The defendant Xavier Torres respectfully requests that he be severed from the remaining co-defendants based on applicable case law and Federal Rules of Criminal Procedure 8, 12, and 14.

As noted in the original attorney declaration, the charges against Mr. Torres in the Third Superseding Indictment alleged essentially drug activity, being counts 1, 2, 11, 12,

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

13, 15, 16, and 17.  Mr. Torres is not charged with involvement with the Six Count of Attempt to Kill Officers and Employees of the United States in January 2018 nor is he charged with the assault of an officer or Murder in Furtherance of a Drug Trafficking Crime, as alleged in counts Sixth, Seventh, and Ninth of the Third Superseding Indictment.

"It has long been settled law that the joint trial of charges against several accuseds when they are not for the same act or transaction, or for connected acts or transactions, or provable by the same evidence is prejudicial". United States v. Turoff, 853 F.2d 1037, 1039 (2d Cir. 1988), citing Mc Elroy v. United States, 164 U.S. 76, 79 (1896).  The legal issue is whether the joinder of the defendants in a joint trial would compromise the rights of a co-defendant , or prevent the jury from making a reliable decision about guilt or innocence under these circumstances. United States v. Tyrone Walker, 142 F.3d 103 , 110 (2d Cir. 1998). The prejudice has been referred to as having a "spillover effect" to the prejudiced defendant.  "The typical spillover claim is that evidence admissible against only one defendant is prejudicial to all defendants and that individual trials should have been held to avoid that prejudice". United States v. Di Nome, 954 F.2d 839, 844  (2d Cir. 1992) citing United States v. Cervone, 907 F.2d 322, 341-42 (2d Cir. 1990).

These assaults and shootings involving co-defendants do not have any relationship to this defendant. Mr. Torres is not alleged to have participated in or had complicity with these alleged events. The events if proven, will be very damaging and prejudice Mr. Torres ability to receive a fair trial on the remaining unrelated drug charges.  Furthermore, it is unclear whether any statements offered by the government at the trial from co-defendants will implicate confrontation and Bruton concerns. See Bruton v . United States, 301 U.S. 123 (1968); Crawford v. Washington, 541 U.S. 36 (2004).

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

The defendant, Xavier Torres, respectfully requests that he be severed from his co-defendants, or in the alternative, that the Sixth, Seventh and Ninth Counts of the Third Superseding Indictment be severed from any joint trial with the other co-defendants in the interest of justice.

**POINT FOUR-THE LOWER COURT ERRED IN DENYING THE DISMISSAL OF THE INDICTMENT FOR PRE-INDICTMENT DELAY**

There was an over two year delay in the filing of federal charges in this case, after the initial report of alleged misconduct in July 2015. The delay in filing of the charges resulted in the lost of contacts with witnesses who would be helpful in Mr. Torres defense. Accordingly, the defendant seeks the dismissal of the indictment under applicable law and Rule 48 of the Federal Rules of Criminal Procedure.

## CONCLUSION

The lower court erred in its determination of the issues objected to in this appeal. The defendant , Xavier Torres, respectfully requests that the District Court grant the relief requested in this appeal along with such other and further relief as to this Court seems just and proper.

Dated: June 29, 2020

Respectfully Submitted,

/s/ Maurice Verrillo
_____
Maurice J. Verrillo, Esq.
Attorney for the Defendant
Xavier Torres
3300 Monroe Avenue, Suite 301
Rochester, New York 14618
(585) 232-2640

**LAW OFFICES OF**
**MAURICE J. VERRILLO, P.C.**

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640