IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                v.                                18-CR-6094-FPG-JWF

XAVIER TORRES, et al.,

                        Defendants.

### GOVERNMENT'S MEMORANDUM IN OPPOSITION TO XAVIER TORRES' OBJECTIONS TO JUDGE PEDERSEN'S REPORT AND RECOMMENDATION

The United States of America, by and through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Katelyn M. Hartford, Assistant United States Attorney, of counsel, hereby files this memorandum in opposition to the objections by defendant Xavier Torres (ECF No. 406) to Judge Mark W. Pedersen's February 18, 2020 Order denying, among other things, defendant's motions for severance and dismissal (ECF No. 338), and Judge Pedersen's May 27, 2020 Report and Recommendation denying defendant's motions to suppress tangible evidence and statements (ECF No. 386).

### I. JUDGE PEDERSEN CORRECTLY DENIED TORRES' MOTION TO SUPPRESS TANGIBLE EVIDENCE

Judge Pedersen correctly denied Torres' motion to suppress tangible evidence, finding that Torres had not established standing, which is a prerequisite to obtaining a hearing. The government agrees with Judge Pedersen's Report and Recommendation (ECF No. 386, at 4-6) and stands by its original response to defendant's motion (ECF 296, at 24-26) and its Response to Defendant's Declaration (ECF No. 328).

As a threshold matter, the defendant must demonstrate he has standing in order to be entitled to a hearing to suppress tangible evidence – here, the defendant has not done so. As noted in Judge Pedersen's Report and Recommendation, it is settled law that it is the defendant's burden to establish standing, and to do so he must assert a privacy interest in the property searched. <u>See</u> Report and Recommendation, ECF No. 386, at pp. 4-6 (citing cases); <u>see also</u> Government's Response to Defendant's Declaration, ECF No. 328; Government's Response to Defendants' Pretrial Motions, ECF No. 296 at p. 24-26 (tangible evidence). Furthermore, if an affidavit is submitted, it must be sufficiently definite, specific, detailed, and nonconjectural. <u>United States v. Pena</u>, 961 F.2d 333, 339 (2d Cir. 1992). Here, as stated by Judge Pedersen, "Defendant has failed to demonstrate any standing to challenge law enforcement's seizure of the 'key,' which was lying on the ground and which Defendant does not claim to own. Defendant also does not claim to have any property or possessory interest in the key. Similarly, Defendant failed to provide any basis for standing to challenge the search of the vehicle that the key opened, as he does not assert property or possessory interest in the vehicle." ECF No. 386, at 6. Because the defendant has not asserted a privacy interest, he has failed to establish standing.[1]

Because the defendant did not establish standing, he is not entitled to a hearing, and Judge Pedersen properly denied defendant's motion to suppress physical evidence.

---

[1] As outlined in the Report and Recommendation, Torres was given numerous opportunities to satisfy this requirement. ECF No. 386, at 2. Most recently, in correspondence dated April 24, 2020, the court gave the defendant another opportunity to provide additional information or rest on his papers; the defendant chose to rest on his papers. Id., at 3.

II. **JUDGE PEDERSEN CORRECTLY DENIED TORRES' MOTION TO SUPPRESS STATEMENTS**

Judge Pedersen correctly denied Torres' motion to suppress statements, finding that Torres had not demonstrated an issue of fact that would warrant a hearing. The government agrees with Judge Pedersen's Report and Recommendation (ECF No. 386, at 6-9) and stands by its original response to defendant's motion (ECF 296, at 18) and its Response to Defendant's Declaration (ECF No. 328).

An evidentiary hearing is required where a defendant demonstrates a "sufficiently definite, specific, detailed, and nonconjectural" issue of fact. United States v. Pena, 961 F.2d 333, 399 (2d Cir. 1992). In the absence of a demonstrated issue of fact, "there is no basis for holding an evidentiary hearing or suppressing the evidence." United States v. Ahmad, 992 F. Supp. 682, 685 (S.D.N.Y. 1998).

Defendant failed to provide any details sufficient to create an issue of fact to necessitate a hearing. Defendant's declaration was conclusory in nature and included few details regarding the encounters he had with law enforcement allegedly leading to inadmissible statements. He provided only bald assertions, conclusory in nature and unsupported by fact, that "any statement I made to the police was not voluntary and was made under the stress of the respective situations . . . I did not believe that I was free to leave and believe that I was under arrest, despite not receiving Miranda warnings." Defendant's Declaration, ECF No. 323. Defendant does not establish any facts to support such assertions, nor does he supply any details surrounding the statements he seeks to suppress. As a result, it is unclear what

3

statements defendant seeks to suppress.[2]  The defendant argues that just claiming that he did not receive Miranda warnings, without any more details, is enough to warrant a hearing. However, Miranda warnings are only triggered during a custodial interrogation.  The defendant has failed to create an issue of fact regarding whether any statements he gave were the product of a custodial interrogation.  Report and Recommendation, ECF No. 386, at 8-9.

Because defendant failed to demonstrate a sufficiently definite, specific, detailed, and nonconjectural issue of fact in his bare bones allegations, and he did not establish any custodial interrogation took place, Judge Pedersen properly denied the defendant's motions to suppress statements.

### III. JUDGE PEDERSEN CORRECTLY DENIED TORRES' MOTION FOR SEVERANCE

Judge Pedersen correctly denied Torres' motion for severance.  Torres has not demonstrated that he is entitled to a severance and has failed to overcome the strong presumption in favor of a joint trial.

The general principles governing motions for a Rule 14 severance are by now well settled.  Fed. R. Crim. P. 14(a) (hereinafter "Rule 14(a)") permits a court to sever the trials of co-defendants where they have been indicted together properly under Rule 8(b), but joinder "appears to prejudice a defendant."  Fed. R. Crim. P. 14(a).  A defendant seeking severance

---

[2] Torres claims he had contact with police "in July of 2015 and February of 2016" during which he claims he was not given Miranda warnings.  Then he proceeds to discuss a February 6, 2016 encounter with law enforcement where a key was found on the ground and a vehicle was searched, after which he claims he was brought to the police station in Upper Falls and questioned by law enforcement.  Presumably, this is the statement defendant seeks to suppress, although it is unclear if the questioning resulted in a statement; in fact, the government is not aware of such a statement, and will alert defense counsel if that changes.

under Rule 14(a) must overcome the strong presumption in favor of trying jointly indicted defendants together. See United States v. Ventura, 724 F.2d 305, 312 (2d Cir. 1983) (stating "absent a showing of substantial prejudice, defendants who are jointly indicted should be jointly tried"); see also United States v. Rosa, 11 F.3d 315, 341 (2d Cir. 1993) (noting the "preference, in the federal system, for the joint trial of defendants indicted together") (citing Zafiro v. United States, 506 U.S. 534, 537 (1993)).

In evaluating a defendant's Rule 14(a) motion, courts must consider that separate trials of jointly indicted defendants could "impair both the efficiency and the fairness of the criminal justice system" by requiring "that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying." Richardson v. Marsh, 481 U.S. 200, 210 (1987). Furthermore, individual trials present the risk of "randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand." Id. In contrast, jointly trying such defendants "serve[s] the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Id.

A defendant seeking severance under Rule 14(a) must prove "facts demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial." United States v. An-Lo, 851 F.2d 547, 556 (2d Cir. 1988); see also United States v. Walker, 142 F.3d 103, 110 (2d Cir. 1998) (stating a defendant must establish that the prejudice resulting from a joint trial "is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials"). Such a showing requires more than the danger of some prejudice or a better chance at acquittal in a separate trial. See United States v. Torres, 901 F.2d 205, 230 (2d Cir. 1990). A motion to sever is addressed to the discretion

of the trial court.  See United States v. Lasanta, 978 F.2d 1300, 1306 (2d Cir. 1992);  United States v. Cardascia, 951 F.2d 474, 482 (2d Cir. 1991).

In moving for severance, a defendant bears an "extremely difficult burden." United States v. Carpenter, 689 F.2d 21, 27 (2d Cir. 1982).  A defendant must show that he will be so severely prejudiced that joinder would, in effect, deny him a constitutionally fair trial, resulting in a miscarriage of justice.  See Zafiro, 506 U.S. at 539 (stating Rule 14 severance appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence");  United States v. Rosa, 11 F.3d 315, 341 (2d Cir. 1993).

The law imposes a heavy burden on a defendant seeking Rule 14 severance because joint trials are in the public interest.  See Zafiro, 506 U.S. at 537.  The interests of convenience, economy, and efficient administration of justice favor the joinder of trials, "especially when the underlying crime involves a common plan or scheme and defendants have been jointly indicted," as here.  Cardascia, 951 F.2d at 482.  "[T]he federal judiciary harbors a strong presumption in favor of joinder as a mechanism for promoting judicial efficiency, and limiting instructions to the jury have emerged as the preferred device for curing any prejudicial spillover that may result from a multi-defendant, multi-count trial." United States v. Santiago, 174 F.Supp.2d 16, 22 (S.D.N.Y. 2001) (citing Zafiro, 506 U.S. at 539; United States v. Diaz, 176 F.3d 52, 103-104 (2d Cir. 1999); and United States v. Gallo, 668 F. Supp. 736, 748 (E.D.N.Y. 1987)).

A trial court should consider the following factors in deciding whether Rule 14(a) severance is warranted: (1) the number of defendants and the numbers of counts; (2) the complexity of the indictment; (3) the estimated length of the trial; (4) disparities in the degrees

of involvement by defendants; (5) possible conflict between various defense theories; and (6) prejudice resulting from evidence admissible as to some defendants, but not others.  Gallo, 668 F. Supp. at 749; see also United States v. Forde, 699 F.Supp.2d 637, 643 (S.D.N.Y. 2010); Santiago, 174 F.Supp.2d at 22.  None of these factors is dispositive, but each is intended to provide guidance as to whether a jury will be capable of considering the evidence as to each defendant separately, independent of evidence against co-defendants.  Id.

In this case, Torres has failed to satisfy this heavy burden to justify discretionary severance.  In support of defendant's motions, he makes only a conclusory claim that severance is justified by spillover prejudice due essentially to voluminous discovery and the role of other members of the conspiracy.  It is well-settled, however, that disparities in the proof against or notoriety of defendants do not justify separate trials.  See An-Lo, 851 F.2d at 557 (stating that "differing levels of culpability and proof are inevitable in any multi-defendant trial, and, standing alone, are insufficient grounds for separate trials");  United States v. Aloi, 511 F.2d 585, 598 (2d Cir. 1975) (stating, "[q]uite naturally in any multi-defendant trial there will be differences in degree of guilt and possibly degree of notoriety of the defendants.  There may be some likelihood that proof admitted as to one or more defendants will be harmful to the others.  However, this possibility does not necessarily justify individual trials").

Moreover, an analysis of the Gallo factors unquestionably favors a joint trial.  The Indictment is not especially complex.  Rather, the charges relate to a narcotics conspiracy which spanned a few years.  The defendant also has not articulated a conflict in defense theories that would be present in a joint trial.  Any "prejudicial spillover" that could result from the admission of the conspiracy evidence at trial can be eliminated by a limiting instruction to the jury that it must assess the evidence against each defendant separately from

the evidence against other defendants.  See United States v. Spinelli, 352 F.3d 48, 55-56 (2d Cir. 2003); Diaz, 176 F.3d at 103; Santiago, 174 F.Supp.2d at 23 (stating trial "will not present such complicated legal and factual issues that the jury in its deliberations will be prone to misapply the evidence relevant to particular defendants and charges" and that any risk "can be mitigated through carefully crafted limiting instructions that warn the jurors to take into account only the evidence admissible against each defendant"); United States v. Muyet, 945 F. Supp. 586, 598 (S.D.N.Y. 1996).

Defendant failed to overcome the strong presumption in favor of a joint trial; therefore, Judge Pedersen properly denied his motion for severance.

IV. **JUDGE PEDERSEN CORRECTLY DENIED TORRES' MOTION TO DISMISS PURSUANT TO RULE 48**

Judge Pedersen correctly denied Torres' motion to dismiss the indictment.

First, Rule 48(b) relates to dismissal of a criminal complaint due to unreasonable delays post-arrest, not pre-arrest as argued here.  A complaint regarding the amount of time between the commission of the crime and the time charges are filed is more appropriately brought as a statute of limitations argument.  However, the defendant has no such argument to make in this case because he was charged within the statute of limitations for all offenses.

Responding to any complaint the defendant makes under Rule 48(b), there was no unreasonable post-arrest delay in this case.  As Docket 6:18-mj-00686 reflects, a Criminal Complaint was filed against Torres on November 20, 2018.  Torres was arrested approximately one week later on December 5, 2018.  At defendant's initial appearance on December 6, 2018 he was assigned counsel, the government moved for detention, and a

detention hearing was set for December 10, 2018.  Time is excluded for this period under 18 U.S.C. § 3161 (h)(1)(d) due to the pendency of the detention motion.  On December 10, 2018, the detention hearing was not held, and the defense requested an adjournment of 30 days to review discovery.  A status conference was set for January 11, 2019, and time was excluded until that date under 18 U.S.C. § 3161(h)(7) in the interest of Justice.  On January 11, 2018, the defense requested an additional two week adjournment to receive additional voluntary discovery, a status conference was set for January 25, 2019, and time was excluded in the interest of justice.  On January 25, 2018, the case was again adjourned, with a status conference set for February 8, 2019, and time was excluded in the interest of justice.  On February 8, 2019, defendant demanded a preliminary hearing, and the speedy indictment clock began to run.  Less than one week later, on February 14, 2019, the federal grand jury returned the First Superseding Indictment, charging Torres with narcotics conspiracy, possession of firearms in furtherance of drug trafficking, distribution of cocaine, and distribution of heroin.  See Docket 6:18cr6094 at 141.  This is well within the thirty day period to indict set forth in 18 U.S.C. § 3161(b), and there are no grounds for dismissal under Rule 48(b).

      For these reasons, Judge Pedersen properly denied defendant's motion for dismissal under Rule 48.

## **CONCLUSION**

For the foregoing reasons, Torres' motions should be denied.

DATED: Rochester, New York, July 14, 2020.

                                        Respectfully submitted,

                                        JAMES P. KENNEDY, JR.
                                        United States Attorney

By:    s/KATELYN M. HARTFORD
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        500 Federal Building
        Rochester, New York 14614
        (585) 399-3945
        Katelyn.Hartford@usdoj.gov