UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                                Case # 18-CR-6094-FPG
v.
                                                                DECISION AND ORDER
XAVIER TORRES,
                                Defendant.

## INTRODUCTION

Defendant Xavier Torres is charged with narcotics conspiracy, possession of a firearm in furtherance of a drug trafficking crime, maintaining a drug-involved premises, two counts of possession with intent to distribute and/or to distribute cocaine, and three counts of possession with intent to distribute and/or to distribute heroin.  *See* ECF No. 240 (third superseding indictment).  On November 11, 2019, Defendant filed an omnibus motion requesting, *inter alia*, suppression of various evidence, severance, and dismissal of the indictment.  ECF No. 266. Magistrate Judge Mark W. Pedersen denied Defendant's requests for severance and to dismiss the indictment, ECF No. 338, and issued a Report & Recommendation ("R&R") recommending that the suppression requests be denied.  ECF No. 386.  Defendant challenges these rulings.  ECF No. 406.

## LEGAL STANDARD

"The standard of review employed by this Court when considering appeals from the decision of a magistrate judge depends upon whether the challenged order is dispositive or nondispositive."  *New York v. Salazar*, No. 08-CV-644, 2011 WL 1938232, at *4 (N.D.N.Y. Mar. 8, 2011).  Where the matter is nondispositive, the Court reviews the magistrate judge's order to determine whether it is "contrary to law or clearly erroneous."  Fed. R. Crim. P. 59(a); *see also* 28 U.S.C. § 636(b)(1)(A).  "An order is clearly erroneous where a reviewing court is left with the

1

definite and firm conviction that a mistake has been committed," and an order is "deemed contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Salazar*, 2011 WL 1938232, at \*4 (internal quotation marks omitted).

On a dispositive matter—*e.g.*, motions to suppress and to dismiss the indictment—the magistrate judge may only issue an R&R.  28 U.S.C. § 636(b)(1)(B).  A district court reviews those portions of an R&R to which a party has timely objected *de novo*.  Fed. R. Crim. P. 59(b)(3). When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009).  After reviewing the R&R and the objections thereto, a district court "may accept, reject, or modify the recommendation."  Fed. R. Crim. P. 59(b)(3).

## DISCUSSION

Defendant challenges four of Judge Pedersen's rulings and recommendations.  First, he argues that Judge Pedersen erred when he declined to hold a suppression hearing pertaining to the search of a vehicle on February 6, 2016.  *See* ECF No. 406 at 3-9.  Second, Defendant argues Judge Pedersen similarly erred by declining to hold an evidentiary hearing on *Miranda* issues he raised. *Id.* at 9.  Third, Defendant requests that his case be severed from those of his co-defendants.  *Id.* at 9-11.  Fourth, Defendant argues that the indictment should be dismissed due to pre-indictment delay.  *Id.* at 11.  The Court analyzes each issue in turn.

## I.     Suppression Hearing Related to February 6, 2016 Stop

In his omnibus motion, Defendant sought suppression of "[a]ll evidence found during the February 6, 2016 stop."  ECF No. 266 at 6.  The police report indicates that, on February 6, 2016, police officers confronted Defendant in an apartment building in Rochester.  ECF No. 266-2 at 3.

One officer conducted a pat frisk of Defendant, during which he found a car key.  The key opened

a vehicle parked nearby, and officers claimed to have found drugs therein.  *Id.* at 3-4.

Although not originally filed with the omnibus motion, Defendant later supplemented his

suppression request with an affidavit concerning the events of February 6, 2016.  He states as

follows:

> I had two contacts with police in July of 2015 and February of 2016.  During both
> contacts, any statement I made to the police was not voluntary and was made under
> the stress of the respective situations.
>
> In both instances, I did not believe that I was free to leave and believe that I was
> under arrest, despite not receiving Miranda warnings.
>
> On February 6, 2016, I was walking down the street on Burbank Street with Jose
> Rodriguez, and another male.  Jose and I entered 2 Burbank Street where I intended
> to visit with one of the tenants in this apartment building.  I was pulled out of the
> hallway by law enforcement, searched where they acquired a sum of cash off of
> me, and placed in handcuffs.  A key was found on the ground and law enforcement
> searched that vehicle.
>
> I was brought to the police station in Upper Falls and was questioned by law
> enforcement.
>
> The state charges associated with the February 6, 2016 stop were no billed by the
> grand jury.

ECF No. 323 at 1-2.

Unlike the police report—in which police claimed to have found the car key on

Defendant's person—in his affidavit Defendant alleges that the key was found on the ground, and

he does not claim any ownership or possessory right to the searched vehicle or the car key.  In light

of Defendant's assertions, Judge Pedersen concluded that Defendant had failed to establish

standing to challenge the seizure of the key or the search of the vehicle.  ECF No. 386 at 4-5.

In his objection, Defendant argues that officers unlawfully detained him "beyond the parameters of any possible Terry stop" and that Judge Pedersen erroneously "failed to address the basis for the initial stop and whether it was lawful or not."  ECF No. 406 at 3-4.

The Court is not persuaded.  "As the party moving to suppress, defendant bears the burden of establishing his standing"—*i.e.*, that he "had a legitimate expectation of privacy that was violated by the Government's conduct."  *United States v. Loera*, 333 F. Supp. 3d 172, 179 (E.D.N.Y. 2018) (internal quotation marks and brackets omitted).  "This burden is met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge."  *Id.* (internal quotation marks omitted).  The defendant cannot rely on the allegations in a police report to establish standing.  *See United States v. Matthews*, No. 19-CR-178, 2020 WL 2770817, at *1 (W.D.N.Y. Apr. 21, 2020) ("[D]efendants cannot rely on the government's position or theory to establish standing and must instead prove their expectation of privacy as to a particular search.").

In his affidavit, Defendant did not claim to have any interest or expectation of privacy in the car key or the search vehicle.  To the contrary, he appears to disclaim any interest in those items, stating that the key was found not on his person but on the ground.  Based on the state of the record and Defendant's affidavit, Judge Pedersen rightly concluded that Defendant had failed to establish standing to challenge the seizure of the key or the search of the vehicle.  Therefore, a suppression hearing was not warranted.[1]  *See United States v. Quinones*, No. 05-CR-15E, 2005

---

[1] To the extent Defendant is claiming that the allegedly unlawful pat frisk led to the discovery of the key—and thus constitutes the fruit of the poisonous tree—he has not sufficiently developed this theory to justify relief.  According to Defendant's affidavit, officers frisked him without cause and then, separate and apart from that search, found a key on the ground and searched the vehicle.  *See* ECF No. 323 at 1; ECF No. 406 at 7.  Defendant has not articulated a sufficient causal connection between the pat frisk and the discovery of the key to warrant a hearing, let alone suppression.  *See United States v. O'Brien*, 498 F. Supp. 2d 520, 540 (N.D.N.Y. 2007) ("Suppression . . . is not required if . . . the causal link between the illegal conduct and the evidence is attenuated"); *see also United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

WL 2148333, at \*3 (W.D.N.Y. May 24, 2005) ("[A]n affidavit by a defendant which does not sufficiently demonstrate ownership of the car or license from the owner to possess it does not establish standing or require an evidentiary hearing.").

## II.     Evidentiary Hearing on *Miranda* Issues

In his omnibus motion, Defendant requested suppression of "[a]ny and all statements prior to [his] formal arrest on February 6, 2016" because he was "not properly advised of his rights under Miranda." ECF No. 266 at 9.    Defendant also sought to suppress statements he made to law enforcement during "the July 30, 2015 search" and "his December 2018 arrest." *Id.* at 10.  As discussed above, in his affidavit Defendant makes several allegations related to statements he made to police.  He states he "had two contacts with police in July of 2015 and February of 2016"; that "any statement" he made "was not voluntary" and "was made under the stress of the respective situations"; and that he "did not believe that [he] was free to leave" and did not receive *Miranda* warnings.  ECF No. 323 at 1.  Judge Pedersen concluded that Defendant's claims were too vague to warrant a hearing, and he recommended that Defendant's suppression request be denied.  ECF No. 386 at 8-9.

Defendant now contends that his affidavit was sufficient to justify a hearing on the *Miranda* issues.  The Court disagrees.

"A statement made by the accused during a custodial interrogation is inadmissible at trial unless the prosecution can establish that the accused in fact knowingly and voluntarily waived [his *Miranda*] rights when making the statement."  *United States v. Taylor*, 745 F.3d 15, 23 (2d Cir. 2014) (internal quotation marks omitted).  "By custodial interrogation," courts mean "questioning initiated by law enforcement officers after a person has been taken into custody."  *United States v.*

*Familetti*, 878 F.3d 53, 57 (2d Cir. 2017).  "A person must both be 'in custody' and subject to 'interrogation' for *Miranda* safeguards to apply."  *Id.*

A court need only hold an evidentiary hearing on a *Miranda* issue "if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact . . . are in question."  *United States v. Perryman*, No. 12-CR-123, 2013 WL 4039374, at *6 (E.D.N.Y. Aug. 7, 2013); *see also United States v. Cook*, 348 F. Supp. 2d 22, 28 (S.D.N.Y. 2004) ("[A] [d]efendant must do more than make the 'bald assertion' of impropriety . . . in order to sustain a request for a suppression hearing.").  Put differently, a party "seeking to raise a factual issue to be determined at a hearing must submit admissible evidence which, if credited, would make out a *prima facie* case on the issue."  *United States v. Ahmad*, 992 F. Supp. 682, 685 (S.D.N.Y. 1998).  "This in turn requires that the issue ordinarily be raised by an affidavit of a person with personal knowledge of the facts."  *Id.*

In *United States v, Mathurin*, 148 F.3d 68 (2d Cir. 1998), the Second Circuit clarified this standard in the context of a motion to suppress due to an alleged *Miranda* violation.  In that case, the defendant sought to suppress certain post-arrest statements he made to officers.  The Second Circuit held that, where the issue is simply whether *Miranda* warnings were given or not, a defendant's averment that he was "never given [his] Miranda warnings" is sufficient to warrant a hearing.  *Mathurin*, 148 F.3d at 70.  The Second Circuit noted that "although the assertion that warnings were not given is conclusory, any statement that a specific event did not occur will normally be conclusory, since it is ordinarily impossible to state all of the facts that show that an event never occurred."  *Id.* at 69 (internal citation omitted).  By contrast, "[t]here are . . . other grounds for suppression that depend not on the occurrence of discrete observable acts but on the characterization of a set of circumstances, such as the existence of probable cause for arrest or the

voluntariness of a statement, as to which a conclusory statement is not sufficient to require a hearing." *Id.* In those circumstances, if the defendant fails to specify the factual basis for his characterization of the events, "the district court is not required to have a hearing." *Id.*

In this case, Judge Pedersen correctly concluded that no hearing was warranted on Defendant's claims that his *Miranda* rights were violated in July 2015 and December 2018. Defendant's affidavit references the July 2015 police "contact" in only the most vague, conclusory terms, and it does not even reference Defendant's December 2018 arrest. There are simply no factual details to support a claim that Defendant was in custody and was subjected to interrogation such that *Miranda* applied: he does not even minimally describe the questions that officers asked, the statements that he made, or the circumstances of the encounters. *See United States v. Hester*, No. 19-CR-324, 2020 WL 3483702, at *11 (S.D.N.Y. June 26, 2020) (no suppression hearing necessary on *Miranda* issue where defendant did not "indicate what statements he contends are at issue or what questions were asked," and did not "offer an affirmation of any individual with *personal knowledge* of what transpired during" the encounter). Furthermore, because the issue of custodial interrogation depends on the characterization of a set of circumstances, it is the sort of issue that requires more than conclusory assertions. *See Mathurin*, 148 F.3d at 69. As to the July 2015 and December 2018 police encounters, Defendant's affidavit did not justify a suppression hearing.

Defendant's affidavit does provide more factual allegations with respect to the encounter with police on February 6, 2016. *See* ECF No. 323 at 1. Still, neither Defendant's affidavit nor his motion papers were sufficiently "definite" or "specific" to enable Judge Pedersen to conclude that there were contested issues warranting an evidentiary hearing. Most noticeably, Defendant failed to identify what statements he contends were elicited in violation of *Miranda*. Even in his

brief to this Court, Defendant does not identify what specific statements he seeks to suppress. That is obviously the fundamental prerequisite for a claim for suppression under *Miranda*. Defendant's vague allusions to "statements allegedly made by the defendant to law enforcement" fail to meet this decidedly minimal burden. ECF No. 266 at 1. Such specificity is necessary because it is only when the relevant statements have been identified that a court can then determine if there are issues of fact concerning whether the statements were made during custodial interrogation, and, therefore, whether an evidentiary hearing is necessary. Indeed, had Defendant given some notice of what exactly he contested, it might be that the government would not dispute the relevant facts or would decline to introduce the statements at trial, obviating the need for a hearing.

Therefore, the Court agrees that no evidentiary hearing is warranted based on Defendant's affidavit.

### III.   Motion to Sever

As previously noted, Defendant is charged with several offenses arising from his alleged involvement in a narcotics conspiracy from 2015 to January 2018. *See generally* ECF No. 240. One of his alleged co-conspirators, Obed Torres Garcia, is charged with attempting to kill federal agents in January 2018 in furtherance of that conspiracy. Two other co-conspirators, Carlos Javier Figueroa and Jonathan Cruz-Carmona, are charged with the murder of an individual in September 2016, also in furtherance of the conspiracy. *Id.* at 6-7.

In his omnibus motion, Defendant argues that these charges—in which he is not alleged to be directly involved—create an "obvious" risk of spillover prejudice. ECF No. 271 at 38. He therefore requests that the Court sever the violent charges or the other co-defendants so as to ameliorate the prejudice. Judge Pedersen denied Defendant's request.

"Rule 14(a) grants the court discretion to sever the trials of codefendants where they have been indicted together properly under Rule 8(b), but joinder nonetheless 'appears to prejudice a defendant or the government.'" *United States v. Forde*, 699 F. Supp. 2d 637, 640 (S.D.N.Y. 2010). "A defendant seeking severance pursuant to Rule 14(a) must overcome the strong presumption in favor of trying jointly indicted defendants together." *Id.* at 640-41; *see also United States v. Weaver*, No. 13-CR-120, 2014 WL 173480, at *1 (E.D.N.Y. Jan. 10, 2014).

"In evaluating a defendant's Rule 14(a) motion, courts must consider that separate trials of jointly indicted defendants could impair both the efficiency and the fairness of the criminal justice system by requiring that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying." *Forde*, 699 F. Supp. 2d at 641 (quotation omitted). Furthermore, "jointly trying [co-]defendants serves the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* (internal quotation marks and brackets omitted).

A motion for severance should only be granted if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Weaver*, 2014 WL 173480, at *1 (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Factors include "the number of defendants and the number of counts; the complexity of the indictment; the estimated length of the trial; disparities in the amount or type of proof offered against the defendants; disparities in the degrees of involvement by defendants in the overall scheme; possible conflict between various defense theories or trial strategies; and, especially, prejudice from evidence admitted only against co-defendants but which is inadmissible or excluded as to a particular defendant." *United States v. Locascio*, 357 F. Supp. 2d 536, 543 (E.D.N.Y. 2004). Ultimately, however, "Rule 14 leaves the

9

determination of risk of prejudice and any remedy that may be necessary to the sound discretion

of the district courts." *Zafiro*, 506 U.S. at 541.

The Court agrees with Judge Pedersen that severance is not appropriate in these

circumstances. Under Count 1 of the third superseding indictment, Defendant is alleged to have

been involved in a narcotics conspiracy from 2015 through January 29, 2018. It is alleged that

during and in furtherance of that conspiracy, two of Defendant's co-conspirators murdered a rival

drug dealer in 2016 (Count 9), while another shot at and attempted to kill federal agents executing

a search warrant at a house used by the conspirators (Counts 6 and 7). *See* ECF No. 1 at 28; ECF

240 at 4-5, 6-7; ECF No. 389 at 3-4. Although Defendant is not alleged to have been directly

involved in either of these acts, they are acts that were allegedly performed during and in

furtherance of the conspiracy.

For that reason, these violent acts do not give rise to the sort of prejudice that justifies

severance. Spillover prejudice "occurs in joint trials when proof *inadmissible* against a defendant

becomes a part of his trial solely due to the presence of co-defendants as to whom its admission is

proper." *United States v. Mahaffy*, 446 F. Supp. 2d 115, 121 (E.D.N.Y. 2006) (emphasis added).

By contrast, even though Defendant was not directly involved in them, the violent acts would be

admissible against Defendant because he was part of the conspiracy when they were committed,

and "all the evidence admitted to prove [a] conspiracy, even evidence relating to acts committed

by co-defendants, is admissible against the defendant." *United States v. Salameh*, 152 F.3d 88,

111 (2d Cir. 1998); *see also United States v. Villegas*, 899 F.2d 1324, 1347 (2d Cir. 1990) ("Since

each of these four defendants was charged with being a member of the cocaine manufacturing

conspiracy and there was sufficient evidence to connect each with the conspiracy, all of the

evidence as to each of the other defendants' acts in furtherance of the conspiracy was admissible

against each of them."). Thus, there is little risk of spillover prejudice. *See United States v. Larson*, No. 07-CR-304, 2012 WL 124853, at *2 (W.D.N.Y. Jan. 17, 2012) ("[C]laims of prejudicial spillover rarely succeed . . . in the context of conspiracy cases because the evidence could be admitted in the separate trials."). In addition, the mere fact that there may be differing "levels of culpability and proof" as between Defendant and his co-conspirators is insufficient to justify severance; such differences "are inevitable in any multi-defendant trial." *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003). Finally, even if there were some risk of prejudice, Defendant offers no reason why a limiting instruction would be insufficient to cure any undue prejudice. *See United States v. Estevez Gonzalez*, No. 19-CR-123, 2020 WL 1809293, at *5 (S.D.N.Y. Apr. 9, 2020) ("Courts presume that jurors obey limiting instructions.").

Therefore, the Court agrees with Judge Pedersen that severance is not warranted.[2]

## IV.    Dismissal of Indictment

Defendant requests that the indictment be dismissed due to pre-indictment delay, which "resulted in the lost [sic] of contacts with witnesses who would be helpful to [his] defense." ECF No. 406 at 11.

Pre-indictment delay "may amount to a due process violation" in "certain limited circumstances," but the defendant "carries a heavy burden of showing," *inter alia*, that the delay "actually prejudiced his ability to defend himself at trial." *United States v. Brown*, No. 18-CR-6119, 2020 WL 2602082, at *7 (W.D.N.Y. May 22, 2020) (internal quotation marks omitted). "The proof of the prejudice must be definite and not speculative, and the defendant must

---

[2] In passing, Defendant states that it is "unclear whether any statements offered by the government at the trial from co-defendants will implicate confrontation and *Bruton* concerns." ECF No. 406 at 10. That undeveloped and speculative argument does not entitle Defendant to relief. *See United States v. Hawit*, No. 15-CR-252, 2017 WL 2271352, at *9 (E.D.N.Y. May 22, 2017) (rejecting motion for severance based on *Bruton* concerns where defendant did not identify "a single out-of-court statement made by a [d]efendant that implicates another [d]efendant in the charged crimes or any other criminal activity").

demonstrate specifically how the loss of evidence is prejudicial." *Id.* (internal quotation marks omitted).

Here, in none of Defendant's papers does he specifically identify which witnesses he has had difficulty locating or describe the evidentiary value of their testimony. He merely alleges, without elaboration, that the pre-indictment delay "has resulted in difficulty in locating or producing witnesses in support of the defendant's case." ECF No. 271 at 36; *see also* ECF No. 266 at 37; ECF No. 406 at 11. That sort of conclusory allegation is insufficient to meet Defendant's heavy burden. *See Brown*, 2020 WL 2602082, at \*7 (denying motion to dismiss due to pre-indictment delay where defendant merely alleged that "unspecified witnesses" were "unavailable" but did not demonstrate their testimony would aid his defense). Judge Pedersen correctly denied Defendant's request to dismiss the indictment.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Pedersen's R&R (ECF No. 386) in all respects, and AFFIRMS his rulings on severance and dismissal of the indictment (ECF No. 338). Defendant's omnibus motion (ECF No. 266), as it pertains to those issues, is DENIED.

IT IS SO ORDERED.

Dated: July 22, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

12