IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                                                    18-CR-6094FPG

             v.

CARLOS JAVIER FIGUEROA a/k/a Javi
a/k/a Big Bro,
XAVIER TORRES a/k/a Pistolita, and
JEAN KARLOS PIZARRO, a/k/a Yankee,

                    Defendants.

_____

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through its attorneys, James P. Kennedy, Jr.,

United States Attorney for the Western District of New York, Robert A. Marangola, Assistant

United States Attorney, of counsel, hereby files its proposed jury instructions, and requests

leave to submit such other instructions as may be appropriate prior to or at the close of the

evidence.

DATED:        Rochester, New York, October 27, 2020.

                              JAMES P. KENNEDY, JR.
                              United States Attorney

                    By:    s/ROBERT A. MARANGOLA
                           Assistant United States Attorney
                           United States Attorney's Office
                           Western District of New York
                           100 State Street, Suite 500
                           Rochester, New York 14614
                           (585) 263-6760, ext. 23980
                           Robert.Marangola@usdoj.gov

# INDEX

| REQUEST NO. | | PAGE NO. |
|---|---|---|
| 1 | Intent: "Unlawfully", "Willfully", "Intentionally", And "Knowingly" Defined | 4 |
| 2 | Count 1: Narcotics Conspiracy, 21 U.S.C. § 846 | 6 |
| 3 | Elements of Conspiracy | 8 |
| 4 | Existence of Conspiracy | 10 |
| 5 | Membership in the Conspiracy | 16 |
| 6 | Time of Conspiracy | 19 |
| 7 | Acts and Declarations of Co-Conspirators | 20 |
| 8 | Counts 2 and 10: 18 U.S.C. § 924(c)(1) | 22 |
| 9 | Elements of Offense | 23 |
| 10 | Commission of the Predicate Crime | 24 |
| 11 | Knowing Possession, Brandish and Discharge of Firearms in Furtherance of the Predicate Crime and Knowing Use, Carrying, Brandishing, and Discharge of Firearms During and in Relation to the Predicate Crime | 25 |
| 12 | Count 9: 18 U.S.C. § 924(j)(1) | 28 |
| 13 | Elements of the Offense | 29 |
| 14 | Commission of the Predicate Crime | 30 |
| 15 | Knowing Use, Carry, Possession and Discharge of a Firearm During and in Relation to, and in Furtherance of, the Commission of the Predicate Crime | 31 |
| 16 | Causing Death Through Use of a Firearm | 33 |
| 17 | Murder | 35 |
| 18 | Counts 3, 11-13, 15, 16, 18, 20: 21 U.S.C § 841(a)(1) | 36 |
| 19 | Elements of the Offense | 37 |
| 20 | Cocaine and Heroin – Controlled Substances | 38 |
| 21 | Possession of Cocaine and Heroin | 39 |
| 22 | Amount of Controlled Substance | 40 |
| 23 | Definition of Possession | 41 |
| 24 | Knowledge that the Drugs were Narcotics | 43 |
| 25 | Method of Proving Knowledge | 44 |
| 26 | Intent to Distribute | 45 |
| 27 | Counts 4, 17, 19 and 21: 21 U.S.C. § 856(a)(1) | 47 |
| 28 | Elements of the Offense | 49 |
| 29 | Using or Maintaining a Premises | 50 |
| 30 | Purpose | 51 |
| 31 | Knowledge | 52 |
| 32 | Count 5: 18 U.S.C. § 924(c)(1) | 53 |
| 33 | Elements of the Offense | 54 |
| 34 | Commission of the Predicate Crime | 55 |

35    Knowing Possession of a Firearm in Furtherance of the Predicate Crime  ...56
36    Aiding and Abetting - Elements  ...............................................................58
37    Aiding and Abetting – Difference From Conspiracy  ...............................62
38    Guilt of Substantive Offense – Pinkerton Charge.......................................63
39    Accomplices Called by the Government  ....................................................65
40    Law Enforcement Witness .........................................................................67
41    Testimony of Expert Witnesses ................................................................68
42    Use of Undercover Agents and Informants ...............................................69
43    Particular Investigative Techniques not Required.......................................70
44    Persons not on Trial..................................................................................71
45    Variance - Dates.......................................................................................72
46    Special Verdict – Counts 1, 2, 3, 9 and 10  .............................................73
47    Proposed Special Verdict – Counts 1, 2, 3, 9 and 10  .................................75

**REQUEST NO. 1**

**INTENT: "UNLAWFULLY," "WILLFULLY," "INTENTIONALLY"
AND "KNOWINGLY" DEFINED**

You will hear in the Third Superseding Indictment that the defendants are charged with having committed an offense "unlawfully," "willfully" or "intentionally", and "knowingly."   I will now define each of these terms for you.

"Unlawfully" simply means contrary to law.

A person acts "intentionally" if he acts purposely and deliberately, and not because of ignorance, mistake, accident or some other innocent reason.

A person acts "knowingly" if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.

A person acts "willfully" if he acts voluntarily and intentionally and with a purpose to do something the law forbids -- in other words, with a bad purpose either to disobey or to disregard the law.

Knowledge and intent are matters which exist in the mind.   Science has not yet devised a way to permit us to enter into a person's mind and to know exactly what he thinks. Therefore, knowledge and intent are rarely, if ever, proven by direct evidence.   Rather, they are matters of inference, to be determined by an examination of all of the surrounding facts and circumstances.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after

4

its occurrence.   Frequently, the acts of an individual tell us more about his intentions than do his words.

Accordingly, intent and knowledge are usually established by the surrounding facts and circumstances, as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from those facts, circumstances and events.   You should apply your common sense and draw such reasonable inferences as may be warranted by the facts proved to your satisfaction.   In determining these issues, you may consider any statements which the defendants made and acts which he did or failed to do, together with all of the other facts and circumstances in evidence which reasonably relate to a determination of his state of mind.

Adapted from Sand, *et al., Modern Federal Jury Instructions*, Instructions 3A-1, 3A-3 and 3A-4, ¶ 3A.01, Instruction 6-17, ¶ 6.06; *Ratzlaf v. United States*, 510 U.S. 135 (1994); *United States v. Dorge*, 961 F.2d 1030 (2d Cir. 1992).

**REQUEST NO. 2**

**COUNT 1 - NARCOTICS CONSPIRACY (21 U.S.C. § 846)**
**GENERAL INSTRUCTIONS**

Count 1 of the Third Superseding Indictment charges defendants CARLOS JAVIER FIGUEROA, XAVIER TORRES and JEAN KARLOS PIZZARO with participating in a conspiracy to violate the drug laws of the United States, in violation of Title 21, United States Code, Section 846.   Count 1 reads as follows:

[The Court is respectfully requested to read Count 1
of the Third Superseding Indictment]

The essence of the crime of conspiracy is an agreement or understanding between two or more persons to violate some other law or laws -- in this case, the laws pertaining to possession with the intent to distribute, and the distribution of, coaine and heroin.

A conspiracy is sometimes referred to as a partnership in crime because it involves collective or organized action.   It presents a greater potential threat to the public interest than the illegal activity of a single individual, since it often makes possible the attainment of ends more complex than those which an individual acting alone could accomplish, increases the likelihood that the criminal object will be successfully realized, and renders detection more difficult.   It is for these reasons that Congress has authorized conspiracy to be charged as a crime in itself, entirely separate and distinct from the violations of law which may be the object of the conspiracy.

6

The commission of the crime itself, as distinguished from an agreement to commit the crime, is called a substantive offense.   If a conspiracy exists to violate a federal drug law, as charged in Count 1 of the Third Superseding Indictment, even if it should fail in its purpose, it is still punishable independently of the substantive offense, and there is no need that the government prove an actual violation of the laws pertaining to the possession with the intent to distribute, and the distribution of, cocaine and heroin in order for you to find that the offense of conspiracy has been proven.

In other words, a conspiracy to violate the laws may be proven even though the specific substantive offenses are not.   Of course, the fact that the conspiracy charged is separate from the substantive charges does not preclude you from considering proof of actual violations as evidence that a conspiracy existed.   Indeed, the government contends in this case that it has introduced evidence of actual violations demonstrating the conspiracy charged in the Third Superseding Indictment.

Adapted from L. Sand, *et al., Modern Federal Jury Instructions*, Instructions 19-1 and 19-2, § 19.01; the charge of the Honorable David G. Larimer in *United States v. Williams*, 99-CR-6072L (W.D.N.Y. 2001), *aff'd*, 385 F.3d 127 (2d Cir. 2004), and from the charge of the Honorable Leonard B. Sand in *United States v. Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).

*See also United States v. Jackson*, 335 F.3d 170, 181 (2d Cir. 2003) ("[T]he essence of the crime is what the conspirators agreed to do, rather than what he actually did."); *United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

<u>**REQUEST NO. 3**</u>

<u>**NARCOTICS CONSPIRACY (21 U.S.C. § 846) -**</u>

<u>**ELEMENTS OF CONSPIRACY**</u>

In order to sustain its burden of proof with respect to the allegation of conspiracy, the government must prove beyond a reasonable doubt the following two elements:

<u>First</u>, the existence of the conspiracy charged in Count 1 of the Third Superseding Indictment; that is, an agreement or understanding to violate those provisions of the law which make it illegal to possess with the intent to distribute, and to distribute, cocaine and heroin.

The first element then is:   Did the conspiracy alleged in the Third Superseding Indictment exist?   Was there such a conspiracy?

<u>Second</u>, the government must prove beyond a reasonable doubt that a defendant knowingly became a member of the conspiracy; that is, that he knowingly associated himself with and participated in the alleged conspiracy to distribute or possess with the intent to distribute cocaine and heroin.

8

Now let us separately consider the two elements. First, the existence of the conspiracy; and second, whether a defendant knowingly associated himself with and participated in the conspiracy.

Adapted from the charge of the Honorable David G. Larimer in *United States v. Williams*, 99-CR-6072L (W.D.N.Y. 2001), *aff'd*, 385 F.3d 127 (2d Cir. 2004), and the charge of the Honorable Leonard B. Sand in *United States v. Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).

*See United States v. Shabani*, 513 U.S. 10, 115 S. Ct. 382 (1994) (government need not prove commission of any overt acts in furtherance of conspiracy in violation of 21 U.S.C. § 846); *United States v. Story*, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willfully joining it."); *United States v. Knuckles*, 581 F.2d 305, 311 (2d Cir. 1978); *United States v. Bermudez*, 526 F.2d 89, 94 (2d Cir. 1975).

**REQUEST NO. 4**

**NARCOTICS CONSPIRACY (21 U.S.C. § 846)**

**FIRST ELEMENT - EXISTENCE OF THE CONSPIRACY**

Starting with the first element, what is a conspiracy?  As I mentioned just a few minutes ago, a conspiracy is a combination, an agreement, or an understanding of two or more persons to accomplish by concerted action a criminal or unlawful purpose.  In this instance, the unlawful purposes alleged to be the object of the conspiracy were the possession with the intent to distribute, and the distribution of, cocaine and heroin.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law.   The success of the conspiracy, or the actual commission of the criminal act which is the object of the conspiracy, is not an essential element of that crime.

The conspiracy alleged here is therefore the <u>agreement</u> to distribute or to possess a controlled substance with the intent to distribute, and it is an entirely distinct and separate offense from the <u>actual</u> possession and distribution of a controlled substance.

Now, to establish a conspiracy, the government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.   Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.   It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

10

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, came to a mutual understanding, either spoken or unspoken, to violate the law and to accomplish an unlawful plan.   If you find beyond a reasonable doubt that two or more persons came to such an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the government will have sustained its burden of proof as to this element.

In determining whether there has been an unlawful agreement as alleged, you may consider the actions and the statements of all those you find to be co-conspirators as proof that a common design existed to carry out the criminal purpose.   The old adage, "Actions speak louder than words" applies here.   Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.   When taken all together and considered as a whole, however, those acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy as charged in the Third Superseding Indictment.   In considering this first element, you should consider all of the evidence which has been admitted with respect to the conduct and statements of each alleged co-conspirator and such inferences as may be reasonably drawn from them.   It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish by the means alleged the objectives of the conspiracy.

11

Objectives of Conspiracy

The Third Superseding Indictment here charges two objectives of the conspiracy: namely, distribution of cocaine and heroin, and the possession of cocaine and heroin with the intent to distribute it.   You are instructed, as a matter of law, that cocaine and heroin are controlled substances.   Let me talk to you for a few minutes about the meanings of the terms "distribute" and "possession with intent to distribute."

The word "distribute" means to deliver a controlled substance.   "Deliver" is defined as the actual, constructive or attempted transfer of a controlled substance.   Simply stated, the words distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, controlled substances.

For example, if A tells or orders B to hand over the drugs to C, then A has caused the drugs to be handed over, and therefore has distributed them.

Distribution does not require a sale.   Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs may constitute distribution.   In short, distribution requires a concrete involvement in the transfer of the drugs.

The legal concept of "possession" may differ from the everyday usage of the term, so I will explain it in some detail.

Actual possession is what most of us think of as possession; that is, having physical custody or control of an object.   For example, if someone had drugs on his person, you may find that he had possession of the drugs.   The law recognizes that possession may be sole or

12

joint.   If one person alone possesses a controlled substance, that is sole possession.   It is possible, however, that more than one person can have control over the same drugs.   If this is so, then these people have what is called "joint possession."

A person need not have actual physical custody of an object in order to be in legal possession of it.   If an individual has the ability and the intention to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that item.   An example of this from everyday experience would be a person's possession of items he keeps in a safe deposit box of his bank.   Although the person does not have physical custody of those items, he has the ability and the intention to exercise substantial control over them and so has what is known as constructive possession of them.

Here is another example.   Suppose A is negotiating the price of heroin with B. Standing next to A is C, who has several envelopes of heroin in his pocket.   After a period of negotiation, A directs C to hand over to B a few of the envelopes.   B then hands A some money.   In this situation, you could find that C had possession of the heroin because he had them in his pocket.   However, you could also find that A had possession of the narcotics because of his proximity to the drugs, his association with the person -- C -- in actual possession of them, and his negotiations over price.   This example is not conclusive, but is simply meant to illustrate the notion of constructive possession.

Your decision about a defendant's intention to distribute controlled substances involves a decision about the defendant's state of mind.   It is obviously impossible to directly prove the operation of the defendant's mind.   But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits in the case may enable

you to infer what the defendant's state of mind was.   Since you cannot read the defendant's mind, you must make inferences from his behavior.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is.   Experience has taught us that, frequently, actions speak louder and more clearly than spoken or written words.   Therefore, you may well rely in part on circumstantial evidence in determining a defendant's state of mind.

It is sufficient in determining intent to distribute if you find that a defendant intended to cause or assist the distribution of the drugs.   Basically, what you are determining is whether the drugs possessed were for personal use or for the purpose of distribution.   Often it is possible to make this determination from the quantity of drugs found in a person's possession.

The possession of a large quantity of narcotics does not necessarily mean that a person intended to distribute them.   On the other hand, a person may have intended to distribute narcotics even if he did not possess large amounts of them.   Other physical evidence, such as paraphernalia for the packaging or processing of drugs, can show such intent.   There might also be evidence of a plan to distribute.   You should make your decision whether a person intends to distribute any narcotics in his possession from all of the evidence presented.

The conspiracy count charges that the controlled substances involved were cocaine and heroin.   In this regard, let me instruct you that the purity of the drugs involved is not an element of this crime, so you need not be concerned with that.   You need only find that the co-conspirators agreed to distribute or possess with intent to distribute <u>any</u> quantity of a controlled substance.

14

If you find that the conspiracy, if you have found one to exist, had either of the charged objectives, the illegal purpose element will be satisfied.   However, you must be unanimous as to the objective.   That is, you must all be in agreement with respect to at least one of the alleged objectives of the conspiracy.

Adapted from L. Sand, *et al., Modern Federal Jury Instructions*, Instruction 19-4, § 19.01, and Instructions 56-4, 56-7, 56-9, 56-10 and 56-11, § 56.01; O'Malley, *et al., Federal Jury Practice and Instructions*, §§ 31:04, 64.13 (6th ed.); Title 21, United States Code, Section 812.

Adapted from the charge of the Honorable David G. Larimer in *United States v. Williams*, 99-CR-6072L (W.D.N.Y. 2001), *aff'd*, 385 F.3d 127 (2d Cir. 2004), and the charge of the Honorable Leonard B. Sand in *United States v. Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).

*See United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.   The conspirators need not have agreed on the details of the conspiracy, so long as he have agreed on the essential nature of the plan, and their goals need not be congruent, so long as he are not at cross-purposes") (citations omitted); *United States v. Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators.   Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted).   *See also United States v. Rubin*, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement); *United States v. Cassino*, 467 F.2d 610, 618-19 (2d Cir. 1972)

**REQUEST NO. 5**

**NARCOTICS CONSPIRACY (21 U.S.C. § 846)**

**SECOND ELEMENT - MEMBERSHIP IN THE CONSPIRACY**

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy charged in Count 1 of the Third Superseding Indictment existed, you must next determine the second question, that is, whether a defendant participated in the conspiracy with knowledge of at least some of its unlawful purposes and with the intent to advance one or more of its unlawful objectives.

The government must prove beyond a reasonable doubt that a defendant knowingly and willfully entered into the conspiracy, into the agreement, with a criminal intent, that is, with a purpose to violate the law, and agreed to take part in the conspiracy to further promote and cooperate in its unlawful objectives.

As to this element, the terms "unlawfully" and "willfully" and "knowingly" have already been defined for you and mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy, if you find that a defendant did join the conspiracy, he knew what he was doing; that he took the actions in question deliberately and voluntarily.

It is important for you to note that a defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members or it is otherwise

terminated.   Mere cessation of activities, without more, is not an affirmative act of termination.   So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

It is not necessary that a defendant be fully informed as to the details or full scope of the conspiracy in order to justify an inference of knowledge on his part.   To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.   It is not even necessary that the defendant know every other member of the conspiracy.   In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator.   Nor is it necessary that the defendant receive any monetary benefit from his participation in the conspiracy or have a financial stake in the outcome so long as he in fact participated in the conspiracy in the manner I have explained.

The duration and extent of a defendant's participation has no bearing on the issue of his guilt.   He need not have joined the conspiracy at the outset.   He may have joined it for any purpose at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.   Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.   Some conspirators play major roles, while others play minor roles in the scheme.   An equal role is not what the law requires.   In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy, provided the proof establishes that the defendant, aware of the conspiracy, knowingly associated with it and participated in it.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.   Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.   In other words, knowledge without participation is not sufficient.   What is necessary is that a defendant has participated in the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking.   The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

> Adapted from the charge of the Honorable Leonard B. Sand in *United States v. Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from *Sand, et al., Modern Federal Jury Instructions*, Instruction 19-6, § 19.01.
>
> *See United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. The defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he became a member") (citations omitted). *See also United States v. Miranda-Ortiz*, 926 F.2d 172, 175-76 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy); *United States v. Maldonado-Rivera*, 922 F.2d 934, 960 (2d Cir. 1990) (same); and *United States v. Lanese*, 890 F.2d 1284, 1290 (2d Cir. 1989).
>
> *United States v. Nerlinger*, 862 F.2d 967, 973 (2d Cir. 1988) ("[T]here is no requirement that each member of a conspiracy conspire directly with every other member of the conspiracy." Nor is it dispositively relevant that one defendant concluded his conspiratorial activity before another's participation began. "The jury need not have concluded that the same people were involved throughout the entire period of the conspiracy in order to find one conspiracy.") (citations omitted); *United States v. Jackson*, 335 F.3d 170, 181 (2d Cir. 2003) (a member of a conspiracy is liable for an act he agreed to and intended to commit in furtherance of the conspiracy regardless of whether he ultimately committed the substantive act).

## REQUEST NO. 6

## CONSPIRACY - TIME OF CONSPIRACY

The Third Superseding Indictment alleges that the conspiracy charged in Count 1 existed in or about 2015 through on or about January 29, 2018.   It is not essential that the government prove that the conspiracy started and ended on those specific dates.   Indeed, it is sufficient if you find that in fact the alleged conspiracy was formed and that it existed for some time around the period set forth in the Third Superseding Indictment.

Adapted from the charge of the Honorable John F. Keenan in *United States v. Carrero*, 91 Cr. 365 (S.D.N.Y. 1991).

*See United States v. Shabani*, 513 U.S. 10 (1994) (government need not prove commission of any overt acts in furtherance of conspiracy in violation of 21 U.S.C. § 846).

19

## REQUEST NO. 7

## ACTS AND DECLARATIONS OF CO-CONSPIRATORS

You will recall that I have admitted into evidence against the defendants the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendants.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy.   A conspiracy is often referred to as a partnership in crime.   Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that a defendant was a member of the conspiracy charged in the Third Superseding Indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of the conspiracy, may be considered against the defendant.   This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.   If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against a defendant.

1 L. Sand, *et al., Modern Federal Jury Instructions Criminal*, 19.01, Instruction No. 19-9 (2011).

## REQUEST NO. 8

## COUNTS 2 and 10 - STATUTE DEFINING OFFENSE

## 18 U.S.C. § 924(c)(1)

Defendants CARLOS JAVIER FIGUEROA and XAVIER TORRES are charged in Count 2 with using, carrying, brandishing, and discharging firearms during and in relation to a drug trafficking crime, and possessing, brandishing, and discharging firearms in furtherance of such crime.   Count 2 reads as follows:

> [The Court is respectfully requested to read
> Count 2 of the Third Superseding Indictment]

Defendant CARLOS JAVIER FIGUER is charged in Count 10 with using, carrying, and discharging a firearm during and in relation to a drug trafficking crime, and possessing and discharging a firearm in furtherance of such crime.   Count 10 reads as follows:

> [The Court is respectfully requested to read
> Count 10 of the Third Superseding Indictment]

The statute on this subject is Title 18, United States Code, Section 924(c)(1), the relevant part of which provides:

> [A]ny person who, during and in relation to any …drug trafficking crime … for which person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall [be guilty of a crime].

Adapted from L. Sand, *et al, Modern Federal Jury Instructions*, Instruction 35-76, ¶ 35.12.

## REQUEST NO. 9

## COUNTS 2 AND 10 - ELEMENTS OF THE OFFENSE

The government must prove each of the following elements beyond a reasonable doubt to sustain its burden of proving a defendant guilty of Count 2 and Count 10:

<u>First</u>, that a defendant committed a drug trafficking crime, for which they might be prosecuted in a court of the United States.

<u>Second</u>, that a defendant knowingly possessed or brandished or discharged firearms in furtherance of the drug trafficking crime, or used, carried, brandished, or discharged firearms during and in relation to the commission of the drug trafficking crime charged.

Adapted from L. Sand, *et al., Modern Federal Jury Instructions*, Instruction 35-78, ¶ 35.12; *Harris v. United States*, 536 U.S. 545 (2002); *Smith v. United States*, 508 U.S. 223, 227-28 (1993); *United States v. Moore*, 54 F.3d 92, 101 (2d Cir. 1995).

## REQUEST NO. 10

## FIRST ELEMENT - COMMISSION OF THE PREDICATE CRIME

The first element the government must prove beyond a reasonable doubt for Count 2 and Count 10 is that a defendant committed a drug trafficking crime for which he might be prosecuted in a court of the United States.

The defendants are charged in Count 1 of the Third Superseding Indictment with narcotics conspiracy.   I instruct you that this crime is a drug trafficking crime.   However, it is for you to determine whether the government has proven beyond a reasonable doubt that a defendant committed this crime as charged in Count 1.

L. Sand, *et al, Modern Federal Jury Instructions*, Instruction 35-79, ¶ 35.12; *United States v. Powell*, 469 U.S. 57 (1984) (conviction may stand despite defendant's acquittal of predicate crime; federal criminal law permits inconsistent verdicts); *United States v. Hopkins*, 310 F.3d 145, 152-53 (4th Cir. 2002) (924(c) conviction stands despite inconsistency of verdict).

24

## REQUEST NO. 11

## SECOND ELEMENT - KNOWING POSSESSION, BRANDISH, AND DISCHARGE OF FIREARMS IN FURTHERANCE OF THE PREDICATE CRIME
### and
## KNOWING USE, CARRYING, BRANDISHING, AND DISCHARGE OF FIREARMS DURING AND IN RELATION TO THE PREDICATE CRIME

The second element the government must prove beyond reasonable doubt in connection with Count 2 and Count 10 is that a defendant knowingly possessed, brandished, or discharged firearms in furtherance of the commission of the predicate crime, or knowingly used, carried, brandished, or discharged firearms during and in relation to the predicate crime.

A "firearm" is any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

In order to prove that a defendant **used** a firearm, the government must prove beyond a reasonable doubt an active employment of the firearm by the defendant during and in relation to the commission of the drug trafficking crime.  This does not mean that the defendant must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon.  **Brandishing**, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm.   However, the mere possession of a firearm at or near the site of the crime without active employment as I just described it is not sufficient to constitute a use of the firearm.

In order to prove that a defendant **carried** a firearm, the government must prove beyond a reasonable doubt that the defendant had the weapon within his control in such a way that it furthered the commission of the drug trafficking crime or was an integral part of

25

the commission of the crime.   The defendant did not necessarily have to hold the firearm physically, that is, have actual possession of it on his person.   If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm in such a way that it furthered the commission of the drug trafficking crime, you may find that the government has proven that the defendant carried the weapon.

As I mentioned earlier, the term **possess** means to exercise authority, dominion or control over something.   The law recognizes different kinds of possession.   In that regard, possession includes both actual and constructive possession.

A person who has direct physical control of something on or around his person is then in **actual possession** of it.

A person who is not in actual possession, but who has both the power and the intention to exercise control over something, is in **constructive possession** of it.

Whenever the term "possess" is used in these instructions, it means either actual or constructive possession.

The law also recognizes that possession may be sole or joint.   If one person alone possesses it, that is sole possession.   However, it is possible that more than one person may have the power and intention to exercise control over a firearm.   This is called **joint possession**.   If you find that a defendant had such power and intention, then he possessed a firearm under this element even if he possessed it jointly with another.   Proof of ownership of the firearm is not required.

The term "**in furtherance of**" means in the act of furthering or helping forward, promoting, advancing or assisting.   The mere presence of a firearm in the area where a criminal act occurs is not sufficient.   Rather, the government must prove that the firearm was possessed to advance or promote the specified criminal activity.

In deciding whether the government has proven that a firearm was possessed to advance or promote that criminal activity, you may consider all of the evidence presented.

To satisfy this element, you must also find that a defendant <u>knowingly</u> possessed a firearm.   This means that he possessed the firearm purposely and voluntarily, and not by accident or mistake.   It also means that he knew that the weapon was a firearm, as we commonly use the word.   However, the government is not required to prove that the defendant knew that he was breaking the law.

Adapted from the charge of Judge Charles J. Siragusa in *United States v. Terry Finley*, 99-CR-6018 (W.D.N.Y. 1999), and L. Sand, *et al., Modern Federal Jury Instructions*, Instruction 35-80, ¶ 35.12; *Muscarello v. United States*, 524 U.S. 125 (1998); *Bailey v. United States*, 516 U.S. 137 (1995); *United States v. Brewer*, 36 F.3d 266 (2d Cir. 1994) (no requirement that weapon be introduced into evidence at trial; a witness' testimony that the defendant carried the weapon is sufficient).

## REQUEST NO. 12

## COUNT 9 - STATUTE DEFINING OFFENSE

## 18 U.S.C. § 924(j)(1)

Defendant CARLOS JAVIER FIGUEROA is charged in Count 9 with the murder of Walter Ross through the use of a firearm in the course of using, carrying and discharging firearms during and in relation to a drug trafficking crime, or possessing and discharging a firearm in furtherance of a drug trafficking crime.    Count 9 reads as follows:

[The Court is respectfully requested to read
Count 9 of the Third Superseding Indictment]

The statute on this subject is Title 18, United States Code, Section 924(j)(1), the relevant part of which provides:

A person who, in the course of a violation of [Title 18, United States Code, Section 924(c)] causes the death of a person through the use of a firearm, shall, if the killing is a murder, [be guilty of a crime].

Title 18, United States Code, Section 924(c), in turn, as I told you in connection with Counts 2 and 10, provides in relevant part:

[A]ny person who, in furtherance of any [drug trafficking crime * * * for which the person may be prosecuted in a court of the United States,] possesses a firearm, shall [be guilty of a crime].

Adapted from L. Sand, *et al, Modern Federal Jury Instructions*, Instruction 35-76, ¶ 35.12.

28

**REQUEST NO. 13**

**ELEMENTS OF THE OFFENSE – COUNT 9**

**18 U.S.C. § 924(j)(1)**

The government must prove each of the following elements beyond a reasonable doubt to sustain its burden of proving defendant CARLOS JAVIER FIGUEROA guilty of Count 9:

First, that the defendant committed a drug trafficking crime for which he might be prosecuted in a court of the United States.   In Count 9, the conspiracy charged in Count 1 is specified as that drug trafficking crime.

Second, that the defendant knowingly used, carried or discharged a firearm during and in relation to the drug trafficking crime, or possessed and discharged a firearm in furtherance of the drug trafficking crime.

Third, that in the course of those violations, the defendant caused the death of Walter Ross through the use of a firearm.

Fourth, that the killing of Walter Ross qualifies as a "murder," as I will define that term for you.

Adapted from 18 U.S.C. §§ 924(c) and 924(j); *United States v. Wallace*, 447 F.3d 184, 187 (2d Cir. 2006).

29

## REQUEST NO. 14

## FIRST ELEMENT - COMMISSION OF THE PREDICATE CRIME

## 18 U.S.C. § 924(j)(1)

The first element the government must prove beyond a reasonable doubt is that the defendant committed a drug trafficking crime for which he might be prosecuted in a court of the United States.

In Count 9, the conspiracy to distribute cocaine and heroin and to possess cocaine and heroin with the intent to distribute charged in Count 1 of the Third Superseding Indictment is specified as the drug trafficking crime.   I instruct you that this conspiracy crime is a drug trafficking crime.   However, it is for you to determine whether the government has proven beyond a reasonable doubt that the defendant committed the crime of conspiracy as charged in Count 1.

L. Sand, *et al, Modern Federal Jury Instructions*, Instruction 35-88, ¶ 35.14; *United States v. Powell*, 469 U.S. 57 (1984) (conviction may stand despite defendant's acquittal of predicate crime; federal criminal law permits inconsistent verdicts); *United States v. Hopkins*, 310 F.3d 145, 152-53 (4th Cir. 2002) (924(c) conviction stands despite inconsistency of verdict); *but see United States v. Zhou*, 428 F.3d 361, 378 n.16 (2d Cir. 2005) ("We express no opinion as to whether, in this Circuit under the rule established today, a conviction under § 924 would be sustainable where the defendant could have been--but was not--convicted of the predicate offense.").

30

**REQUEST NO. 15**

**SECOND ELEMENT – USE, CARRY, POSSESS AND DISCHARGE OF A FIREARM DURING AND IN RELATION TO, AND IN FURTHERANCE OF, THE COMMISSION OF THE PREDICATE CRIME**

**18 U.S.C. § 924(j)(1)**

The second element the government must prove beyond a reasonable doubt in connection with Count 9 is that the defendant knowingly used, carried or discharged a firearm during and in relation to the drug trafficking crime, or possessed or discharged a firearm in furtherance of the drug trafficking crime charged in Count 1.   I previously gave you certain definitions in connection with Count 1 that are also applicable in connection with Count 9 and I will repeat them now.

A "firearm" is any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

As I mentioned earlier, the term "**possess**" means to exercise authority, dominion or control over something.   The law recognizes different kinds of possession.   In that regard, possession includes both actual and constructive possession.

A person who has direct physical control of something on or around his person is then in **actual possession** of it.

A person who is not in actual possession, but who has both the power and the intention to exercise control over something, is in **constructive possession** of it.

Whenever the term "possess" is used in these instructions, it means either actual or constructive possession.

The law also recognizes that possession may be sole or joint.   If one person alone possesses it, that is sole possession.   However, it is possible that more than one person may have the power and intention to exercise control over the firearm.   This is called **joint possession**.   If you find that the defendant had such power and intention, then he possessed a firearm under this element even if he possessed it jointly with another.   Proof of ownership of the firearm is not required.

The term "**in furtherance of**" means in the act of furthering or helping forward, promoting, advancing or assisting.   The mere presence of a firearm in the area where a criminal act occurs is not sufficient.   Rather, the government must prove that the firearm was possessed to advance or promote the specified criminal activity.

In deciding whether the government has proven that a firearm was possessed to advance or promote that criminal activity, you may consider all of the evidence presented.

To satisfy this element, you must also find that the defendant <u>knowingly</u> possessed a firearm.   This means that he possessed the firearm purposely and voluntarily, and not by accident or mistake.   It also means that he knew that the weapon was a firearm, as we commonly use the word.   However, the government is not required to prove that the defendant knew that he was breaking the law.

Adapted from the charge of Judge Charles J. Siragusa in *United States v. Terry Finley*, 99-CR-6018 (W.D.N.Y. 1999), and L. Sand, *et al., Modern Federal Jury Instructions*, Instruction 35-89, ¶ 35.14; *Muscarello v. United States*, 524 U.S. 125 (1998); *Bailey v. United States*, 516 U.S. 137 (1995); *United States v. Brewer*, 36 F.3d 266 (2d Cir. 1994) (no requirement that weapon be introduced into evidence at trial; a witness' testimony that the defendant carried the weapon is sufficient).

**REQUEST NO. 16**

**THIRD ELEMENT - CAUSING DEATH THROUGH USE OF A FIREARM**

**18 U.S.C. § 924(j)(1)**

The third element the government must prove beyond a reasonable doubt in connection with Count 9 is that, in the course of knowingly using, carrying or discharging a firearm during and in relation to the drug trafficking crime charged in Count 1, or possessing or discharging a firearm in furtherance of the drug trafficking crime charged in Count 1, the defendant caused the death of Walker Ross through the use of a firearm.

The defendant may be found to have caused the victim's death if his individual conduct was a substantial factor in causing the death.   The defendant's conduct was a substantial factor if it had such an effect in producing the victim's death as to lead a reasonable person to regard the defendant's conduct as a cause of death.   An event such as the victim's death may have had more than one cause.   The government need not prove that the conduct of the defendant was the only cause of death.   The government need only prove that the conduct of the defendant was a substantial factor in causing the victim's death.

Now, in making this determination, you need only find that the victim's death was a sufficiently foreseeable result of the defendant's acts.   You need not find that the defendant

personally shot the victim or that he committed the final, fatal act in the victim's death.   The government need only prove that the conduct of the defendant was a substantial factor in causing the victim's death.

Adapted from the charge of the Honorable Barbara S. Jones in *United States v. Rowe, a/k/a Jackson*, 02-CR-756-01(BSJ) (S.D.N.Y. 2007), *aff'd*, 658 F.3d 145 (2d Cir. 2011).

*See United States v. Ward*, 2012 WL 6116130, at *2 (2d Cir. 2012) (unpublished opinion) (*Pinkerton* liability for violation of 18 U.S.C. § 924(j)(1); "[w]hether a particular substantive crime is foreseeable and in furtherance of the conspiracy is a factual question to be determined by the jury." (citations omitted)).   *See also United States v. Diaz*, 176 F.3d 52, 99-100 (2d Cir. 1999) (person can be liable for first-degree murder pursuant to *Pinkerton*).

# REQUEST NO. 17

# FOURTH ELEMENT – MURDER

# 18 U.S.C. § 924(j)(1)

The fourth element the government must prove beyond a reasonable doubt in connection with Count 9 is that the death of Walker Ross qualifies as a murder.

In considering this element, you should apply the following definition of murder: "Murder is the unlawful killing of a human being with malice aforethought."  Murder includes every killing which is willful, deliberate, or premeditated.

As used in these instructions, the term "malice aforethought" means either to kill another person deliberately and intentionally or to act with callous and wanton disregard for human life.

As used in these instructions, the word "premeditation" means with planning or deliberation.  The passage of time is a factor which you may consider in attempting to determine if the defendant acted with "premeditation."  The amount of time needed for premeditation of a killing can depend on the person and the circumstances.   The time must be long enough after forming the intent to kill, however, for the killer to have been fully conscious of the intent and to have considered the killing.

Adapted from the charge of the Honorable Barbara S. Jones in *United States v. Rowe, a/k/a Jackson*, 02-CR-756-01(BSJ) (S.D.N.Y. 2007), *aff'd*, 658 F.3d 145 (2d Cir. 2011).

Adapted from 18 U.S.C. § 1111; O'Malley, et al., 2A *Federal Jury Practice and Instructions*, §§ 45:16, 45.17 (6th ed. 2013).

## REQUEST NO. 18

## COUNTS 3, 11, 12, 13, 15, 16, 18, 20 - STATUTE DEFINING OFFENSE

## 21 U.S.C. § 841(a)(1)

Counts 3, 18 and 20 of the Third Superseding Indictment charge defendant CARLOS JAVIER FIGUEROA with possession of cocaine and heroin with intent to distribute.

Counts 11, 12 and 13 charge defendant XAVIER TORRES with possession of cocaine and heroin with intent to distribute.

Counts 15 and 16 charge defendants CARLOS JAVIER FIGUEROA and XAVIER TORRES with possession of cocaine and heroin with intent to distribute. Counts 3, 11, 12, 13, 15, 16, 18 and 20 read as follows:

[The Court is respectfully requested to read Counts 3, 11, 12, 13, 15, 16, 18 and 20 of the Third Superseding Indictment]

36

## **REQUEST NO. 19**

## **ELEMENTS OF THE OFFENSE**

## **21 U.S.C § 841(a)(1)**

In order to prove the charges in Counts 3, 11, 12, 13, 15, 16, 18 and 20, the government must establish, beyond a reasonable doubt, each of the following three elements of the crime:

First, that the defendant possessed a controlled substance.

Second, that the defendant knew that he possessed a controlled substance.

Third, that the defendant intended to distribute the drugs.

## REQUEST NO. 20

## COCAINE AND HEROIN- CONTROLLED SUBSTANCES

You are instructed as a matter of law that cocaine and heroin are controlled substances. You must, however, ascertain whether or not the material in question under Counts 3, 11, 12, 13, 15, 16, 18 and 20 of the Third Superseding Indictment were in fact cocaine and heroin.

*C.f.*, Devitt and Blackmar, *Federal Jury Practice and Instructions*, §54.13;   Title 21, United States Code, Section 812; *United States v. Canales*, 91 F.3d 363, 367 (2d Cir. 1996) (crack is a form of cocaine base); *United States v. Jackson*, 968 F.2d 158, 161-62 (2d Cir. 1992) (same).

**REQUEST NO. 21**

**POSSESSION OF COCAINE AND HEROIN**

The first thing you must determine in connection with Counts 3, 11, 12, 13, 15, 16, 18 and 20 is whether a defendant possessed cocaine or heroin.   That is, the government must prove that the substance a defendant is charged with possessing was, in fact, cocaine or heroin. The government may prove this through either direct evidence or circumstantial evidence. An example of direct evidence is the testimony of a chemist who has done a chemical analysis of the material.   Circumstantial evidence would be evidence from which you could infer that the material was cocaine, such as testimony concerning the names used by a defendant to refer to the material or testimony about the material's appearance.   Whether the government relies on direct or circumstantial evidence to prove that the material in issue was cocaine, it must prove so beyond a reasonable doubt.

L. Sand, *et al., Modern Federal Jury Instructions*, Instruction 56-3, ¶ 56.01, p. 56-6.

39

## REQUEST NO. 22

## AMOUNT OF CONTROLLED SUBSTANCE

If you find that the material involved in Counts 3, 11, 12, 13, 15, 16, 18 and 20 was a mixture or substance containing cocaine or heroin, you may, without more, find a defendant guilty.   So long as you find that he knowingly possessed with the intent to distribute some amount of cocaine or heroin, the specific amount involved is unrelated to the issue of whether he is, in fact, guilty.

Adapted from L. Sand, *et al., Modern Federal Jury Instructions*, Instruction 56-4, ¶ 56.01, p. 56-8; *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000); *United States v. Coleman*, 166 F.3d 428, 431 (2d Cir.), *cert. denied*, 526 U.S. 1138 (1999).

<u>**REQUEST NO. 23**</u>

<u>**DEFINITION OF POSSESSION**</u>

As I have instructed you, you must find that a defendant "possessed" the drug specified.   Again, the legal concept of possession may differ from the everyday usage of the term, so I will explain it again in some detail.

**Actual possession** is what most of us think of as possession; that is, having physical custody or control of an object.   For example, if you find that the defendant had the drugs on his person, you may find that he had possession of the drugs.

However, a person need not have actual physical custody of an object in order to be in legal possession of it.   If an individual has the ability and the intention to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that item.   An example of this from everyday experience would be a person's possession of items he keeps in a safe deposit box in a bank. Although the person does not have physical custody of those items, he exercises substantial control over them and so has what is known as **constructive possession** of them.

Here is another example.   Suppose A is negotiating the price of heroin with B. Standing next to A is C, who has several envelopes of heroin in his pocket.   After a period of negotiation, A directs C to hand over to B a few of the envelopes.   B then hands A some money.   In this situation, you could find that C had possession of the heroin because he had them in his pocket.   However, you could also find that A had possession of the heroin because of his proximity to the drugs, his association with the person -- C -- in actual

possession of them, and his negotiations over price.   This example is not conclusive, but is simply meant to illustrate the notion of constructive possession.

Possession of drugs cannot be found solely on the ground that a defendant was near or close to the drugs.   Nor can it be found simply because a defendant was present at a scene where drugs were involved, or solely because a defendant associated with a person who does control the drugs or the property where they are found.   However, these factors may be considered by you, in connection with all the other evidence, in making your decision whether a defendant possessed the drugs.

Adapted from L. Sand, *et al., Modern Federal Jury Instructions*, Instruction 56-5, ¶ 56.01, p. 56-9.

## REQUEST NO. 24

## KNOWLEDGE THAT THE DRUGS WERE NARCOTICS

If you find that a defendant possessed the narcotics, you must then determine whether he knew that he possessed narcotics.  The government must prove, beyond a reasonable doubt, that he knew that he possessed narcotics, and that the possession was not due to carelessness, negligence or mistake.  If you find that a defendant did not know that he had narcotics in his possession, or that he did not know that what he possessed was, in fact, a narcotic, then you must find the defendant not guilty.

Although the government must prove that a defendant knew that he possessed narcotics, the government does not have to prove that he knew the exact nature of the drugs in his possession.  It is enough that the government proves that he knew that he possessed some kind of narcotic.

L. Sand, *et al., Modern Federal Jury Instructions*, Instruction 56-8, ¶ 56.01, p. 56-16.

**REQUEST NO. 25**

**METHOD OF PROVING KNOWLEDGE**

Your decision whether a defendant knew the material he possessed was a narcotic involves a decision about his state of mind.   It is obviously impossible to prove directly the operation of a defendant's mind.   But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits in the case may enable you to infer what the defendant's state of mind was.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is.   Experience has taught us that, frequently, actions speak louder and more clearly than spoken or written words.   Therefore, you may well rely in part on circumstantial evidence in determining the defendant's state of mind.

For example, if a defendant was the sole occupant of a room, it is reasonable to conclude that the defendant knew about items in the room.   The defendant's behavior may also indicate knowledge.   It is up to you, based on all the evidence, to determine whether the defendant knew that he possessed narcotics.

L. Sand, *et al, Modern Federal Jury Instructions*, No. 56-9, ¶56.01, p. 56-18.

44

## REQUEST NO. 26

## INTENT TO DISTRIBUTE

To satisfy the third element, the government must prove that a defendant intended to distribute the cocaine or heroin.

To prove this element, the government must prove beyond a reasonable doubt that he had control over the drugs with the state of mind or purpose to transfer them to another person.

The word "distribute" means to deliver drugs.   "Deliver" is defined as the actual, constructive or attempted transfer of drugs.   Simply stated, the words distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, drugs.

For example, if A tells or orders B to hand over the drugs to C, then A has caused the drugs to be handed over, and therefore has distributed them.

Distribution does not require a sale.   Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs may constitute distribution.   In short, distribution requires a concrete involvement in the transfer of the drugs.

The same considerations that apply to your determination whether a defendant knew he possessed narcotics apply to your decision concerning his intention to distribute them. Since you cannot read the defendant's mind, you must make inferences from his behavior.

45

However, you may not convict the defendant unless these inferences convince you beyond a reasonable doubt that he intended to distribute the narcotics.

When I say that you must find that a defendant intended to distribute the narcotics, this does not mean that you must find that he intended personally to distribute or deliver the drugs.  It is sufficient if you find that he intended to cause or assist the distribution of the narcotics.

Basically, what you are determining is whether the drugs in his possession were for his personal use or for the purpose of distribution.   Often it is possible to make this determination from the quantity of drugs.   The possession of a large quantity of narcotics does not necessarily mean that he intended to distribute them.   On the other hand, he may have intended to distribute narcotics even if he did not possess large amounts of them.   There might also be evidence of a plan to distribute.   You should make your decision whether the defendant intended to distribute the narcotics in his possession from all of the evidence presented.

L. Sand, *et al., Modern Federal Jury Instructions*, Instruction 56-13, ¶ 56.01, p. 56-27; C.f., 3 L. Sand, et al, Modern Federal Jury Instructions, No. 56-9, & 56.01, p. 56-22 (2001); 3 L. Sand, *et al, Modern Federal Jury Instructions*, No. 56-10, ¶ 56.01, p. 56-24 (2001).

### REQUEST NO. 27

### COUNTS 4, 17, 19 AND 21 - STATUTE DEFINING OFFENSE

### 21 U.S.C. § 856(a)(1)

Count 4 of the Third Superseding Indictment charges defendants CARLOS JAVIER FIGUEROA and JEAN KARLOS PIZARRO with using and maintaining a place for the purpose of manufacturing, distributing, and using cocaine and heroin.

Count 17 charges defendants CARLOS JAVIER FIGUEROA and XAVIER TORRES with using and maintaining a place for the purpose of manufacturing, distributing, and using cocaine and heroin.

Counts 19 and 21 charge defendant CARLOS JAVIER FIGUEROA with using and maintaining a place for the purpose of manufacturing, distributing, and using cocaine and heroin.

Counts 4, 17, 19, and 21 read as follows:

[The Court is respectfully requested to read Counts 4, 17, 19, and 21 of the Third Superseding Indictment]

The statute on this subject is Title 21, United States Code, Section 856(a)(1), which provides that it shall be unlawful to knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance.

47

I shall instruct you separately on the elements that make out the offense described in each part of the statute.   You may find a defendant guilty if you find that the government has proven all of the elements of the offense described in either part of the statute beyond a reasonable doubt.

Adapted from L. Sand, *et al, Modern Federal Jury Instructions*, Instruction 56-39, § 56.06.

**REQUEST NO. 28**

**COUNTS 4, 17, 19 and 21 - ELEMENTS OF THE OFFENSE**

**21 U.S.C. § 856(a)(1)**

In order to sustain its burden of proof with respect to the allegations in Counts 4, 17, 19, and 21 that a defendant used and maintained a drug-involved premises, the government must prove beyond a reasonable doubt the following three elements:

First, that the defendant permanently or temporarily used or maintained the place described in the Third Superseding Indictment.

Second, that the defendant used or maintained that place for the purpose of manufacturing, distributing or using any controlled substance.

Third, that the defendant acted knowingly.

Adapted from L. Sand, *et al, Modern Federal Jury Instructions*, Instruction 56-40, § 56.06.

## REQUEST NO. 29

## FIRST ELEMENT – USING OR MAINTAINING A PREMISES

The first element which the government must prove beyond a reasonable doubt is that a defendant permanently or temporarily used or maintained the place described in the Third Superseding Indictment.

To "maintain" a place means to exercise significant supervisory control over the activities that occur and the people who are in that place over a period of time.   (For example, a person who owns and resides in a house or apartment exercises such control, while a casual visitor does not.)   In determining whether a defendant maintained the specified place in Counts 4, 17, 19, and 21, you should consider all of the relevant evidence, taking into account such factors as how much control he exercised over the place, the duration of that control, and whether he was responsible for furnishing, repairing, protecting and providing food and other supplies to those at the place.

Adapted from L. Sand, *et al, Modern Federal Jury Instructions*, Instruction 56-41, § 56.06.

**REQUEST NO. 30**

**SECOND ELEMENT – PURPOSE**

The second element which the government must prove beyond a reasonable doubt is that a defendant used or maintained the specified place in Counts 4, 17, 19, and 21 for the purpose of manufacturing, distributing or using any controlled substance.

To establish this element, the government must prove that the drug activity was a significant or principal reason why a defendant maintained the place.   The government is not required to prove that the drug activity was their only purpose in using or maintaining the place, although that would obviously satisfy this element.

Adapted from L. Sand, *et al, Modern Federal Jury Instructions*, Instruction 56-42, § 56.06.

## REQUEST NO. 31

## THIRD ELEMENT – KNOWLEDGE

The third element which the government must prove beyond a reasonable doubt is that a defendant acted knowingly.

As I have mentioned before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

The question of whether a person acted with knowledge is a question of fact for you to determine, like any other fact question.   Direct proof of knowledge is not always available, and such proof is not required.   The ultimate fact of whether someone knew something at a particular time, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Adapted from L. Sand, *et al, Modern Federal Jury Instructions*, Instruction 56-43, § 56.06.

52

## REQUEST NO. 32

## COUNT 5 - STATUTE DEFINING OFFENSE

## 18 U.S.C. § 924(c)(1)

Defendant CARLOS JAVIER FIGUEROA is charged in Count 5 with possessing a firearm in furtherance of drug trafficking crimes.   Count 5 reads as follows:

[The Court is respectfully requested to read
Count 5 of the Third Superseding Indictment]

The statute on this subject is Title 18, United States Code, Section 924(c)(1), the relevant part of which provides:

> [A]ny person who, during and in relation to any … drug trafficking crime … for which person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall [be guilty of a crime].

Adapted from L. Sand, *et al, Modern Federal Jury Instructions*, Instruction 35-76, ¶ 35.12.

**REQUEST NO. 33**

**COUNT 5 - ELEMENTS OF THE OFFENSE**

The government must prove each of the following elements beyond a reasonable doubt to sustain its burden of proving the defendant guilty of Count 5:

First, that the defendant committed a drug trafficking crime for which he might be prosecuted in a court of the United States.

Second, that the defendant knowingly possessed a firearm in furtherance of the drug trafficking crime charged.

Adapted from L. Sand, *et al., Modern Federal Jury Instructions*, Instruction 35-78, ¶ 35.12; *Harris v. United States*, 536 U.S. 545 (2002); *Smith v. United States*, 508 U.S. 223, 227-28 (1993); *United States v. Moore*, 54 F.3d 92, 101 (2d Cir. 1995).

## REQUEST NO. 34

## FIRST ELEMENT - COMMISSION OF THE PREDICATE CRIME

The first element the government must prove beyond a reasonable doubt is that the defendant committed a drug trafficking crime for which he might be prosecuted in a court of the United States.

The defendant is charged in Count 3 of the Third Superseding Indictment with possession of cocaine with intent to distribute, and in Count 4 with maintaining a drug-involved premises.   I instruct you that these are drug trafficking crimes.   However, it is for you to determine whether the government has proven beyond a reasonable doubt that a defendant committed this crime as charged in Count 5.

L. Sand, *et al, Modern Federal Jury Instructions*, Instruction 35-79, ¶ 35.12; *United States v. Powell*, 469 U.S. 57 (1984) (conviction may stand despite defendant's acquittal of predicate crime; federal criminal law permits inconsistent verdicts); *United States v. Hopkins*, 310 F.3d 145, 152-53 (4th Cir. 2002) (924(c) conviction stands despite inconsistency of verdict).

55

**REQUEST NO. 35**

**SECOND ELEMENT - KNOWING POSSESSION OF A FIREARM IN
FURTHERANCE OF THE PREDICATE CRIME**

The second element the government must prove beyond reasonable doubt in connection with Count 5 is that the defendant knowingly possessed a firearm in furtherance of the commission of the predicate crime.

As I mentioned earlier, a "firearm" is any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

The term **possess** means to exercise authority, dominion or control over something. The law recognizes different kinds of possession.   In that regard, possession includes both actual and constructive possession.

A person who has direct physical control of something on or around his person is then in **actual possession** of it.

A person who is not in actual possession, but who has both the power and the intention to exercise control over something, is in **constructive possession** of it.

Whenever the term "possess" is used in these instructions, it means either actual or constructive possession.

The law also recognizes that possession may be sole or joint.   If one person alone possesses it, that is sole possession.   However, it is possible that more than one person may have the power and intention to exercise control over a firearm.   This is called **joint possession**.   If you find that the defendant had such power and intention, then he possessed

56

a firearm under this element even if he possessed it jointly with another.   Proof of ownership of the firearm is not required.

The term "**in furtherance of**" means in the act of furthering or helping forward, promoting, advancing or assisting.   The mere presence of a firearm in the area where a criminal act occurs is not sufficient.   Rather, the government must prove that the firearm was possessed to advance or promote the specified criminal activity.

In deciding whether the government has proven that a firearm was possessed to advance or promote that criminal activity, you may consider all of the evidence presented.

To satisfy this element, you must also find that a defendant <u>knowingly</u> possessed a firearm.   This means that he possessed the firearm purposely and voluntarily, and not by accident or mistake.   It also means that he knew that the weapon was a firearm, as we commonly use the word.   However, the government is not required to prove that the defendant knew that he was breaking the law.

Adapted from the charge of Judge Charles J. Siragusa in *United States v. Terry Finley*, 99-CR-6018 (W.D.N.Y. 1999), and L. Sand, *et al., Modern Federal Jury Instructions*, Instruction 35-80, ¶ 35.12; *Muscarello v. United States*, 524 U.S. 125 (1998); *Bailey v. United States*, 516 U.S. 137 (1995); *United States v. Brewer*, 36 F.3d 266 (2d Cir. 1994) (no requirement that weapon be introduced into evidence at trial; a witness' testimony that the defendant carried the weapon is sufficient).

**REQUEST NO. 36**

**AIDING AND ABETTING – ELEMENTS**

**COUNTS 2, 4, 5, 9, 10, 15, 16, 17, 18, 19, 20 and 21**

You have now heard about the substantive drug and firearm crimes charged against the defendants in Counts 2, 4, 5, 9, 10, 15, 16, 17, 18, 19, 20 and 21 of the Third Superseding Indictment.   I have instructed you on the elements of these offenses.   I would like to say a few words now about the concept of "aiding and abetting" liability.   In Counts 2, 4, 5, 9, 10, 15, 16, 17, 18, 19, 20 and 21, the defendants are charged both as a "principal" -- meaning a person who actually committed the crime charged -- and as an "aider and abettor" -- meaning a person who did not actually commit the crime, but who in some way counseled, advised, or otherwise assisted in the commission of the crime.

The aiding and abetting statute, Section 2 of Title 18 of the United States Code, provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Under this statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for you to find the

defendant guilty.   The statute makes a person responsible for criminal acts which he assists or willfully causes another to perform.

A person who aids or abets another to commit an offense is just as guilty of that offense as if they committed it themselves.

Accordingly, you may find a defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proved that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged.   Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place.   But if you do find that a crime was committed, then you must determine whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly sought by his actions to help make the crime succeed.   To find a defendant guilty as an aider and abettor, the government must prove that a defendant, in some way, facilitated or encouraged the possessing, using, carrying or brandishing of firearms during and in relation to, or in furtherance of, the drug crimes, or facilitated or encouraged the distribution, or possession with intent to distribute, of cocaine and heroin, or facilitated or encouraged the maintaining of a drug-involved premises, or facilitated or encouraged the murder with a firearm in furtherance of a drug trafficking crime.   Participation in a crime is

willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done -- that is to say, with a bad purpose either to disobey or disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that the crime is being committed, or the mere acquiescence of the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.   An aider and abettor must have some interest in the criminal venture.

To sum up -- to determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

> Did he participate in the crime charged as something he wished to bring about?
>
> Did he associate himself with the criminal venture knowingly and willfully?
>
> Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense you have found to have been committed.   If, on the other hand, your answers to this series of questions are "no," then the defendant is not an aider and abettor.

Now, let me tell you what the term "willfully causes" means.   It does not mean that a defendant needs to have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Third Superseding Indictment.

The meaning of the term "willfully causes" can be found in the answers to the following questions:

> First, did the defendant take some action without which the crime would not have occurred?
>
> Second, did the defendant intend that the crime would be actually committed by others?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then a defendant is guilty of the crime charged just as if he had actually committed it.

Adapted from L. Sand, *Modern Federal Jury Instructions*, Instructions 11-1 and 11-2, ¶ 11.01, and Instruction 11-3, ¶ 11.02, and from the charge approved in *United States v. Stanchich*, 550 F.2d 1294 (2d Cir. 1977).   *See also United States v. Giraldo*, 80 F.3d 667 (2d Cir. 1996); *United States v. Labat*, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); *United States v. Clemente*, 640 F.2d 1069 (2d Cir. 1981) (same).

**REQUEST NO. 37**

**AIDING AND ABETTING - DIFFERENCE FROM CONSPIRACY**

One final point:  The elements of aiding and abetting may sound similar to you to those of conspiracy, which I have discussed, but let me now point out the differences between aiding and abetting and conspiracy.

In distinguishing between one who aids and abets and one who enters into a conspiracy to commit a crime, keep in mind that you cannot have aiding and abetting unless you find that a substantive crime has in fact been committed.

As I said to you when we dealt with conspiracy, in a conspiracy you do not have to find that the substantive crime has been committed because it is the agreement itself, the going in with others to commit the crime, along with the other elements of conspiracy which I described, that the law proscribes and says is a crime.

With aiding and abetting, you must first find that the crime has in fact been committed.

Adapted from the charge of the Honorable Kevin T. Duffy in *United States v. Sekou Odinga, et al.*, SSS 82 Cr. 312 (KTD), Tr. 9394-95 (S.D.N.Y. 1983), *aff'd sub nom. United States v. Ferguson*, 758 F.2d 843 (2d Cir. 1985); and from the charge of the Honorable Leonard B. Sand in *United States v. Clemente*, S 79 Cr. 142 (LBS), Tr. 12557-62 (S.D.N.Y. 1980), *aff'd*, 640 F.2d 1069 (2d Cir. 1981). *See also United States v. Grubczak*, 793 F.2d 458, 463 (2d Cir. 1986).

## REQUEST NO. 38

## GUILT OF SUBSTANTIVE OFFENSE - PINKERTON CHARGE

## COUNTS 2-5, 9-13 and 15-21

There is another method by which you may evaluate the possible guilt of the defendants for the substantive crimes charged in Counts 2-5, 9-13 and 15-21 of the Third Superseding Indictment even if you do not find that the government has satisfied its burden of proof with respect to each element of those counts as to the defendants.

If, in light of my instructions, you find, beyond a reasonable doubt, that a defendant was a member of the conspiracy charged in Count 1 of the Third Superseding Indictment, and thus, guilty on the drug conspiracy count, then you may also, but you are not required to, find a defendant guilty of the substantive crimes for which he is charged in Counts 2, 3, 4, 5, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20 and/or 21, provided you find, beyond a reasonable doubt, each of the following elements with respect to the substantive count:

First, that the crimes charged in each substantive count were committed;

Second, that the person or persons you find actually committed the crimes were members of the drug conspiracy you found existed;

Third, that the crimes charged in the substantive counts were committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant was a member of the Count 1 conspiracy at the time the substantive crimes in question were committed; and

Fifth, that the defendant could have reasonably foreseen that the substantive crimes might be committed by his co-conspirators.

63

If you find all five of these elements to exist beyond a reasonable doubt with respect to the substantive counts charged in Counts 2-5, 9-13, and 15-21, then you may find the defendant guilty of that substantive crime charged against him, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to the conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements with respect to the substantive count you are considering, then you may not find a defendant guilty of the substantive crime for which he is charged, unless the government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, the substantive crime charged.

L. Sand, et al., Modern Federal Jury Instructions, Instruction 19-13, ¶ 19.03; *United States v. Pimentel*, 83 F.3d 55, 58-59 (2d Cir. 1996); *United States v. Masotto*, 73 F.3d 1233, 1239-40 (2d Cir. 1996) (a *Pinkerton* instruction may be given as an alternative theory of liability under § 924(c)); *United States v. Harwood*, 998 F.2d 91, 100 (2d Cir. 1993) (giving of *Pinkerton* charge in drug-related prosecution upheld).

*See United States v. Ward*, 2012 WL 6116130, at *2 (2d Cir. 2012) (unpublished opinion) (*Pinkerton* liability for violation of 18 U.S.C. § 924(j)(1); "[w]hether a particular substantive crime is foreseeable and in furtherance of the conspiracy is a factual question to be determined by the jury." (citations omitted)); *United States v. Walker*, 142 F.3d 103, 111, 114 (2d Cir. 1998) (*Pinkerton* liability for violation of 21 U.S.C. § 848(e)(1)(A).   *See also United States v. Diaz*, 176 F.3d 52, 99-100 (2d Cir. 1999) (person can be liable for first-degree murder pursuant to *Pinkerton*).

**REQUEST NO. 39**

**ACCOMPLICES CALLED BY THE GOVERNMENT**

You have heard witnesses who testified that they were actually involved in the conspiracy charged in the Third Superseding Indictment.   There has been a great deal said about the so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them.   It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony.   Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here.   Nor will I repeat all of the arguments made on both sides.   However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether a so-called accomplice would benefit more by lying, or by telling the truth.   Was the testimony made up in any way because he believed or

hoped that he would somehow receive favorable treatment by testifying falsely?   Or did he believe that his interests would be best served by testifying truthfully?   If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth?   Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to any accomplice witness.

Adapted from L. Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instruction 7-5.

**REQUEST NO. 40**

**LAW ENFORCEMENT WITNESS**

You have heard the testimony of law enforcement officials.   The fact that a witness may be employed by a police department or by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instruction 7-16, ¶ 7.01, p. 7-71.

Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instruction No. 3-12, ¶3.01 (2003)(available on Matthew Bender, Authority, electronic database).

67

**REQUEST NO. 41**

**TESTIMONY OF EXPERT WITNESSES**

During the course of this trial, you have heard testimony from the following expert witnesses:   [insert names and descriptions of experts].   Unlike an ordinary witness, an expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and expertise.   Expert testimony is presented on the theory that someone who is experienced and well-versed in some science, profession or calling can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing expert testimony, you may consider the expert's qualifications and opinions, his or her stated reasons supporting his or her opinion, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe witness testimony.   You may give his or her testimony such weight as you feel it deserves.   You may accept his or her opinion or reject it in whole or in part as you believe best.   The determination of the facts in this case rests solely with you.

Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instruction 7-21, & 7.01, p. 7-93; from the charge of the Honorable Milton Pollack in *United States v. Mahler*, 76 Cr. 1047, Tr. at 730 (S.D.N.Y. 1977), *aff'd*, 579 F.2d 730 (2d Cir. 1978); and from the charge of Judge Robert J. Ward in *United States v. Thweatt*, 77 Cr. 553, Tr. 2355-6 (S.D.N.Y. 11/10/77).

**REQUEST NO. 42**

**USE OF UNDERCOVER AGENTS AND INFORMANTS**

There also has been testimony before you with respect to the use of undercover agents and informants. Undercover agents and informants are frequently used by the government to obtain leads and to gain introduction to persons suspected of violating the law.   There are certain types of crimes where, without the use of undercover agents and informants, detection would be extremely difficult.

The government's use of this technique is entirely lawful, so long as a defendant's rights are not violated, and the defendant has not claimed that his rights were violated in this case.

Your personal view on the use of informant's or undercover agents to detect unlawful activities - whether you approve or disapprove - is not to enter into your deliberations in any way.   Let me put it another way.   If you are satisfied beyond a reasonable doubt that a defendant committed the offense charged in the count your are considering, you should find him guilty and the circumstances that the government made use of an informant or undercover agent is irrelevant to your determination.

Adapted from the charge of the Honorable John F. Keenan in *United States v. Carrero*, 91 Cr. 365 (S.D.N.Y. 1991); from Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instruction 5-23, 5.08, p. 5-68.

## REQUEST NO. 43

## PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED

During the trial, you have heard testimony of witnesses and argument by counsel that certain investigative techniques were not used by the government.   You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether a defendant is guilty.   However, you also are instructed that there is no legal requirement that the government use any specific investigative techniques to prove its case.   For example, there is no requirement to attempt to take fingerprints or that it offer fingerprints in evidence. While you are to carefully consider the evidence brought before you by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.   The government is not on trial.   Law enforcement techniques are not your concern.   Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the guilt of the defendants has been proven beyond a reasonable doubt.

Adapted from L. Sand, et al., Modern Federal Jury Instructions, Instruction 4-4, ¶ 4.01, p. 4-24. *See also United States v. Saldarriaga*, 204 F.3d 50 (2d Cir.2000); *United States v. Cheung Kin Ping*, 555 F.2d 1069, 1073 (2d Cir. 1977).

## REQUEST NO. 44

## PERSONS NOT ON TRIAL

You may not draw any inference, favorable or unfavorable, towards the government or the defendants from the fact that any persons in addition to the defendants are not on trial here.   You may also not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adopted from charge of Judge Werker in *United States v. Barnes, et al.*, S 77 Cr. 190 (S.D.N.Y. Nov. 29, 1977).

## REQUEST NO. 45

## VARIANCE - DATES

While we are on the subject of the elements, I should draw your attention to the fact that it does not matter if the Indictment charges that a count occurred on or about a certain date, between in or about certain dates, or between on or about and the evidence indicates that, in fact, it was on another date or between other dates.   The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by testimony or exhibits.

**REQUEST NO. 46**

**SPECIAL VERDICT - COUNTS 1, 2, 3, 9 and 10**

Before I close, I want to address for a moment the verdict form which is being provided to you.

As I have said, Count 1 charges the defendants with conspiracy to possess with intent to distribute, and to distribute, 5 kilograms or more of cocaine and 1 kilogram or more of heroin.   The amount of the controlled substance involved is unrelated to the issue of whether the defendants are, in fact, guilty.   You will note, however, that the verdict form requires that, in the event you determine a defendant to be guilty of the conspiracy charged in Count 1, you must determine whether the weight of the mixture or substance containing cocaine was at least 5 kilograms, at least 500 grams but less than 5 kilograms, or less than 500 grams, and/or at least 1 kilogram of heroin, at least 100 grams but less than 1 kilogram, or less than 100 grams.

Count 2 charges defendants CARLOS JAVIER FIGUEROA and XAVIER TORRES with using, carrying, brandishing, and discharging firearms during and in relation to, and possessing, brandishing, and discharging firearms in furtherance of, a drug trafficking crime. The verdict form also requires that, in the event you determine a defendant to be guilty of the violation charged in Count 2, you must also determine whether the defendant brandished or discharged the firearms.

Count 3 charges defendant CARLOS JAVIER FIGUEROA with possession with intent to distribute 500 grams or more of cocaine.   The amount of the controlled substance

73

involved is unrelated to the issue of whether the defendant is, in fact, guilty.   You will note, however, that the verdict form requires that, in the event you determine the defendant to be guilty of Count 3, you must determine whether the weight of the mixture or substance containing cocaine was at least 5 kilograms, at least 500 grams but less than 5 kilograms, or less than 500 grams.

Count 9 and Count 10 charge defendant CARLOS JAVIER FIGUEROA with using, carrying, and discharging a firearm during and in relation to, and possessing and discharging a firearm in furtherance of, a drug trafficking crime.   The verdict form also requires that, in the event you determine the defendant to be guilty of the violation charged in Count 9 and/or Count 10, you must also determine whether the defendant discharged the firearm.

The verdict form has a place for you to indicate your findings in this regard.

Your verdict with regard to all of the questions that you answer on the verdict sheet must be unanimous.

Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000); *United States v. Orozco-Prada*, 732 F.2d 1076, 1083-84 (2d Cir. 1984).

**REQUEST NO. 47**

**SPECIAL VERDICT FORM – COUNTS 1, 2, 3, 9 and 10**

**JURY VERDICT FORM**

We the jury, return the following verdicts in <u>United States v. Carlos Javier Figueroa, Xavier Torres, and Jean Karlos Pizarro,</u> Docket Number 18-CR-6094FPG.

**COUNT 1**

Conspiracy to possess with intent to distribute, and to distribute, cocaine or heroin in violation of Title 21, United States Code, Section 846.

How do you find as to defendant **CARLOS JAVIER FIGUEROA** on Count 1?

( )  Guilty                         ( )  Not Guilty

If you find defendant CARLOS JAVIER FIGUEROA guilty, proceed to parts (a), (b), (c), and (d).

(a)    We the jury find that the allegation that defendant CARLOS JAVIER FIGUEROA conspired to possess with intent to distribute **cocaine** is:

_____  Proven                    _____  Not Proven

75

If you find that part (a) is proven, then proceed to part "(a)(1)".

(a)(1)   We the jury find that defendant CARLOS JAVIER FIGUEROA conspired to possess with intent to distribute the following amount **cocaine**:

        (mark only one)

        _____   5 kilograms or more

        _____   500 grams or more, but less than 5 kilograms

        _____   less than 500 grams

(b)   We the jury find that the allegation that defendant CARLOS JAVIER FIGUEROA conspired to distribute **cocaine** is:

        _____   Proven        _____   Not Proven

If you find that part (b) is proven, then proceed to part "(b)(1)".

(b)(1)   We the jury find that defendant CARLOS JAVIER FIGUEROA conspired to distribute the following amount **cocaine**:

        (mark only one)

        _____   5 kilograms or more

        _____   500 grams or more, but less than 5 kilograms

        _____   less than 500 grams

(c)     We the jury find that the allegation that defendant CARLOS JAVIER FIGUEROA conspired to possess with intent to distribute **heroin** is:

_____ Proven                    _____ Not Proven

If you find that part (c) is proven, then proceed to part "(c)(1)".

(c)(1)   We the jury find that defendant CARLOS JAVIER FIGUEROA conspired to possess with intent to distribute the following amount **heroin**:

(mark only one)

_____ 1 kilogram or more

_____ 100 grams or more, but less than 1 kilogram

_____ less than 100 grams

(d)     We the jury find that the allegation that defendant CARLOS JAVIER FIGUEROA conspired to distribute **heroin** is:

_____ Proven                    _____ Not Proven

If you find that part "(d)" is proven, then proceed to part "(d)(1)".

(d)(1)   We the jury find that defendant CARLOS JAVIER FIGUEROA conspired to distribute the following amount **heroin**:

(mark only one)

77

_____   1 kilogram or more

_____   100 grams or more, but less than 1 kilogram

_____   less than 100 grams

* * *

How do you find as to defendant **XAVIER TORRES** on Count 1?

( )  Guilty                              ( ) Not Guilty

If you find defendant XAVIER TORRES guilty, proceed to parts (a), (b), (c), and (d).

(a)     We the jury find that the allegation that defendant XAVIER TORRES conspired to possess with intent to distribute **cocaine** is:

_____  Proven                    _____  Not Proven

If you find that part (a) is proven, then proceed to part "(a)(1)".

(a)(1)   We the jury find that defendant XAVIER TORRES conspired to possess with intent to distribute the following amount **cocaine**:

(mark only one)

_____   5 kilograms or more

_____   500 grams or more, but less than 5 kilograms

78

_____   less than 500 grams

(b)    We the jury find that the allegation that defendant XAVIER TORRES

conspired to distribute **cocaine** is:

_____ Proven              _____ Not Proven

If you find that part (b) is proven, then proceed to part "(b)(1)".

(b)(1)   We the jury find that defendant XAVIER TORRES conspired to distribute the

following amount **cocaine**:

(mark only one)

_____   5 kilograms or more

_____   500 grams or more, but less than 5 kilograms

_____   less than 500 grams

(c)    We the jury find that the allegation that defendant XAVIER TORRES

conspired to possess with intent to distribute **heroin** is:

_____ Proven              _____ Not Proven

If you find that part (c) is proven, then proceed to part "(c)(1)".

79

(c)(1)   We the jury find that defendant XAVIER TORRES conspired to possess with intent to distribute the following amount **heroin**:

        (mark only one)

        _____ 1 kilogram or more

        _____ 100 grams or more, but less than 1 kilogram

        _____ less than 100 grams

(d)   We the jury find that the allegation that defendant XAVIER TORRES conspired to distribute **heroin** is:

        _____ Proven        _____ Not Proven

If you find that part "(d)" is proven, then proceed to part "(d)(1)".

(d)(1)   We the jury find that defendant XAVIER TORRES conspired to distribute the following amount **heroin**:

        (mark only one)

        _____ 1 kilogram or more

        _____ 100 grams or more, but less than 1 kilogram

        _____ less than 100 grams

* * *

80

How do you find as to defendant **JEAN KARLOS PIZARRO** on Count 1?

( )   Guilty                              ( ) Not Guilty

If you find defendant JEAN KARLOS PIZARRO guilty, proceed to parts (a), (b), (c), and (d).

(a)      We the jury find that the allegation that defendant JEAN KARLOS PIZARRO conspired to possess with intent to distribute **cocaine** is:

_____ Proven                    _____ Not Proven

If you find that part (a) is proven, then proceed to part "(a)(1)".

(a)(1)   We the jury find that defendant JEAN KARLOS PIZARRO conspired to possess with intent to distribute the following amount **cocaine**:

_____ (mark only one)

_____   5 kilograms or more

_____   500 grams or more, but less than 5 kilograms

_____   less than 500 grams

(b)      We the jury find that the allegation that defendant JEAN KARLOS PIZARRO conspired to distribute **cocaine** is:

_____ Proven                    _____ Not Proven

81

If you find that part (b) is proven, then proceed to part "(b)(1)".

(b)(1)   We the jury find that defendant JEAN KARLOS PIZARRO conspired to distribute the following amount **cocaine**:

        (mark only one)

        _____   5 kilograms or more

        _____   500 grams or more, but less than 5 kilograms

        _____   less than 500 grams

(c)   We the jury find that the allegation that defendant JEAN KARLOS PIZARRO conspired to possess with intent to distribute **heroin** is:

        _____   Proven           _____   Not Proven

If you find that part (c) is proven, then proceed to part "(c)(1)".

(c)(1)   We the jury find that defendant JEAN KARLOS PIZARRO conspired to possess with intent to distribute the following amount **heroin**:

        (mark only one)

        _____   1 kilogram or more

        _____   100 grams or more, but less than 1 kilogram

        _____   less than 100 grams

(d)      We the jury find that the allegation that defendant JEAN KARLOS PIZARRO

conspired to distribute **heroin** is:

\_\_\_\_\_ Proven          \_\_\_\_ Not Proven

If you find that part "(d)" is proven, then proceed to part "(d)(1)".

(d)(1)   We the jury find that defendant JEAN KARLOS PIZARRO conspired to

distribute the following amount **heroin**:

(mark only one)

\_\_\_\_ 1 kilogram or more

\_\_\_\_ 100 grams or more, but less than 1 kilogram

\_\_\_\_ less than 100 grams

83

## COUNT 2

Using and carrying firearms during and in relation to, and possessing in the furtherance of, a drug trafficking crime; in violation of Title 18, United States Code, Section 924(c).

How do you find as to defendant **CARLOS JAVIER FIGUEROA** on Count 2?

( )  Guilty                                    ( )  Not Guilty

If you find defendant CARLOS JAVIER FIGUEROA guilty, proceed to parts "a" and "b".

(a)      We the jury find that defendant CARLOS JAVIER FIGUEROA did brandish firearms during and in relation to, and in furtherance of, a drug trafficking crime:

_____  Proven                              _____  Not Proven

(b)      We the jury find that defendant CARLOS JAVIER FIGUEROA did discharge firearms during and in relation to, and in furtherance of, a drug trafficking crime:

_____  Proven                              _____  Not Proven

* * *

84

How do you find as to defendant **XAVIER TORRES** on Count 2?

(    )   Guilty                    (    )   Not Guilty

If you find defendant XAVIER TORRES guilty, proceed to parts "a" and "b".

(a)     We the jury find that defendant XAVIER TORRES did brandish firearms during and in relation to, and in furtherance of, a drug trafficking crime:

\_\_\_\_ Proven                    \_\_\_\_ Not Proven

(b)     We the jury find that defendant XAVIER TORRES did discharge firearms during and in relation to, and in furtherance of, a drug trafficking crime:

\_\_\_\_ Proven                    \_\_\_\_ Not Proven

## COUNT 3

Possession with intent to distribute cocaine in violation of Title 21, United States Code, Section 841(a)(1).

How do you find as to defendant CARLOS JAVIER FIGUEROA on Count 3?

( )  Guilty                         ( ) Not Guilty

If you find defendant CARLOS JAVIER FIGUEROA guilty, proceed to part (a).

(a)  We the jury find that defendant CARLOS JAVIER FIGUEROA possessed with intent to distribute the following amount cocaine:

        (mark only one)

        _____   5 kilograms or more

        _____   500 grams or more, but less than 5 kilogram

        _____   less than 5 grams

## **COUNT 9**

Using and carrying a firearm during and in relation to, and possessing in the furtherance of, a drug trafficking crime; in violation of Title 18, United States Code, Section 924(c).

How do you find as to defendant CARLOS JAVIER FIGUEROA on Count 9?

(   )   Guilty                           (   )   Not Guilty

If you find defendant CARLOS JAVIER FIGUEROA guilty, proceed to part "a".

(a)       We the jury find that defendant CARLOS JAVIER FIGUEROA did discharge a firearm during and in relation to, and in furtherance of, a drug trafficking crime:

\_\_\_\_   Proven                        \_\_\_\_   Not Proven

87

## COUNT 10

Using and carrying a firearm during and in relation to, and possessing in the furtherance of, a drug trafficking crime; in violation of Title 18, United States Code, Section 924(c).

How do you find as to defendant CARLOS JAVIER FIGUEROA on Count 10?

(   )  Guilty                                         (   )  Not Guilty

If you find defendant CARLOS JAVIER FIGUEROA guilty, proceed to part "a".

(a)      We the jury find that defendant CARLOS JAVIER FIGUEROA did discharge a firearm during and in relation to, and in furtherance of, a drug trafficking crime:

_____  Proven                                 _____  Not Proven

I certify the above verdicts to be true and accurate.

Dated:   May ___, 2021.

_____
JURY FOREPERSON

**(Please remember that your verdict must be unanimous)**

88