UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          vs.                                    NOTICE OF MOTION
                                                      Case #18-CR-06094

XAVIER TORRES a/k/a Pistolita,
                                Defendant.

---

The Defendant, Xavier Torres, by and through his attorney, Maurice J. Verrillo, Esq., moves this Court before the Hon. Frank P. Geraci, Jr., Chief Judge of the Western District of New York, located at the United States Courthouse, 100 State Street Rochester, New York 14614 on the 10th day of November, 2020 at 11 AM for an order granting the following relief, to wit:

A. Striking from the Indictment the reference of the Defendant Xavier Torres as "Pistolita" under Rule 7 of the Federal Rules of Criminal Procedure and in the interest of justice.

B. Precluding the government from referencing the Defendant Xavier Torres as "Pistolita" during the course of the jury trial pursuant to Federal Rules of Evidence 403 and 404.

C. Precluding the government from using tangible evidence, alleged statements of the defendant, and other evidence associated with the John Gonzalez murder against the Defendant Xavier Torres due to the failure of the government to comply with Rule 12(b)(4) of the Federal Rules of Criminal Procedure and to comply with the express directives of Magistrate Judge Jonathan W. Feldman's scheduling order dated June 12, 2019.

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

D. Excluding any photographs or videos of the decedent John Gonzalez during the trial pursuant to FRE 403 .

E. Such other and further relief to this Court seems just and proper.

Dated: November 3, 2020

Yours etc.,

*/s/ Maurice Verrillo*

Maurice J. Verrillo, Esq.
LAW OFFICE OF MAURICE
J. VERRILLO, P.C.
Attorney for the Defendant
Xavier Torres
3300 Monroe Avenue, Suite 301
Rochester, New York 14618
(585) 232-2640

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

vs.  ATTORNEY AFFIDAVIT

XAVIER TORRES a/k/a Pistolita,
                     Defendant.

Maurice J. Verrillo, being duly sworn, deposes and says that:

1. I am an attorney admitted to practice law in the Western District of New York.

2. I am the assigned counsel, for the defendant, Xavier Torres.

3. I execute this affidavit in support of our request for relief set forth in the Notice of Motion.

4. For the sake of clarity, your deponent will address each of the motions in the following order:

MOTION TO STRIKE SURPLUSAGE

5. The Second Superseding Indictment references the defendant's nickname of Pistolita. Said nickname was given to the defendant at a young age based on his interest in cap guns and his enjoyment of wearing cowboy outfits in his youth. Said nickname is not relevant and material to the charges set forth in the indictment.

6. Under Rule 7, "the indictment must be a plain, concise , and definite written statement of the essential facts constituting the offense charged"...

7. A defendant may move to strike surplusage from the indictment pursuant to Federal Rules of Criminal Procedure 7(d).

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

8. The purpose of Rule 7(d) is to protect the defendant against prejudicial allegations of irrelevant fact. United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990).

9. Under FRE 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

10. Evidence cannot be inherently relevant; relevance "exists only as a relation between an item of evidence and a matter properly provable in the case". Advisory Notes to FRE 401.

11. The Second Superseding Indictment repeatedly uses the nickname Pistolita in conjunction with the defendant's name without any indication as to the relevance of that name in relation to the essential elements of the charged offenses.

12. As noted herein, the nickname Pistolita is needless surplusage in the indictment and is prejudicial due to the inferences allegedly associated with that nickname in relation to the claims of violence and uncharged crime of homicide relative to the John Gonzalez shooting.

13. The reference to the nickname repeatedly in the indictment is surplusage and unnecessary in proving the essential elements of the charges, and highly prejudicial to the defendant.

14. Accordingly, the defendant Xavier Torres respectfully moves this Court to strike as surplusage all reference to "Pistolita" in the indictment caption, along with all references in the body of the indictment.

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

## PRECLUSION OF USE OF NICKNAME DURING TRIAL

15. The defendant further requests that the use of the nickname Pistolita during the opening and closing statements, and through any testimony from witnesses be precluded in advance of the trial.

16. It is anticipated that the government will use the nickname Pistolita to reference Mr. Torres throughout this trial.

17. It is objectionable for the government to use a nickname of the defendant for the purpose of establishing a propensity to commit a crime. The defendant's nickname is prejudicial because there can be an inference that he earned this name based on his alleged pattern of violent activity.

18. FRE 404(a)(1) expressly provides that:

> (1) Prohibited uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion, the person acted in accordance with the character or trait.

19. The inference associated with the nickname offered by the government is that the defendant somehow earned his nickname and that he somehow must be involved in criminal activity here.

20. This use of the nickname will adversely affect the defendant's ability to have a fair trial and violates his right to due process of law.

21. The use of the nickname has no relation or relevance to the underlying acts allegedly association with the criminal activity and should be precluded by the court. United States v. Farmer, 583 F.3d 131,146 (2d Cir. 2009).

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

22. Said evidence would constitute improper character evidence under FRE 404(a)(1) and whose prejudice to the defendant would substantially outweigh any benefit or relevance to this case. <u>United States v. Elvin Hill</u>, 658 Fed. Appx. 600 (E.D.N.Y 2016); FRE 403.

<u>PRECLUSION AND SUPPRESSION OF GONZALEZ EVIDENCE</u>

23. On October 23, 2020, your deponent was emailed the discovery on the John Gonzalez homicide, which the government intends to offer as an uncharged crime against Mr. Torres as a part of the conspiracy.

24. This late disclosure raises a number of issues and objections:

    A. This case was commenced against Mr. Torres by complaint on November 30, 2018 and by indictment on February 14, 2019. Docket #1 and #141.

    B. Judge Feldman issued an order on June 12, 2019 at Docket #213 directing all Rule 16th disclosure and all Notice of Intent to offer evidence against the defendant be completed by July 12, 2019.

    C. The Gonzalez discovery was not provided by July 12th, even though the records provided relate to events in June 2016. The Rule 12 notices filed by the government do not address the Gonzalez homicide as a part of their Rule 12(b)(4) disclosures.  Docket No. 95, 152, 163, and 187.

    D. The late disclosure and failure to comply with the requirements of Federal Rules of Criminal Procedure 12, have denied the defense an opportunity to suppress the proffered evidence which includes video evidence, alleged statements of the defendant, and other reports.

25. In light of the lack of compliance by the government, the defendant Xavier Torres

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

respectfully requests that the government be precluded from offering any tangible evidence, video evidence, statements, or other forms of physical or documentary evidence against him at the time of trial.

26. The defendant's ability to defend and confront the claims against him associated with this homicide is prejudiced by the untimely delay in disclosure of the subject evidence.

## SUPPRESSION OF VIDEO/PHOTOGRAPH EVIDENCE

27. As an alternative ground, the defendant respectfully contends that the video of the crime scene where the decedent was found is highly prejudicial and should not be admitted to the trial pursuant to FRE 403.

28. Any benefits associated with the gruesome showing of the decedent's body in a pool of blood is substantially outweighed by the prejudice associated with the video.

29. Your deponent respectfully requests that this matter be addressed and ruled upon in advance of trial.

WHEREFORE, the defendant Xavier Torres respectfully requests that his motion be granted in its entirety.

Maurice J. Verrillo

Sworn to before me this 3rd day of November, 2020.

Notary Public

LUCY ANDERSON BRADO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02BR6318448
QUALIFIED IN MONROE COUNTY
MY COMMISSION EXPIRES JAN 26, 2023

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640