UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        vs.                                  NOTICE OF MOTION
                                                          #18-CR-6094

XAVIER TORRES,
                      Defendant.

---

PLEASE TAKE NOTICE, upon the declaration of Maurice J. Verrillo, Esq., attorney for the defendant Xavier Torres, dated November 25,2020 and upon the exhibits referenced herein, the defendant Xavier Torres shall move this Court , before the Hon. Frank P. Geraci, Jr. , Chief Judge, United States District Court, located at 100 State Street, Rochester New York 14614 on the 4th day of December, 2020 at 12 noon, for an order granting the following relief, to wit:

A. Severing the defendant Xavier Torres from the joint trial of the defendants based on a violation of the defendant's right to confront and cross-examine the government witnesses relative to an alleged oral statement of the defendant on April 10, 2017 in violation of the defendant's Sixth Amendment rights;

B. Directing the government to review and inspect each law enforcement officer who will testify at trial and to produce to the defense a copy of their personnel records;

C. Directing the government to produce all records, contact information, and any other discovery acquired relative to the investigation of Ruben Gonzalez, who was a suspect in the Gonzalez shooting.

D. Granting the defendant's motion to join in all other motions raised by co-defendants in this matter.

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

Dated: November 25, 2020                    Yours etc.,


                                            /s/ Maurice Verrillo
                                            Maurice J. Verrillo, Esq.
                                            LAW OFFICE OF MAURICE
                                            J. VERRILLO, P.C.
                                            Attorney for the Defendant
                                            Xavier Torres
                                            3300 Monroe Avenue, Suite 301
                                            Rochester, New York 14618
                                            (585) 232-2640

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY  14618

(585) 232-2640

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

vs.                                              ATTORNEY DECLARATION
                                                 #18-CR-6094
XAVIER TORRES,
                    Defendant.

MAURICE J. VERRILLO, declares in accordance with 28 U.S.C. Section 1746(2) that:

1. I am an attorney admitted to practice law in the State of New York and am the assigned counsel for Xavier Torres.

2. I execute this affidavit in support of the defendant's motions in light of the recent filing of a Fourth Superseding Indictment.

3. The defendant entered a not guilty plea to the charges brought against him on November 10, 2020.

4. For the sake of clarity, your declarant will address the issues raised in the motion in the following order.

**MOTION TO SEVER THE DEFENDANT.**

5. The government has supplemented its disclosure to the defense since the prior filing and resolution of motions relative to the Third Superseding Indictment.

6. The government submitted its trial memorandum on October 27, 2020. Docket #471.

7. The government advises that it intends to use an oral statement allegedly made by

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

Xavier Torres on April 10, 2017 against him at this joint trial( Exhibit "1")

8. Pertinent portions of the government's memorandum (pages 15-16) follow:

A. "The government also intends to introduce oral statements made by Xavier Torres on April 10, 2017 in the presence of his attorney, John Molloy, Esq. to members of law enforcement in which Torres described his involvement in selling narcotics for Carlos Figueroa's drug organization"

B. " Consistent with Supreme Court and Second Circuit authority, the government intends to edit /redact direct references in Xavier Torres's oral statements to co-defendants Carlos Figueroa and Jean Karlos Pizarro to avoid any Bruton violation".

9. The updated investigative report of Inv. Joseph E. Briganti clearly sets forth the reasons and purpose for the meeting with Mr. Torres, which are inconsistent with the purported reason in the trial memorandum. Page 1 of 3 sets forth the following explanation for the meeting:

"John Molloy explained that "Pistolita" expressed concerns that Javier Figueroa was possibly trying to have him killed. Molloy stated that the purpose of the meeting was to allow "Pistolita" to provide information about Javier's illegal narcotics trafficking network in hopes that the information would assist law enforcement in arresting Carlos Javier Figueroa AKA "Javi" and others".

10. The facts and circumstances associated with why this meeting occurred, its purpose, and its focus on the actions of Figueroa and others is essential to explaining the facts and circumstances surrounding this meeting, under the doctrine of completeness.

11. The defense disputes the government's conclusion that Xavier Torres made a

confession, or intended to implicate himself in the drug trafficking organization allegedly associated with Figueroa yet the government's attempt to restrict the defense from raising this explanation would severely prejudice Xavier Torres in a joint trial.

12. The Sixth Amendment's confrontation clause provides that : "[i}n all criminal prosecutions the accused shall enjoy the right...to be confronted with the witnesses against him". U.S. CONST. amend VI.

13. The alleged statements of Mr. Torres cannot be sanitized in such a way as to preserve Mr. Torres right to confront and cross-examine the witness, presumably Inv. Briganti, while at the same time preserve the co-defendant's Bruton and Crawford objections.

14. The right of cross-examination of government witnesses is fundamental to our criminal justice system Pointer v . Texas, 380 U.S. 400 (1965).

15.. " The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact". Maryland v. Craig, 497 U.S. 836,845 (1990).

16. This right is "one of the safeguards essential to a fair trial". Alford v. United States 282 U.S. 687, 692(1931).

17. A redacted statement which does not include the defendant's explanation as to why he contacted law enforcement "... distorts the meaning of the statement or excludes information substantially exculpatory of the declarant". United States v. Kaminski,

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

692 F.2d 505,522 (8th Cir. 1982). An extensive portion of the statement related to Carlos Figueroa and his activities with others which is critical to having a complete understanding of what transpired during this meeting; this understanding belies the inference that Mr. Torres was confessing to involvement in a conspiracy with Carlos Figueroa. The lack of any proffer agreement with the government while being represented by an experienced criminal defense attorney is also inconsistent with any confession claim.

18. The rule of completeness has been applied to written statements by virtue of FRE 106, and in the case of oral statements, in accordance with FRE 611(a) "which obligates the court to "make the interrogation and presentation effective for the ascertainment of the truth". United States v. Mussaleen, 35 F.3d 692,696 (2d Cir. 1994) citing United States v. Alvarado, 882 F.2d 645,650 n.5 (2d Cir. 1989).

19. If the government insists on using this oral statement of Mr. Torres, then severance would be required in order to preserve and uphold Mr. Torres's right to cross-examine and confront the government witnesses. Kaminski, 692 F.2d at 522.

20.. In light of the foregoing, the defendant Xavier Torres respectfully requests that he be severed from this joint trial, or in the alternative, that the government is precluded from offering evidence relative to the April 10, 2017 meeting at attorney Molloy's office.

## MOTION FOR RELEASE OF PERSONNEL RECORDS

21. The defendant respectfully requests that the government be ordered to inspect and release any favorable evidence to the defense whether it relates to the merits of

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

-6-

this case, or for purposes of impeachment.

22. It is anticipated that a number of state and federal law enforcement officers will be called during this trial.

23. The Ninth Circuit has previously held that the government has a duty to investigate law enforcement files of law enforcement personnel for Brady material. United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).Furthermore, there has been a change in New York state law at it relates to the release of personnel files for state law enforcement, with the repeal of Civil Rights Law Section 50-a.

24. The Supreme Court has held that it is the prosecutor's duty and obligation to "learn of any favorable evidence known to other acting on the government's behalf in the case including the police". Kyles v. Whitley, 514 U.S. 419, 437 (1995).

25. The defense is seeking favorable and exculpatory evidence in this matter which is consistent not only with the disclosure of personnel files under applicable law but also in accordance with the requirements of Brady. The defense seeks the release of said documents in advance of the trial so that we can utilize said documentation for use in cross-examination at trial.

**BRADY DISCLOSURE**

26. The government recently provided disclosure of a report wherein Detective Richard Wagstaff of the Buffalo Police Department reported that a source informed him that the person who committed the Gonzalez crime was Ruben Gonzalez.

27. A copy of the September 20, 2017 report is attached as Exhibit "2".

28. Identifying information regarding Ruben Gonzalez and the complete file relative to law enforcement's investigation of Ruben Gonzalez should be immediately

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

provided as Brady material pursuant to Brady v. Maryland, 373 U.S. 83 (1963)

29. It should also be noted that Investigator Wagstaff is listed as government witness #29 in the government's witness list, Docket #473, dated October 27, 2020. The disclosure indicates that Inv. Wagstaff "will testify as to his involvement in the investigation of the murder of John Gonzalez on June 6, 2016".

30. The defense is in need of full and immediate disclosure associated with the Ruben Gonzalez matter so that we can properly prepare for trial.

**RESERVATION OF RIGHTS**

31. The defendant Xavier Torres joins in all other motions filed by the co-defendants in this case to the extent that they are not inconsistent with his defense.

32. The defendant further reserves the right to supplement his filing of further motions should the facts and circumstances necessitate a further submission.

Dated: November 25, 2020         /s/ Maurice Verrillo
                                 Maurice J. Verrillo, Esq.
                                 Attorney for the Defendant
                                 Xavier Torres
                                 3300 Monroe Avenue, Suite 301
                                 Rochester, New York 14618
                                 (585) 232-2640

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY  14618

(585) 232-2640