UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

               v.                              DEFENDANT'S REQUEST FOR
CARLOS JAVIER FIGUEROA a/k/a            CHARGE
Javi a/k/a Big Bro, XAVIER TORRES         Case No. 14-CR-6136
a/k/a Pistolita, and JEAN KARLOS
PIZARRO, a/k/a Yankee,
                      Defendants.
_____

The defendant, Xavier Torres, by and through his attorney, Maurice J. Verrillo, Esq., for his request for charge to the jury makes the following requests that:

1. That the requests for general instructions set forth in Sands, Modern Federal Jury Instructions Criminal include:

    2-20 Disregard unproven allegations.

    3-1  Indictment is not evidence.

    3-11 Variance.

    6-3  Impermissible to Infer Participation from Mere Presence

    6-4  Impermissible to Infer Participation from Association.

2. The defendant objects to the Pinkerton charge in government's Request #38. The defendant requests that no Pinkerton charge be granted. The Pinkerton charge should not be given automatically or as a matter of course. United States v. Salameh,, 152 F.3d 88 (2d Cir. 1998). The alleged events as proffered by the government raise a substantial risk of prejudice to the defendant namely to raise numerous alleged criminal events, many of which have no relationship to this defendant, so as to infer the existence of a conspiracy, based on different and disparate criminal activities.

United States v. Escobar, 462 Fed. Appx. 58 (2d Cir. 2012).

3. The defendant, Xavier Torres further requests instruction as to the use of so called co-conspirator testimony. The requested charge is as follows:

> The government has called as witnesses people who are named as co-conspirators in this case, or were not charged as defendants. For this reason, you should exercise caution in evaluating their testimony and scrutinize it with great care. You should consider whether they have an interest in the case and whether they have a motive to testify falsely. In order words, ask yourselves whether they have a stake in the outcome of the trial. As I have indicated, their testimony may be accepted by you if you believe it to be true and it is up to you, the jury, to decide what weight, if any, to give to the testimony of these alleged co-conspirators.

See L. Sand, Modern Federal Jury Instructions, No. 7-7.

4. Prior Acts Evidence - Limiting Instruction During the trial:

> You have heard testimony that the defendant Xavier Torres [ summarize prior bad act]. The evidence of other acts was admitted for a limited purpose. You may consider this evidence only for the purpose of deciding whether the defendant had the knowledge or intent necessary to commit the crime charged in the indictment. Do not consider this evidence for any other purpose. Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

Add to jury instructions at the end of trial:

> This entire request from beginning to end the defendant Xavier Torres is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed other acts, he must also have committed the acts charged in the indictment. Remember, the defendant is on trial here for drug related charges and not for these other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY  14618

(585) 232-2640

5.  Limiting Instruction - Use of Nickname

>You have heard evidence that the defendant Xavier Torres is known by the nickname Pistolita. I instruct you that this evidence is admitted only for the limited purpose of identifying the person referenced as Pistolita as being Xavier Torres.  Therefore you must consider it only for that limited purpose and not for any other purpose.
>
>The defendant, Xavier Torres reserves the right to supplement, modify, or amend his requests for charge prior to the submission of the jury charge to the jury.

Dated : February 10, 2021                                    Yours etc.

                                                             /s/ Maurice Verrillo
                                                             Maurice J. Verrillo, Esq.
                                                             Attorney for the Defendant
                                                             Xavier Torres
                                                             3300 Monroe Avenue, Suite 301
                                                             Rochester, New York 14618
                                                                 (585) 232-2640

**LAW OFFICES OF**
**MAURICE J. VERRILLO, P.C.**

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY  14618

(585) 232-2640