IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 18-CR-6094G |
| -v- | **GOVERNMENT'S MOTION TO SEVER** |
| CARLOS JAVIER FIGUEROA a/k/a Javi a/k/a Big Bro | |
| -and- | |
| XAVIER TORRES a/k/a Pistolita, | |
| Defendants. | |

THE UNITED STATES OF AMERICA, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Cassie M. Kocher, Assistant United States Attorney, of Counsel, hereby files its motion in support of severance.

## BACKGROUND

On April 10, 2017, defendant Xavier Torres (hereinafter Torres) in the presence of his attorney, John Molloy, Esq., met with members of law enforcement. During the meeting, Torres described in detail his and others involvement in Carlos Javier Figueroa's drug organization. Among other things, Torres described his involvement in the drug organization, the identities and actions of co-conspirators, the manner in which the drug organization's business was conducted, and the quantities and types of narcotics distributed by the organization. Molloy told law enforcement that Torres was providing the information

1

because Torres believed Carlos Javier Figueroa (hereinafter Figueroa) was trying to kill him.

At a time when there were still three remaining defendants on the case, Torres filed pre-trial motions which included a motion to sever based on potential <u>Bruton</u> issues.[1] (Dkt. 488); <u>Bruton v. United States</u>, 391 U.S. 123 (1968). The government previously opposed the motion to sever (Dkt. #492) and advised the Court and counsel that in eliciting the testimony of Torres' oral statements to law enforcement, it would redact/omit direct references to co-defendant Figueroa. (Dkt. 471, at 15-16). The government now seeks to admit Torres' statement in its entirety and hereby moves to sever the defendants' trials pursuant to Federal Rule of Criminal Procedure 14(a).

## DISCUSSION

The government recognizes that the joinder rules are meant to encourage judicial economy and that joint trials are preferred. This is especially true where the defendants are alleged to have conspired in a common scheme or plan. <u>U.S. v. Fazio</u>, 770 F.3d 160, 166 (2d Cir. 2014), *citing* <u>U.S. v. Salameh</u>, 152 F.3d 88, 115 (2d Cir. 1998). However, in deciding whether to order severance, the court must weigh the potential for prejudice. If a joint trial will prejudice a defendant or the government, the court may sever the defendants and order separate trials. Federal Rule of Criminal Procedure 14(a). One example of when a defendant may be prejudiced by a joint trial, is when a defendant's admission or statement implicates a co-defendant. Admission of such a statement by a non-testifying co-defendant violates a defendant's rights under the Confrontation Clause. <u>Bruton</u>, 391 U.S. 123. To ensure the right to confrontation is not violated, if the matter proceeds in a joint trial, the statement will need

---

[1] After Torres filed his motion to sever, co-defendant Jean Karlos Pizarro entered a guilty plea.

to be redacted to avoid implicating the co-defendant and the court should give a limiting instruction.  Richardson v. Marsh, 481 U.S. 200 (1987).  Another alternative to avoid a Confrontation Clause violation is to prohibit the government from admitting the statement into evidence altogether.

Although the government had previously indicated it would offer a redacted version of Torres' statement, the government now seeks to admit Torres' statements in its entirety.  Admitting Torres' statement in its entirety will violate Figueroa's right to confront witnesses.  In his statement, Torres detailed the operations of a narcotics conspiracy headed by co-defendant Figueroa.  At this point, the government has no indication of whether Torres will testify at trial.  Without Torres' testimony, Figueroa will not be able to cross examine him about the accusatory statements he made to police in April 2017.  In order to ensure neither parties' right to confrontation is violated, severance is therefore warranted.

Separate trials will also not severely impact judicial economy.  Although there will be some overlapping witnesses at both trials, the proof against Torres and Figueroa will differ in many respects.  For example, much of the proof at a trial against Figueroa will include evidence obtained from eavesdropping warrants between December 2017 and January 2018, and will not implicate Torres, as he appears to have left the conspiracy by that time.  Although joint trials are preferred to encourage judicial economy, in the case at hand, separate trials will allow the government to streamline the proof against each defendant and ensure the defendants' rights are not violated.

Finally, the government has confirmed that Torres, who previously requested severance, consents to this motion.

## **CONCLUSION**

In order to permit the government to admit Torres' statement to the police in its entirety, and to avoid any violation of Figueroa's rights under the Confrontation Clause, the government respectfully requests that the Court sever the cases of Figueroa and Torres so they may be tried separately.

DATED:   Rochester, New York, March 3, 2021.

                                              JAMES P. KENNEDY, JR.
                                              United States Attorney


By:   s/CASSIE M. KOCHER
      Assistant United States Attorney
      U.S. Attorney's Office
      Western District of New York
      100 State St.
      Rochester, New York 14614
      (585) 263-6760, ext. 23934
      Cassie.Kocher@usdoj.gov