UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                                                                                                           Case # 18-CR-6094-FPG

v.

                                                                                                                                           PRETRIAL ORDER

XAVIER TORRES a/k/a Pistolita,

                                     Defendant.
_____

This Order controls the conduct of the trial in this case.

**I.**       **SCHEDULE**

A **Jury Trial** will begin on **October 12, 2021 at 8:30 AM**. This date will not be adjourned. Counsel must notify the Court immediately if they resolve this matter before trial. The Court encourages the Government to set a deadline for disposition of the case by plea. This allows for the orderly disposition of cases and avoids needless effort and expense of counsel and the Court.

The **Pretrial Conference** is scheduled for **September 15, 2021 at 3:00 PM.** The trial attorneys and Defendant must be present at the pretrial conference, where the Court and the parties will determine the trial schedule. The Court starts each day of trial at 8:30 AM and runs until 1:30 PM without a lunch break. In some cases, however, the trial schedule may need to be adjusted.

**II.**      **PRETRIAL SUBMISSIONS**

Unless otherwise indicated, the following pretrial submissions MUST BE FILED with the Clerk of the Court and served on opposing counsel **at least TWO WEEKS before the pretrial conference.** THESE REQUIREMENTS ALSO APPLY TO ANY ADJOURNED TRIAL DATE OR PRETRIAL CONFERENCE DATE.

      **1.**       *Voir Dire* **Preparation**

All parties must submit the name, firm name, and business address of the trial attorney(s) and the names of any assistants that will be in court at counsel's table.

Each Defendant must submit the Defendant's full name and address.

The Government and each Defendant must submit a list of its prospective witnesses that includes the following:

    (A)    The full name of the witness.

    (B)    The occupational association of the witness, *e.g.*, FBI, Monroe County Sheriff's Department, victim teller at bank.

    (C)    The address of witness—city and state.

    (D)    A brief statement of the subject matter the witness is expected to testify to (*e.g.*, John Doe, chemist who analyzed drugs; Mary Smith, victim teller at Marine Midland Bank).

The Court will conduct *voir dire* by asking the panel a series of questions. The parties may submit a list of proposed questions they wish the Court to ask the panel. Failure to do so waives requests by that party. After the Court asks its questions, there will be a sidebar discussion to allow counsel to suggest follow-up questions.

**2.**      **Jencks Act, 18 U.S.C. § 3500**

Section 3500 material should be exchanged according to a previously established schedule, but it must be exchanged **at least TWO WEEKS before the pretrial conference**. This avoids lengthy trial delays and affords the defense a reasonable opportunity to review this material.

**3.**      **Exhibit Lists and Exhibits**

The Government must file an exhibit list on forms supplied by the Clerk's Office that briefly describes each proposed exhibit. This list must include all exhibits that the Government intends to use in its case-in-chief. Defendant must file an exhibit list containing those exhibits he

expects to introduce in his direct case. The exhibit list must also include exhibits that the attorneys anticipate using during cross-examination for impeachment, to refresh a witness' recollection, etc.

All exhibits must be numbered. The Government will use numbers 1 through 399, and Defendant will use numbers 400 through 699. All exhibits on the exhibit lists must be physically tagged and marked with the appropriate stickers before the trial starts.

4.  **Stipulations**

The parties should consider appropriate stipulations as to undisputed facts or testimony. If the Government wishes to present proof by stipulation, it must submit proposed stipulations of fact or testimony to opposing counsel before trial and request that Defendant consent. Defendant must notify the Government as soon as possible whether it agrees to the proposed stipulations. The parties do not have to file proposed stipulations with the Court as part of the pretrial submissions.

5.  **Impeachment of Witnesses Under Fed. R. Evid. 608 and 609**

The Government and Defendant must file a notice if they intend to impeach any witness—including the Defendant, should he choose to testify—by character evidence or specific instances of conduct, under Rule 608, or by prior conviction evidence, under Rule 609.

The notice should include the nature of the proposed impeachment evidence, including the dates of the prior acts or convictions, and legal citations. The notice should also include copies of relevant exhibits sought to be introduced.

6.  **Evidence of Other Crimes, Wrongs, or Acts Under Fed. R. Evid. 404(b)**

The Government must file a notice if it intends to introduce evidence of other crimes, wrongs, or acts under Rule 404(b), whether in its case-in-chief or as rebuttal evidence. The notice must describe the specific nature of any such evidence, including the dates of the prior crimes, wrongs, or acts, the specific purpose(s) under Rule 404(b) for which the evidence is being

3

introduced, and include citation to relevant case law. The notice must include copies of any relevant exhibits sought to be introduced.

### 7. Tapes and Transcripts

Unless the Court orders otherwise, the Government must provide the Court and opposing counsel with the final version of any transcripts of electronic eavesdropping or monitoring tapes that it intends to submit to the jury. Transcripts do not have to be filed with pretrial submissions. Defendant must file objections to the transcripts or move against them by following the procedures set forth in paragraph 9.

### 8. Expert Testimony

The parties must comply with all of the expert disclosure requirements of Fed. R. Crim. P. 16(a)(1)(G) [Government] and 16(b)(1)(C) [Defendant]. Noncompliance may result in precluded testimony.

### 9. Evidentiary Issues and Motions *in Limine*

**At least TWO WEEKS before the pretrial conference** the Government and Defendant must file motions *in limine* concerning potential evidentiary issues or procedural problems that may arise during trial. The motion must include a memorandum of law with legal citations. The opposing party must file a response **ONE WEEK** before the pretrial conference. The Court may resolve *in limine* motions at the pretrial conference or schedule argument on a separate date.

**10.     Jury Instructions**

The Court provides standard jury instructions in every criminal case, and therefore, the parties are not required to file proposed standard instructions. The Court's standard instructions include:

    Province of the Court and Jury
    Evidence in the Case
    Direct and Circumstantial Evidence
    Questions are not Evidence
    Jury's Recollection Controls
    Court's Questions to Witnesses
    Objections and Rulings
    Indictment not Evidence
    On or About (Variance)
    Presumption of Innocence/Burden of Proof
    Reasonable Doubt
    Effect of the Failure of Accused to Testify (if applicable)
    Credibility of Witnesses
    Credibility of Accused as Witness (if applicable)
    Defendant's Interest if Defendant Testifies (if applicable)
    Law Enforcement Witness (if applicable)
    Expert Witness (if applicable)
    Expert Opinion (if applicable)
    Statement of Defendant (if applicable)
    All Available Evidence Need Not be Produced
    Consider Only Offense Charged
    Verdict as to Accused Only
    Punishment and Sympathy Not to be Considered
    Separate Consideration of Each Count
    Verdict Unanimous
    Jury Deliberations: Availability of Exhibits, Tapes, Testimony, and Instructions

The Government must file proposed jury instructions on the substantive offenses charged in the indictment. The Government may file any other proposed instructions as necessary (*e.g.*, use of accomplice testimony; impeachment by prior bad acts or felony conviction, etc.).

The jury instructions must include an index or table of contents, and each proposed instruction must be numbered consecutively and set forth on a separate page. The end of each

instruction must include legal citation. If the instruction comes from a form book, the parties must advise the Court if they modified that instruction.

Defendant may file objections to the Government's proposed instructions and/or file his own proposed instructions, in the form described above, **at least ONE WEEK before the pretrial conference**. The Government may file objections to Defendant's proposed jury instructions any time before the pretrial conference.

Other proposed jury instructions from either party, based on events that occur during trial, must be filed as soon as possible.

## 11. Courtesy Copies

Each party must bring one courtesy copy of all pretrial submissions filed pursuant to this Order to the pretrial conference. Another courtesy copy of the pretrial submissions required in paragraph 1 (*Voir Dire* Preparation) and paragraph 3 (Exhibits and Exhibit Lists) of this Order must be provided to the court reporter at the pretrial conference.

## III. JURY SELECTION

Sheets for filling in juror information during *voir dire* are available from the courtroom deputy. Typically, the Court selects a 12-person jury plus two alternates. The Court will use the "struck-jury" system. At the pretrial conference, we will discuss the number of peremptory challenges permitted by Fed. R. Crim. P. 24.

Under this struck-jury system, the clerk will select a venire panel that equals the total of the number of petit jurors (12), plus the combined number of peremptories allowed to both sides (normally 16), plus the number of alternates selected (2), plus the peremptory challenges available for the alternates (2). In a typical single-defendant case, a venire panel of 32 jurors will be selected.

The Court will then conduct *voir dire* of the panel. The Court will give counsel an opportunity, outside the jury's presence, to make challenges for cause.

Counsel then exercises peremptory challenges for the jury on an alternating basis, usually in three or four rounds, against the initial panel until they have either exhausted or waived the allotted number of peremptory challenges. The first 12 panel members remaining will constitute the jury. Once 12 jurors are selected, counsel will have an opportunity to exercise peremptory challenges on the remaining jurors being considered as alternate jurors. The first two remaining jurors will be the alternates.

The Government will strike first by writing the name and juror number of the individuals it challenges on the provided strike sheet. The strike sheet will then go to Defendant who will see the Government's peremptory challenges and will then make his own strike by writing the juror's name and number on the sheet.

If a party does not exercise a challenge during a particular round, it loses only that peremptory challenge and may make other peremptory challenges in later rounds against any panel member.

The first 12 panel members remaining will constitute the jury. At the end of this process, which has been described in *United States v. Blouin*, 666 F.2d 796 (2d Cir. 1981), a jury of 12 plus two alternates (or more) will be selected in one proceeding.

## IV. TRIAL

Before trial, the parties must schedule a time with my staff to be trained on Courtroom #1's new technology. This is necessary if the parties intend to use any courtroom technology to present evidence to the jury, including the ELMO/visualizer.

The Court will advise counsel of its daily schedule so that arrangements can be made for witnesses, etc. It is counsel's responsibility to have witnesses available as needed. The evening before each day's session, counsel must advise the Court and opposing counsel of the witnesses it expects to call the following day. The Court expects the parties to cooperate when scheduling witnesses. The Court is willing to take witnesses out of turn to accommodate experts and other non-party witnesses.

The Court may set time limits for opening statements and closing arguments, and it expects counsel to adhere to those limits.

Exhibits that have been marked and received into evidence will be kept on the counter next to the courtroom deputy. In the evenings, each side will be responsible for collecting its exhibits and returning them to court the next day.

Counsel must question witnesses from the podiums so that the Court, jurors, all parties, and the public can hear the proceedings. Permission is not required to approach a witness with a document, but all questioning should otherwise occur from the podium.

IT IS SO ORDERED.

Dated: July 28, 2021
     Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York