UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**UNITED STATES OF AMERICA,**

       vs.                                      NOTICE OF MOTION
                                                        #18-CR-6094-FPG

**XAVIER TORRES**
_____

PLEASE TAKE NOTICE, the Defendant, Xavier Torres , by and through his attorney, Maurice J. Verrillo, Esq., hereby moves this Court before the Hon. Frank P. Geraci, Jr., Chief Judge, United States District Court, located at 100 State Street, Rochester, New York 14614 at a time and date to be fixed by the Court for an Order granting a judgment of acquittal, or in the alternative, a new trial in accordance with Rule 29 and Rule 33 of the Federal Rules of Criminal Procedure, and for such other and further relief as to this Court seems just and proper.

Dated: December 1, 2021                      Yours etc.,

                                                            /s/ Maurice Verrillo
                                                            _____
                                                            Maurice J. Verrillo, Esq.
                                                            Attorney for the Defendant
                                                           Xavier Torres
                                                           3300 Monroe Avenue, Suite 301
                                                           Rochester, New York 14618
                                                              (585) 232-2640

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY  14618

(585) 232-2640

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**UNITED STATES OF AMERICA,**

                                                                               ATTORNEY
                                                                               DECLARATION

      vs.

**XAVIER TORRES,**
                          Defendant.
_____

Maurice J. Verrillo, declares, pursuant to 28 U.S.C. Section 1746(2) that:

1. I am an attorney admitted to practice law in the State of New York and the Western District of New York.

2. I am the appointed counsel of the defendant, Xavier Torres.

3. The Fourth Superseding Indictment, which included various counts was reduced to two counts for trial namely a narcotics conspiracy and possession of a weapon in furtherance of a drug trafficking crime. The defendant entered a not guilty plea to all charges.

4. A trial by jury was conducted during the period from October 18th to November 4, 2021. The jury found Mr. Torres guilty of all charges.

5  The defendant files post-trial motions in accordance with Rule 29 and Rule 33 of the Federal Rules of Criminal Procedure.

6. I execute this Attorney Declaration in support of the defendant's motions for a judgment of acquittal or, in the alternative, for a new trial ,along with such other and further relief as may be just and proper.

7. The defendant attaches the following documents as exhibits:

    A.  Jury Verdict Sheet (Exhibit "A").

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY  14618

(585) 232-2640

B. Lease Agreement relative to 6 Burbank Street- Trial Exhibit 97 (Exhibit "B").

## *PRELIMINARY CONSIDERATIONS*

8. Rule 29(c)(2) of the Federal Rules of Criminal Procedure provides that upon the defendant's motion, "if the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal."

9. When considering a Rule 29 motion, the court must determine whether a rational jury could find that the necessary elements of the offenses were established beyond a reasonable doubt.  **Jackson v. Virginia,** 443 U.S. 307, 319 (1979).

10. Rule 33(a) of the Federal Rules of Criminal Procedure state upon the defendant's motion: "the court may vacate any judgment and grant a new trial if the interest of justice so requires."

11. When considering evidentiary rulings, the court must review those rulings for an abuse of discretion. **U.S. v. Contoruis**, 692 F.3d 136, 144 (2d Cir. 2012). Such abuse exists when the decision "cannot be located within the range of permissible decisions." **In Re Sims,** 534 F.3d 117, 132 (2d Cir. 2008).

## *INSUFFICIENCY OF THE EVIDENCE*

**NARCOTICS CONSPIRACY**

12. In order for Defendant to be found guilty of the narcotics offense the government must prove beyond a reasonable doubt that an agreement to violate the laws which make it illegal to distribute cocaine or to possess cocaine with the intent to distribute it was made and that Defendant Xavier Torres  knowingly associated himself with and participated in that conspiracy with an intention to further its goals.

13. The defendant contends that the government has failed to show:

A. That he had agreed to participate in a drug conspiracy; Exhibit "B" establishes the

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY  14618

(585) 232-2640

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY  14618

(585) 232-2640

defendant and his girlfriend had a residence at 6 Burbank Street as a result of a lease agreement between Ziomara Rosado and Carlos Figueroa. No explanation was provided as to why a lease agreement was entered other than for lawful purposes.

B. knowledge of a drug conspiracy;

C. That he knowingly participated in the drug conspiracy;

D. That he knowingly committed acts with an intention of furthering that conspiracy; and

E. That he sold or possessed narcotics as a part of this conspiracy.

14. The government failed to prove that the defendant had a specific intent to violate the underlying substantive drug statute. **U.S. v.Gaviria**, 740 F.2d 174,183 (2d Cir. 1984); **U.S. v. Rodriguez**, 392 F.3d 539, 542

15. It is well recognized that "mere association with those implicated in an underlying undertaking is not enough to prove knowing involvement." **U.S. v. Nusraty,** 867 F.2d 759,764. Furthermore, "suspicious circumstances are not enough to sustain a conviction for conspiracy." **Nusraty**, 867 F2d at 763.

16. The government failed to establish each and every element of the drug conspiracy charge ,including that the defendant knew and voluntarily and intentionally participated in conduct associated with the drug activities of others. Accordingly, the drug conspiracy charge should be dismissed.

17. The government also failed to establish that Mr. Torres possessed a weapon in furtherance of a drug trafficking crime. It should be noted that the defendant was not charged with any particular acts of violence in the Fourth Superseding Indictment.

18. The government provided evidence solely from cooperators to establish its case,

-4-

without independent or reliable corroboration.

19. The testimony of Robert Figueroa at the grand jury was that he never saw Mr. Torres in possession of a weapon. A few claimed that the defendant would possess a weapon one time or on occasion.

20. The Second Circuit has previously held that, "Accordingly, the government cannot convict under Section 924( c )( 1) (A) on the generalization that any time a drug dealer possesses a gun, that possession is in furtherance because drug dealers use guns to protect themselves and their drugs "and also that "Instead, the government must establish the existence of a specific nexus between the charged firearm and the charged drug selling operation." **United States v. Snow**, 462 F.3d 55 (2d Cir. 2006), citing **United States v. Finley**, 245 F.3d 99, 203 (2d Cir. 2001).

21. Merely being presence at the scene standing alone is insufficient to establish this firearm offense. **Snow**, 462 F.3d at 55. Rather, the government has the burden of showing actual and active employment of the firearm in relation to the drug trafficking activity. **United States v. Wheeler**, 886 F.3d 415 (4th Cir. 2018). "Specifically, **Bailey** held that the Government must prove active employment of a firearm in order to convict a defendant for using a firearm under section 924( c) (1)." **Wheeler**, 886 F.3d at 426.

22. The government failed to call any witnesses who had personal knowledge of any of the shootings referenced at the trial. Moreover, Mr. Torres was never proven to have discharged a weapon. At best, the generalized allegations of a few of the government's witnesses regarding a possession of a weapon by Mr. Torres, even if true, was insufficient to establish:

A. A nexus between the alleged possession and drug activity.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY  14618

(585) 232-2640

    B. The actual possession facilitated a drug activity.

    C. The possession of the gun on a particular date in question was an integral part of the drug activity alleged to have occurred. See **United States v. Parris Jefferson**, 974. F.2d 201, 204 (D.C. Cir. 1992).

23. In **Rosemond v. United States**, 572 U.S. 65, 134 S.Ct 1240 (2014), the Supreme Court rendered some foundational rulings relative to aiding and abetting in the context of a firearm in furtherance of a drug trafficking crime case, including that an active participant in a drug transaction has advance knowledge that one of the co-conspirators will carry a gun. **Rosemond**, 134 S.Ct at 1249-1250.

24. The defendant in satisfying the requirements of 18 U.S.C. Section 2 must:

    A. Take an affirmative action in furtherance of that offense.

    B. With the intent to facilitate the offense's commission..

25. The government likewise failed to provide sufficient proof to satisfy the accomplice liability requirements.

26. In light of the foregoing, the defendant Xavier Torres moves to dismiss the counts of the indictment remaining against him and to grant a judgment of acquittal on all counts presented at trial.

## RULE 33 MOTION

27. The defendant repeats the allegations set forth in paragraphs "1" to "26" as if separately stated herein.

28. The basis for the Rule 33 motion and a request for a new trial include:

    A. Erroneous jury instructions.

    B. Prior erroneous denial of suppression of the February 6, 2016 search of the defendant.

LAW OFFICE OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

    C. Erroneous ruling permitting subsequent act evidence against the defendant.

    D. Interest of justice jurisdiction of this Court.

29. This court erred in providing a Pinkerton charge in this case.

30. The defendant raised his objections initially in the Defendant's Request for Charge which were subsequently raised during the trial, particularly the jury trial conference and prior to the jury's discharge for deliberations.

31. The Pinkerton charge should not be charged as a matter of course. **United States v. Salameh**, 152 F.3d 88 (2d Cir. 1998).

32. As noted during the course of this case, the defendant Xavier Torres did not reside in the Rochester area throughout much of the alleged conspiracy yet the government raised multiple criminal events, having no nexus or relationship to this defendant, so as to the inference the existence of a conspiratorial relationship, based on different and disparate events. In such circumstances, justification exists for the denial of the Pinkerton charge. **United States v. Escobar**, 426 Fed. Appx. 58 (2d Cir. 2012).

**Warrantless Search of Defendant-February 6, 2016**

33. This court has denied the defendant's motion to preclude and suppress evidence of a warrantless search of the defendant on February 6, 2016. The testimony of Officer Luciano at the trial bolsters the defendant's arguments relative to the unlawful search and seizure of evidence at Burbank Street on the date in question.

34. The defense would note the following points:

    A. Officer Luciano approached, searched, and detained Mr. Torres when there was no evidence of criminality presented on said date, as noted in Officer Luciano's trial testimony.

    B. Officer Luciano followed Mr. Torres into an apartment complex on Burbank Street

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY  14618

(585) 232-2640

        detained, searched, and handcuffed him. There was no threat to Officer Luciano arising from Mr. Torres walking away from him into the apartment complex.

    C. Ultimately, law enforcement acquired a key to a vehicle not owned by the defendant which possessed drugs. Said search was without the consent of the owner of said vehicle.

35. The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures. **U.S. Const. Am. IV.**

36. The conduct of law enforcement in arresting the defendant is in effect a "seizure of the person." **California v. Hodari D.**, 499 U.S. 621, 624(1991) which is by nature, intrusive of the defendant's rights and freedoms. **Posr v. Daugherty**, 922 F.2d 91, 98 (2d Cir. 1991).

37. While it is true that police officers are permitted to perform a search for weapons on a person to ensure their safety, the seizure must be assessed in light of the particular circumstances concerning the standard of whether a man of reasonable caution is warranted in believing that the action taken was appropriate. **Terry v. Ohio**, 392 U.S. 1, 21-22 (1967).

38. As noted by the Supreme Court in Terry"..where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the person with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or other's safety, he is entitled to the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

discover weapons, which might be used to assault him." **Terry**, 392 U.S. at 29.

39. There was no physical threat to the officer and no reasonable basis for the officer to feel threatened by Mr. Torres. Accordingly, no search of his person was justified.

40. A search officer must, at a minimum, have reasonable suspicion before executing the stop. **Minnesota v. Dickerson**, 508 U.S. 366 (1993). In **Dickerson**, the Supreme Court further elaborated as to the specific confines of the Terry stop. In that case, the Court determined that contraband seized during an investigatory search must be suppressed because the officer exceeded the bounds of the "strictly circumscribed" search for weapons under Terry. Ultimately, when contraband is discovered in the course of a legally appropriate search, its criminal nature must be immediately apparent. A more extensive search taking place after no weapons are found results in a constitutional violation. The Supreme Court expressly noted in this context that "If the protective search goes beyond what is necessary to determine if the suspect is armed, it is no longer valid under Terry **and its fruits must be suppressed.**" **Dickerson**, 508 U.S. at 373 (Emphasis added).

41. As a result of Officer Luciano's course of conduct:

    A. Mr. Torres was detained and seized beyond a Terry stop.

    B. Any fruits arising from the officer's conduct are unlawful and should be suppressed and not permitted for consideration by the jury.

    C. The search of the vehicle and the resulting contraband was likewise unlawful and should not have been considered by the jury.

    D. Any statements allegedly made by the defendant during this unlawful conduct also should not have been considered by the jury.

42. This erroneous ruling was prejudicial to the defendant Xavier Torres and justifies a new trial.

**SUBSEQUENT ACTS EVIDENCE**

43. The defense requested as a part of a pre-trial motion, for the court to restrict evidence of alleged acts subsequent to his relocation to Buffalo on or about November 2015.

44. The consideration of subsequent acts was prejudicial to the defendant and said acts had no relation to this defendant.

45. Said acts were listed in detail in the prior motion to this Court. They included multiple search warrants and the eventual arrest and search of multiple defendants in January 2018, as to which the defendant was not present or involved in any way.

46. The presentation of said evidence by the government prejudiced the defendant's right to a fair trial and justifies a new trial.

**UNCORROBORATED CLAIMS OF COOPERATING WITNESSES**

47. While the credibility of witnesses is the sole province of the jury, the lack of corroboration is of concern, since the government relied exclusively upon the testimony of cooperating witnesses. There existed a lack of independent evidence linking the defendant to the alleged offenses.

48. This is especially the case in this instance as it is well settled that the testimony of alleged co-conspirators is presumptively unreliable and requires independent corroboration of the alleged criminal actions of the defendant. **United States v. Mulder**, 273 F.3d 91 (2d Cir. 2001); **United States v. Tellier**, 83 F.3d 578, 580 (2d Cir. 1996).

49. Based on the government's claims, they had ample opportunity to tape, videotape, record, or photograph the defendant allegedly participating in criminal acts and had lay

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

witnesses available to testify, yet chose not to call said witnesses or present corroborating testimony against the defendant.

50. The claims that the defendant who is 5'1" tall and 130 pounds at best was a physically intimidating person to others lacks credibility or believability on its face.

51. In light of the foregoing, the defendant Xavier Torres respectfully requests that the Rule 33 motion for a new trial and in the interest of justice be granted.

WHEREFORE, the defendant Xavier Torres respectfully requests that his Rule 29 and Rule 33 motions be granted in their entirety, that the remaining counts of the Fourth Superseding Indictment be dismissed, or in the alternative, that a new trial be granted.

Declared this 1st day of December, 2021.

/s/ Maurice Verrillo
_____
Maurice J. Verrillo

**LAW OFFICE OF**
**MAURICE J. VERRILLO, P.C.**

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY  14618

(585) 232-2640