UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      vs.                          Docket No. 18-CR-6094

XAVIER TORRES,
              Defendant.
_____

## STATEMENT OF DEFENDANT XAVIER TORRES WITH RESPECT TO SENTENCING FACTORS

The defendant, Xavier Torres, by and through his attorney, Maurice J. Verrillo, Esq. in response to the Pre-Sentence Report (i.e. "PSR") of Jennifer L. Fish dated December 21, 2021 raise the following objections and respectfully requests a departure from the guidelines proposed in the Pre-Sentence Report, as follows:

1. Mr. Torres maintains his innocence associated with the drug conspiracy and weapons charge. Accordingly, the defendant generally denies the factual assumptions offered by the government as set forth in the Pre-Sentence Report("PSR").

2. The defendant attaches the following exhibits:

    A. Pertinent portion of November 1, 2021 transcript of Axel Camacho. Exhibit "A"

    B. Letter from Keyshla Galarza. Exhibit "B:.

    C. Letter from Esmeralda Torres. Exhibit "C".

    D. Letter from Sarah Rivera Ortiz. Exhibit "D".

3. Mr. Torres was known as Pistolita and contests reference to him as "P," "Pepe," or any other nickname referenced in the PSR. The superseding indictment references as an a/k/a only Pistolita.

4. The defendant objects to the findings in paragraphs "35" and "36" of the PSR

**LAW OFFICES OF**
**MAURICE J. VERRILLO, P.C.**

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

referenced as the Overview of the Conspiracy.

5. Paragraphs "39" to "45" of the PSR do not reference the defendant.

6. The defendant disputes the factual assumptions set forth in paragraphs "46" and "47" noting that CS-4 did not testify at the trial.

7. The defendant had no involvement with the events set forth in paragraphs "48" to "50" of the PSR.

8. The defendant disputes the factual assumptions associated with paragraphs "51" to "53" of the PSR.. Mr. Torres did not own or control the subject vehicle, registered to Obed Torres. There was no basis to stop or detain Mr. Torres on February 6th and no drugs were present on his person.

9. Paragraph "54" of the PSR does not involve Xavier Torres.

10. As to paragraph "55" of the PSR, CS-4 did not testify as to the alleged transaction with "P." Moreover, Mr. Torres denies being referenced as "P."

11. The defendant denies that he is "P" as alleged in paragraph "56" of the PSR; CS-4 did not testify at the trial.

12. The events set forth in paragraph "58" and "59"of the PSR did not involve Mr. Torres.

13. As to the Luis Garcia-Pizarro murder, referenced in paragraphs "60" and "61"of the PSR, Mr. Torres was not charged or implicated in that matter and resided in Buffalo at the time of the shooting.

14. The defendant denies the allegations in paragraph "62" and "63"relative to the Gargola shooting. The defendant was not charged with the shooting in the indictment. No one with personal knowledge of the shooting testified at trial. The PSR omitted to note that the co-defendant Axel Camacho in his proffer and at trial testified that Obed

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

Torres told him that the Dominican guy, Domi shot Gargola not the defendant. See November 1, 2021 Trial Transcript, page 786, lines 15-23.(Exh. "A").

15. The defendant denies the allegations in paragraphs "64" and "66" of the PSR relative to the Jonathan Gonzalez shooting noting:

   A. Mr. Torres was not charged in the superseding indictments with the shooting.

   B. Mr. Nunez did not testify at the trial, who is alleged to be the shooter in this matter.

   C. No one with personal knowledge of the event testified at the trial.

16. As to the second "53" involving Walter Ross, Mr. Torres was not charged or implicated in that shooting.

17. Paragraphs "67" to "72" of the PSR involves the " statement "of Mr. Torres summarized by law enforcement. The proffered statements were not signed by Mr. Torres and he disputes the claim of the government that the alleged statements implicated him in the Figueroa conspiracy. The statements do not implicate Mr. Torres with any of the shootings alleged in this case. The statements set forth in the police report were not offered at trial. As noted in Inv. Briganti's narrative section of the August 14, 2021 summary report: "John Molloy explained that "Pistolita" expressed concern that Javier Figueroa was possibly trying to have him killed. Molloy stated that the purpose of the meeting was to allow "Pistolita" to provide information about Javier's illegal narcotics trafficking network in hopes that the information would assist law enforcement in arresting Carlos Javier Figueroa AKA "Javi" and others". The purpose for the alleged statements related to the conduct of Javi and others and not this defendant.

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY  14618

(585) 232-2640

18. Mr. Torres denies the allegations of involvement in the alleged conspiracy and possession of firearm offense set forth in paragraphs "73" to "98" of the PSR.

19. The Stipulation referenced in paragraph 99 was limited to the authenticity and foundation of evidence and did not concede their admissibility with a limited exception involving the summary associated with the autopsy report.

20. Mr. Torres denies the assumptions and conclusions set forth in paragraphs "103" to "105" of the PSR.

21. The defendant disputes the base offense level of 43 set forth in paragraph 111 of the PSR and should be limited to relevant conduct as to the defendant's alleged drug activity. The government has not proven the defendant's involvement in these offenses beyond a reasonable doubt or by a preponderance of the evidence.

22. The defendant disputes the calculations set forth in paragraphs "143" and "144"of the PSR and disputes the finding of a recommended guideline range of life under the totality of circumstances and in the interest of justice.

23. The defendant disputes and objects to the finding of aggravated factors in paragraphs "172" and "173" of the PSR.

24. The defendant, Xavier Torres respectfully requests that this Court sustain his objections to the PSR set forth herein.

25. Xavier Torres is 37 years old and has three children.

26. Mr. Torres was essentially raised by his mother and lacked the support and upbringing of a father to assist him during his youth.

27. The defense attaches letters from:

    A.  Exhibit "B"-Letter from Keyshla Galarza

  B. Exhibit "C"- Letter from Esmeralda Torres.

  C. Exhibit "D"- Letter from Sarah Rivera Ortiz..

28. Mr. Torres resided in Buffalo, New York through the majority of his life and had many financial and personal challenges arising from his life experiences during his youth.

29. The defendant also had an extensive drug history and requests inpatient drug treatment as a part of his sentence.

30. The attached letters offered by Mr. Torres family establish his close family bonds and his positive influence on his family members.

31. Mr. Torres would like to be placed near his sister, Sarah Rivera Ortiz who resides in the Lancaster, Pennsylvania area and he respectfully requests that his sentence be served as close to Lancaster, Pennsylvania as possible. Mr. Torres also requests to be placed in the inpatient drug treatment program while in prison.

32. The defendant denies involvement in the shootings involving Gargola and Gonzalez and the grand jury did not return any charges relative to these cases.

33. The government failed to establish its claims at trial involving these shootings beyond any reasonable doubt or a preponderance of evidence. Moreover, they failed to provide testimony from any witness having personal knowledge of these shootings.

34. A sentence of life in prison would be harsh and excessive under the totality of circumstances including after consideration of the factors set forth in 18 U.S.C. 3553. Similar alleged conduct in New York state court would have provided a sentence with the possibility of a term of years or the possibility of parole.

**LAW OFFICES OF**
**MAURICE J. VERRILLO, P.C.**

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY 14618

(585) 232-2640

WHEREFORE, the defendant Xavier Torres respectfully requests that this court sentence Xavier Torres to the minimum terms of incarceration with a minimum period of post-release supervision, along with such other terms as are just and proper.

Dated:   January 4, 2022                         Respectfully Submitted,


                                                  /s/ Maurice Verrillo
                                                 _____
                                                 Maurice J. Verrillo, Esq.
                                                 LAW OFFICE OF MAURICE
                                                 J. VERRILLO, P.C.
                                                 Attorney for the Defendant
                                                 Xavier Torres
                                                 3300 Monroe Avenue, Suite 301
                                                 Rochester, New York 14618
                                                 (585) 232-2640

**LAW OFFICES OF**
**MAURICE J. VERRILLO, P.C.**

3300 MONROE AVENUE, SUITE 301
ROCHESTER, NY  14618

(585) 232-2640