AO 245B    (Rev. 10/19) Judgment in a Criminal Case                                                                JLF/jlb (13822)
Sheet 1

# UNITED STATES DISTRICT COURT

## Western District Of New York

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| | ) | |
| Xavier Torres | ) | Case Number:   6:18CR06094-005 |
| a/k/a Pistolita | ) | USM Number:   15967-055 |
| | ) | |
| | ) | Maurice J. Verrillo and  Lucy Anderson Brado |
| | | Defendant's Attorneys |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☒ was found guilty on count(s)        1 and 2 of the Fourth Superseding Indictment
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 846 and 21 U.S.C. § 851 | Conspiracy to Possess With Intent to Distribute, and to Distribute, 5 Kilograms or More of Cocaine and 1 Kilogram of Heroin | 1/29/2018 | 1 |
| 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 2 | Possessing, Brandishing, and Discharging Firearms in Furtherance of a Drug Trafficking Crime | 1/29/2018 | 2 |

    The defendant is sentenced as provided in pages 2 through      7      of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   5, 6, 12, 13 and 14 _____ ☐ is  ☒ are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 19, 2022
Date of Imposition of Judgment

_____
Signature of Judge

Honorable Frank P. Geraci Jr., U.S. District Judge
Name and Title of Judge

5/23/2022
_____
Date

AO 245B    (Rev. 10/19) Judgment in Criminal Case                                          JLF/jlb (13822)
           Sheet 2 — Imprisonment

| | Judgment — Page | 2 | of | 7 |

DEFENDANT:       Xavier Torres
CASE NUMBER:     6:18CR06094-005

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
Life on Count 1 and 240 months on Count 2, to run consecutive, for a total term of life plus 240 months.

The cost of incarceration fee is waived.

☒  The court makes the following recommendations to the Bureau of Prisons:
The defendant shall serve his sentence at a suitable Bureau of Prisons facility as close to Lancaster, Pennsylvania, as possible.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 10/19) Judgment in a Criminal Case                                                   JLF/jlb (13822)
            Sheet 3 — Supervised Release

Judgment—Page    3    of    7

DEFENDANT:      Xavier Torres
CASE NUMBER:     6:18CR06094-005

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:
                10 years on Count 1 and 5 years on Count 2, to run concurrently, for a total term of 10 years.

# MANDATORY CONDITIONS

1.     You must not commit another federal, state or local crime.

2.     You must not unlawfully possess a controlled substance.

3.     You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

        ☐    The above drug testing condition is suspended, based on the court's determination that
                 you pose a low risk of future substance abuse. *(check if applicable)*

4. ☐    You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5. ☒    You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6. ☐    You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7. ☐    You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B    (Rev. 10/19) Judgment in a Criminal Case                                                        JLF/jlt (13822)
Sheet 3A — Supervised Release

|  |  | Judgment—Page | 4 | of | 7 |
|---|---|---|---|---|---|

DEFENDANT:          Xavier Torres
CASE NUMBER:      6:18CR06094-005

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the court determines in consultation with your probation officer that, based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk of committing further crimes against another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

Upon a finding of a violation of probation or supervised release, I understand that this court may (1) revoke supervision, (2) extend the terms of supervision, and/or (3) modify the conditions of probation or supervised release. A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Defendant's Signature          _____     Date _____

U.S. Probation Officer's Signature    _____     Date _____

AO 245B   (Rev. 10/19) Judgment in a Criminal Case
Sheet 3B — Supervised Release

JLF/jlb (13822)

| | Judgment—Page | 5 | of | 7 |
| --- | --- | --- | --- | --- |

DEFENDANT:         Xavier Torres
CASE NUMBER:   6:18CR06094-005

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program for substance abuse, including substance abuse testing such as urinalysis and other testing, and shall undergo a drug/alcohol evaluation and treatment if substance abuse is indicated by the testing. The probation officer will supervise the details of any testing and treatment, including the selection of a treatment provider and schedule. If in-patient treatment is recommended, however, it must be approved by the Court unless the defendant consents. The defendant is not to leave treatment until completion or as ordered by the court. While in treatment and after discharge from treatment, the defendant is to abstain from the use of alcohol. The defendant is required to contribute to the cost of services rendered.

The defendant shall submit to a search of his person, property, vehicle, place of residence or any other property under his control, based upon reasonable suspicion, and permit confiscation of any evidence or contraband discovered.

The defendant shall notify the Probation Officer of any opiate based pain medication prescribed by a doctor BEFORE the prescription is filled by a pharmacist.

The defendant shall provide the U.S. Probation Office with access to any requested personal and/or business financial information. The U.S. Probation Office is authorized to release pre-sentence and post-sentence financial information submitted by the defendant to the U.S. Attorney's Office for use in the collection of any unpaid fine. If a fine is owed, the defendant shall notify the U.S. Probation Office of any assets received and shall not disburse his interest in any assets, including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings without the approval of the U.S. Probation Office.

While a fine balance is outstanding, the defendant shall not incur any form of debt including, but not limited to, use of existing credit cards, new credit cards, lines of credit, mortgages or private loans without the approval of the U.S. Probation Office.

AO 245B   (Rev. 10/19) Judgment in a Criminal Case
Sheet 4 — Criminal Monetary Penalties

JLF/jlb (13822)

| | Judgment—Page | 6 | of | 7 |

DEFENDANT:       Xavier Torres
CASE NUMBER:     6:18CR06094-005

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

| | **Assessment** | **AVAA Assessment*** | **JVTA Assessment**** | **Fine** | **Restitution** |
|---|---|---|---|---|---|
| **TOTALS** | $ 200 ($100 on each of Counts 1 and 2) | $ 0 | $ 0 | $ 2,500.00 | $ 0 |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒   the interest requirement is waived for the   ☒   fine   ☐   restitution.

☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 10/19) Judgment in a Criminal Case                                                                                JLF/jlb (13822)
       Sheet 5 — Schedule of Payments

|  |  | Judgment — Page | 7 | of | 7 |

DEFENDANT:        Xavier Torres
CASE NUMBER:      6:18CR06094-005

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☐   Lump sum payment of $ _____ due immediately, balance due

       ☐   not later than _____ , or
       ☐   in accordance       ☐  C,    ☐  D,    ☐  E, or    ☐  F below; or

B   ☒   Payment to begin immediately (may be combined with    ☐  C,    ☐  D, or    ☒  F below); or

C   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
       _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
       _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
       term of supervision; or

E.  ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
       imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☒   Special instructions regarding the payment of criminal monetary penalties:

       The defendant shall pay a special assessment of $100 on each of Counts 1 and 2, for a total of $200, which shall be due
       immediately.  If incarcerated, payment shall begin under the Bureau of Prisons Inmate Financial Responsibility Program.
       Payments shall be made to the Clerk, U.S. District Court (WD/NY), 2 Niagara Square, Buffalo, New York 14202.

       Regarding the fine, while incarcerated, if the defendant is non-UNICOR or UNICOR grade 5, the defendant shall pay installments
       of $25 per quarter.  If assigned grades 1 through 4 in UNICOR, the defendant shall pay installments of 50% of the inmate's
       monthly pay.  While on supervision, the defendant shall make monthly payments at the rate of 10% of monthly gross income.

       Pursuant to 18:3664(n), if the defendant is obligated to pay a fine, and he receives resources from any source, including
       inheritance, settlement (insurance, lawsuit), or other judgment during a period of incarceration, he shall be required to apply the
       value of such resources to any outstanding restitution or fine.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Case Number
    Defendant and Co-Defendant Names                                  Joint and Several        Corresponding Payee,
    *(including defendant number)*        Total Amount                 Amount                   if appropriate.

☐   The defendant shall pay the cost of prosecution.
☐   The defendant shall pay the following court cost(s):
☒   The defendant shall forfeit the defendant's interest in the following property to the United States:
    One (1) Ruger pistol, bearing serial number 332-13800.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of
prosecution and court costs.