1

1            UNITED STATES DISTRICT COURT

2            WESTERN DISTRICT OF NEW YORK

3    - - - - - - - - - - - - -X
     UNITED STATES OF AMERICA              18-CR-6094(G)
4
     vs.
5                                          Rochester, New York
     CARLOS FIGUEROA, XAVIER TORRES,       August 6, 2020
6    AND JEAN KARLOS PIZZARO,              10:24 a.m.
               Defendants.
7    - - - - - - - - - - - - -X

8
                    TRANSCRIPT OF PROCEEDINGS
9          BEFORE THE HONORABLE FRANK P. GERACI, JR.
                 UNITED STATES DISTRICT JUDGE
10

11                 JAMES P. KENNEDY, JR., ESQ.
                   United States Attorney
12                 BY: KATYLYN HARTFORD, ESQ.
                       CASSIE M. KOCHER, ESQ.
13                 Assistant United States Attorneys
                   500 Federal Building
14                 Rochester, New York 14614
                   Appearing on behalf of the United States
15

16                 MAURICE J. VERRILLO, ESQ.
                   Appearing on behalf of Xavier Torres
17
                   MATTHEW LEMBKE, ESQ.
18                 Appearing on behalf of Jean Karlos Pizzaro

19                 PAUL VACCA, ESQ.
                   Appearing on behalf of Carlos Figueroa
20

21   ALSO PRESENT:      Nicolas Penchaszadeh, Spanish Interpreter

22
     COURT REPORTER:    Christi A. Macri, FAPR-RMR-CRR-CSR(NY/CA)
23                      Christimacri50@gmail.com
                        Kenneth B. Keating Federal Building
24                      100 State Street, Room 2640
                        Rochester, New York 14614
25

<u>**P R O C E E D I N G S**</u>

\* \* \*

(**WHEREUPON**, Carlos Javier Figueroa and Xavier Torres are present in court; Jean Karlos Pizzaro is on the phone).

**THE CLERK:** United States of America vs. Carlos Javier Figueroa, Xavier Torres and Jean Karlos Pizzaro, 18-CR-6094.

And, Nicolas, if you'd raise your right hand?

(**WHEREUPON**, the interpreter was sworn).

**THE COURT:** Good morning.  Are you Carlos Javier Figueroa?

**DEFENDANT FIGUEROA:** Yes, Your Honor.

**THE COURT:** Appear with your attorney Mr. Verrillo?

**THE DEFENDANT:** Yes, Your Honor.

**THE COURT:** Are you Xavier Torres?

**DEFENDANT TORRES:** Yes.

**THE COURT:** Appear with your attorney Mr. Verrillo?

**THE DEFENDANT:** Yes.

**THE COURT:** And I believe we have Jean Karlos Pizzaro on the telephone; is that correct?

**DEFENDANT PIZZARO:** Correct.

**MR. LEMBKE:** It is, Your Honor.

**THE COURT:** And you appear with your attorney Mr. Lembke?

1          **DEFENDANT PIZZARO:** Yes.

2          **THE COURT:** Okay.  This matter's on pursuant to a

3    motion to set a trial date.

4          Ms. Kocher is here on behalf of the Government.

10:24:25AM 5          **MS. HARTFORD:** Ms. Hartford, Your Honor.

6          **THE COURT:** Ms. Hartford.  And Ms. Kocher is seated

7    at the table.

8          **MS. HARTFORD:** Thank you.

9          **THE COURT:** Regarding this matter, where are we?

10:24:39AM 10          **MS. HARTFORD:** Well, Judge, at this point as the

11   Government has moved, I think it's appropriate to set a trial

12   date.

13          We would also ask for a status conference in about

14   six weeks to give the parties a chance to finalize any

10:24:58AM 15   potential plea discussions as there are still three defendants

16   on the case.

17          I've been speaking with AUSA Marangola, who is also

18   on this matter for the Government and who I understand has had

19   detailed discussions with all three defense attorneys, and he

10:25:19AM 20   thinks that six weeks should be sufficient in order to

21   finalize any plea negotiations.

22          And then at that status conference we could set

23   deadlines for pretrial submissions, *Jencks*, et cetera.

24          **THE COURT:** Okay.  Mr. Vacca?

10:25:39AM 25          **MR. VACCA:** Your Honor, that does represent my

1  conversations with Mr. Marangola.

2          He also indicated to me that this indictment

3  probably would be superseded at some point in time.  Of course

4  if that happens, we have to have sufficient time for further

10:25:54AM 5  discovery to make motions, additional charges will be added

6  so...

7          **THE COURT:** I'm not pleased about that.  What's that

8  all about?

9          **MS. HARTFORD:** Judge, without getting into too much

10:26:04AM 10  detail, there is one element of the investigation that's

11  ongoing.  We would be prepared to supersede I believe

12  reasonably soon, but would like to have an opportunity to

13  complete plea negotiations prior to that giving the defendants

14  a chance to take some offers before we supersede.

10:26:24AM 15          **THE COURT:** This case is two years old.  Late

16  superseding indictments I thought were things of the past.

17          **MS. HARTFORD:**  I understand, Your Honor.  There

18  have been some developments recently that account for that.

19          **MR. VACCA:** Your Honor, just knowing that this

10:26:38AM 20  happens in many of these cases, as part of my omnibus motions

21  I did address the issues of superseding indictment, which I

22  would ask the Court to review.

23          The indication to me would be that they would be

24  adding another murder charge on to this, which is obviously to

10:26:53AM 25  be taken the most serious nature.

1       So I think sooner rather than later whether or not

2  the prosecution should let us know whether or not they intend

3  on superseding.

4       **THE COURT:** Well, I think that might be a good

10:27:06AM 5  incentive for you to have discussions regarding disposition of

6  this case as well.

7       Do you have any objection to putting the matter on

8  for mid-September for status?

9       **MR. VACCA:** No problem at all, Your Honor.

10:27:19AM 10       **THE COURT:** Okay.  Regarding Carlos Javier Figueroa,

11  we'll put the matter on for September 10th, 2 p.m. for status.

12  And we'll get back to picking a trial date shortly.

13       Mr. Verrillo regarding Mr. Torres?

14       **MR. VERRILLO:** Yes, Your Honor.  I did want to note

10:27:42AM 15  that this new charge, which is going to be apparently a

16  homicide charge, my client has not been charged with anything

17  of that nature to date.

18       So I have requested discovery from Mr. Marangola.

19  I understand he's out of town, but obviously it's -- as far as

10:27:55AM 20  I'm concerned, it's a whole new ballgame to see that.  So I'm

21  hoping that that discovery will be forthcoming.

22       But, obviously, I have to reserve motions and all

23  other rights if that's what's going to happen.  So -- but I do

24  agree with having a status conference as well.

10:28:10AM 25       **THE COURT:** Okay.  We'll put this -- do you have any

1  objection to September 10th?

2          **MR. VERRILLO:** No, Your Honor.

3          **THE COURT:** We'll put that matter on as well for

4  September 10th, 2 p.m. for status.

10:28:23AM 5          Regarding Jean Karlos Pizzaro, Mr. Lembke?

6          **MR. LEMBKE:** No objection to a status conference on

7  September 10th at 2 p.m., Your Honor.

8          **THE COURT:** Okay.  We'll put that matter on as well

9  for September 10th for status, 2 p.m..

10:28:42AM 10          Regarding a trial, assuming all three did go to

11  trial, how long are you anticipating this trial to go on?

12          **MS. HARTFORD:** Your Honor, we are -- this is our

13  best estimate to predict length of the trial, counsel has

14  reviewed the guidelines for trial during the Covid pandemic

10:29:04AM 15  and has attempted to take that into consideration, but would

16  ask the Court just to note that that is a bit of an unknown as

17  far as how that will actually effect the logistics.

18          But given that, based on the number of defendants

19  at this time, we have approximately nine cooperators we

10:29:29AM 20  anticipate testifying; about eight other civilian witnesses;

21  some of those 27 witnesses will need interpreters.

22          We've had about -- and that's in addition to the

23  dozens of law enforcement witnesses; we'll have lab experts

24  testifying about firearms and drugs; possibly also forensic

10:29:53AM 25  evidence; and also medical examiner, at least one, possibly

1   more.

2           We had 11 search warrants that we anticipate

3   putting on during the course of the trial; more than 11 drug

4   seizures that we would present as evidence.

10:30:13AM 5           This was a wiretap investigation.  Of course, it's

6   a moving target as far as how many calls and text messages

7   that we'll use.  But after an initial review, it appears that

8   somewhere around 100 could be an accurate estimate.

9           There's also pole camera footage.  There are at

10:30:32AM 10  least 50 clips that are pertinent.  But, again, as we move

11  forward towards trial, that could either expand or narrow

12  depending on who is left facing charges and what kind of

13  evidence we'll need at that point.

14          There are also several seized phones that were

10:30:51AM 15  extracted as well.  I would anticipate there would be some

16  evidence of extractions from a couple of those phones.

17          That being said, Judge, our best estimate at this

18  time is that it would take about three to four months to put

19  on the trial, but again asking the Court to keep in mind we're

10:31:07AM 20  doing our best with that guess with the circumstances and

21  procedure that we'll be facing.

22          **THE COURT:** Sure, I understand that.  And I know

23  that complication with Covid in a trial of this magnitude

24  would take probably three courtrooms: One courtroom for the

10:31:24AM 25  trial; second courtroom for a jury breakroom and

1   deliberations; and a third courtroom for the public and any

2   press that might be involved in that.  So it's a complex

3   matter, but I understand it would take several months.

4           Mr. Vacca, what's your availability?

10:31:45AM 5           MR. VACCA: Your Honor, I do have several cases

6   pending in state court.  However, that being said, they are

7   just scheduling and having pretrials now and dealing with

8   pleas.

9           I've asked a number of judges and other individuals

10:31:59AM10   what their best guesstimate is for the State to open up and

11   they all say it's at least going to go into next year.  There

12   are going to be no trials, so I don't know what my trial

13   schedule is with the State, but I guess my feeling is we're

14   first over here and they're gonna have to wait.

10:32:16AM15           THE COURT: You'd be available in January?

16           MR. VACCA: Yes, Your Honor.

17           THE COURT: Any objection until waiting until

18   January for this?

19           MR. VACCA: No.

10:32:22AM20           THE COURT: Mr. Verrillo?

21           MR. VERRILLO: Yes, Your Honor.  I would be okay

22   with a January timeframe.  I do have a trial that just got set

23   for one day, February 3rd.  So I'd like to be able to finish

24   that.

10:32:36AM25           THE COURT: Where is that?

1          **MR. VERRILLO:** A civil matter in Livingston County,

2    but Supreme Court.  But that would be the only day I would not

3    be available.

4          **THE COURT:** Okay.  If we have to take one day break

10:32:45AM 5    in three or four months, I don't think that would be a

6    problem.

7          **MR. VERRILLO:** I think that's wise if we could get

8    it.  It's a different kind of situation.

9          **THE COURT:** Okay.  Mr. Lembke?

10:32:55AM 10          **MR. LEMBKE:** That's fine, Your Honor, January.

11          **THE COURT:** So let's do this, let's schedule jury

12    selection for January 4th, anticipating this case will be

13    conducted for the month of January, February, and March,

14    assuming all three defendants do proceed to trial.

10:33:28AM 15          Mr. Vacca, do you have any objections to the

16    exclusion of time for speedy trial purposes between now and

17    January 4th?

18          **MR. VACCA:** No, Your Honor.

19          **THE COURT:** Mr. Verrillo, do you have any objections

10:33:41AM 20    to the exclusion of time for speedy trial purposes between now

21    and January 4th?

22          **MR. VERRILLO:** No, Your Honor.

23          **THE COURT:** Mr. Lembke, do you have any objection to

24    exclusion of time between now and January 4th?

10:33:53AM 25          **MR. LEMBKE:** No, sir.

1          **THE COURT:** Ms. Hartford, do you have any objection

2  from the Government?

3          **MS. HARTFORD:** No, Your Honor.  Thank you.

4          **THE COURT:** Based upon the complexity of this case

10:34:03AM 5  as outlined by Ms. Hartford, the number of witnesses, the

6  number of defendants, the fact that this would take a lot of

7  effort to put this matter together over a long three month

8  period of time, particularly in light of the Covid situation,

9  the precautions we would have to take to protect all the

10:34:28AM 10  parties, jurors, attorneys, witnesses, the Court finds that

11  the exclusion of time for speedy trial purposes between now

12  and January 4th, 2021, is in the interest of justice and

13  outweighs the right to the public to a speedy trial.

14          Based upon the complexity of this case and the

10:34:54AM 15  potential for a superseding indictment and additional

16  discovery, the attorneys would need to obviously review that

17  with their clients in order to properly prepare for that

18  trial, which will be obviously complex.

19          And, therefore, the Court does exclude the time

10:35:15AM 20  between today and January 4th, 2021, regarding the case of

21  Carlos Javier Figueroa, Xavier Torres, and Jean Karlos

22  Pizzaro.

23          The matter will be on for September 10th again at

24  2 p.m. for all three defendants for status regarding potential

10:35:39AM 25  disposition of this case for one or more of the defendants.

1  Hopefully all participate in fruitful discussions regarding

2  that.

3          What is the -- is this a life sentence I assume in

4  these cases?

10:35:54AM 5          **MS. HARTFORD:** Yes, Your Honor.  So it will be

6  different for each defendant.  Anyone charged with homicide it

7  would be a life sentence; also anybody convicted of the drug

8  conspiracy.

9          But then for whom a cross-reference in the

10:36:11AM 10 guidelines for the homicide would be appropriate, the

11  guideline sentence would be a life sentence.

12          So that is accurate.

13          **THE COURT:** Okay, thank you.

14          Mr. Figueroa, obviously you need to discuss that

10:36:25AM 15 with your attorney Mr. Vacca to make sure you spend sufficient

16  time to discuss the potentials here, the potential penalties

17  involved with a conviction after trial.

18          Mr. Torres, you also need to discuss the matter

19  with Mr. Verrillo regarding all the issues raised in this case

10:36:47AM 20 and the potential if there was a conviction after trial.

21          And Mr. Pizzaro, again, you need to discuss that

22  fully with Mr. Lembke once he has -- and all the attorneys --

23  have the information sufficient to properly advise their

24  clients.

10:37:05AM 25          Okay, anything else from the Government?

1          **MS. HARTFORD:** No, Your Honor.  Thank you.

2          **THE COURT:** Mr. Vacca?

3          **MR. VACCA:** Your Honor, what time will you be

4 starting and ending every day?  Just so I know for scheduling

10:37:13AM 5 things that are scheduled further out.

6          **THE COURT:** Quite frankly, on September 10th we'll

7 discuss that in more detail.  We'll set a pretrial date, we'll

8 discuss a trial calender.

9          I'll work with all the attorneys.  I mean, I

10:37:27AM 10 imagine you have some conflicts in there, might need a break.

11 Typically in a case of this magnitude what I would do is go

12 from 8:30 to 1:30 Monday through Thursday, maybe take off

13 Fridays so I can handle my other calender matters and you can

14 also as well handle all matters you may have in your

10:37:48AM 15 individual offices.

16          By then there may be weeks where you have

17 conflicts.  And I understand you have doctors' appointments

18 and other matters you need to attend to as well.

19          So why don't we wait until September 10th and then

10:38:00AM 20 we'll work out a more detailed schedule.  If you can't work

21 out a disposition, I'm hopeful that you can work out a

22 disposition with the Government, but if not, we'll be ready to

23 proceed.

24          **MR. VERRILLO:** Your Honor, the motion schedule and

10:38:13AM 25 everything you'll deal with next time as far as the schedule

13

1    for --

2                  **THE COURT:** Yeah, if there are any significant

3    motions, maybe refer it back to the magistrate judge, start

4    all over again.

10:38:23AM 5              **MR. VERRILLO:** Okay.

6                  **THE COURT:** That would delay obviously any trials in

7    this case.

8                  Mr. Lembke?

9                  **MR. LEMBKE:** I understand, Your Honor.

10:38:33AM 10            **THE COURT:** You all set?

11                 **MR. LEMBKE:** I don't have anything to add.

12                 **THE COURT:** Okay, great.  Thank you, everybody.

13                 (**WHEREUPON**, proceedings adjourned at 10:38 a.m.)

14                              *   *   *

15                     <u>**CERTIFICATE OF REPORTER**</u>

16

17           In accordance with 28, U.S.C., 753(b), I certify that

18   these original notes are a true and correct record of

19   proceedings in the United States District Court for the

20   Western District of New York before the Honorable Frank P.

21   Geraci, Jr. on August 6th, 2020.

22

23   <u>S/ Christi A. Macri</u>

24   Christi A. Macri, FAPR-RMR-CRR-CSR(CA/NY)
     Official Court Reporter

25