1                    UNITED STATES DISTRICT COURT

2                    WESTERN DISTRICT OF NEW YORK

3    - - - - - - - - - - - - -X
     UNITED STATES OF AMERICA              18-CR-6094(G)
4
     vs.
5                                          Rochester, New York
     CARLOS FIGUEROA, XAVIER TORRES,       February 16, 2021
6    AND JEAN KARLOS PIZZARO,              10:14 a.m.
                  Defendants.
7    - - - - - - - - - - - - -X

8                      TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE FRANK P. GERACI, JR.
9                    UNITED STATES DISTRICT JUDGE

10

                         JAMES P. KENNEDY, JR., ESQ.
11                       United States Attorney
                         BY: CASSIE M. KOCHER, ESQ.
12                           ROBERT A. MARANGOLA, ESQ.
                         Assistant United States Attorneys
13                       500 Federal Building
                         Rochester, New York 14614
14                       Appearing on behalf of the United States

15

                         MAURICE J. VERRILLO, ESQ.
16                       Appearing on behalf of Xavier Torres

17                       MATTHEW LEMBKE, ESQ.
                         Appearing on behalf of Jean Karlos Pizzaro
18
                         PAUL VACCA, ESQ.
19                       Appearing on behalf of Carlos Figueroa

20
     ALSO PRESENT:       Nicolas Penchaszadeh, Spanish Interpreter
21                       Jesus Barberia, Spanish Interpreter

22
     COURT REPORTER:     Christi A. Macri, FAPR-RMR-CRR-CSR(NY/CA)
23                       Christimacri50@gmail.com
                         Kenneth B. Keating Federal Building
24                       100 State Street, Room 2640
                         Rochester, New York 14614
25

**P R O C E E D I N G S**

\*   \*   \*

1

2

3      (**WHEREUPON**, all defendants are present).

4      **THE CLERK:** 18-CR-6094, U.S. vs. Carlos Javier

10:14:10AM 5  Figueroa, Xavier Torres, and Jean Karlos Pizzaro.

6      Rob Marangola and Cassie Kocher are here for the

7  Government.

8      Paul Vacca is here for Mr. Figueroa.

9      Maurice Verrillo is here for Mr. Torres.

10:14:28AM 10   Matt Lembke is here for Mr. Pizzaro.

11      Nicolas Penchasadeh and Jesus Barberia are here as

12  interpreters.  Let me swear you both in.

13      (**WHEREUPON**, the interpreters were sworn).

14      **THE COURT:** Thank you.  Good morning, everybody.

10:14:56AM 15   Are you Carlos Javier Figueroa?

16      **DEFENDANT FIGUEROA:** Yes.

17      **THE COURT:** Appear with your attorney Mr. Vacca.

18      **MR. VACCA:** Yes, Your Honor.

19      **THE COURT:** Are you Xavier Torres?

10:15:06AM 20   **DEFENDANT TORRES:** Yes, sir.

21      **THE COURT:** Appear with your attorney Mr. Verrillo.

22      And are you Jean Karlos Pizzaro?

23      **DEFENDANT PIZZARO:**  Yes.

24      **THE COURT:** Appear with your attorney Mr. Lembke.

10:15:14AM 25   This matter's on for a pretrial conference.  The

1    Court has received peremptory challenge questions from

2    Mr. Torres; I have received a witness list from Mr. Torres and

3    the Government.

4             I received an exhibit list from Mr. Torres; and

10:15:41AM 5    jury instructions -- proposed jury instructions from

6    Mr. Torres and the Government.

7             Mr. Vacca, are you going to file anything regarding

8    peremptory challenges?

9             **MR. VACCA:** Yes, Your Honor.  If you could give me a

10:15:56AM10   week on that?

11            **THE COURT:** What about witnesses?

12            **MR. VACCA:** Another week.

13            **THE COURT:** Exhibits?

14            **MR. VACCA:** None, Your Honor.

10:16:06AM15   **THE COURT:** And jury instructions?

16            **MR. VACCA:** Another week.

17            **THE COURT:** One week, okay.

18            Mr. Verrillo, you have filed peremptory challenges,

19   a witness list and exhibit list and jury instructions?

10:16:22AM20   **MR. VERRILLO:** Yes, Judge.  I may -- I may file a

21   response on the 404(b) issue, which the Government has raised.

22   So I do want to do that.  So whatever time the Court would

23   give me, I will file that.

24            **THE COURT:** Okay, I'll give you time to do that.

10:16:38AM25   And Mr. Lembke?

1          **MR. LEMBKE:** I don't know, Your Honor.  But if I do,

2 I can do it within a week, too, at this point.  I don't really

3 have anything.

4          **THE COURT:**  What's that?

10:16:50AM 5          **MR. LEMBKE:** At this point I don't intend to file

6 anything.

7          **THE COURT:** Okay.  Now, it's my understanding for

8 the trial we need a Spanish interpreter; is that correct?

9          **MR. VACCA:** That is correct, Your Honor.

10:17:06AM 10          **THE COURT:** Okay.  So we would use one interpreter.

11 We would have two available for simultaneous interpretation.

12 We'll have the proper equipment for that.

13          There's an issue regarding stipulations.

14          Mr. Marangola, do you want to be heard on that?

10:17:23AM 15          **MR. MARANGOLA:** Judge, I provided a lengthy written

16 stipulation to each of the counsel in the case.  We've taken

17 into account some of the feedback I've had from counsel, so I

18 guess depending on what the Court's position is and counsel's

19 is with respect to proceeding forward on March 15th, in the

10:17:51AM 20 event that everybody is on board, which I understand there

21 have been -- I think those decisions are being finalized, I

22 have not heard a final decision from everyone, but I believe

23 they are considering the stipulations, I would suggest a court

24 date for them to sign the stipulation so that we can proceed;

10:18:11AM 25 and knowing if they are signed, the scheduling that would

1    result from that because that would take off, I would submit,

2    at least a month of foundation-type witnesses.

3             **THE COURT:** Okay.  Mr. Vacca, what's your position

4    on stipulations?

10:18:33AM 5             **MR. VACCA:** Your Honor, I did receive the

6    stipulations from Mr. Marangola when we were preparing for the

7    first trial on this -- it was proposed stipulations.

8             I reviewed those with my client.  He took a great

9    deal of time to consider them, and indicated that he would not

10:18:48AM 10   stipulate.

11            I then reviewed with him the new stipulation from

12   Mr. Marangola, which I received last week, I reviewed those

13   with my client.  His position is the same:  He's not willing

14   to stipulate to anything.

10:19:02AM 15            **THE COURT:** Anything?

16            **MR. VACCA:** Anything.

17            **THE COURT:** Okay.  Mr. Verrillo?

18            **MR. VERRILLO:** Yes, Your Honor, I did -- I did

19   review the stipulations with my client.  There were some

10:19:13AM 20   changes made that I requested, so we were agreeable to the

21   stipulation.

22            **THE COURT:** Okay.  Mr. Lembke?

23            **MR. LEMBKE:** Your Honor, our position on the

24   stipulations is that if counsel for my client's co-defendants

10:19:28AM 25   stipulated, that we would stipulate, too.

1          The vast majority of them, if not all of them,

2    pertain largely to the other co-defendants.

3          **THE COURT:** Okay, thank you.

4          As indicated by Mr. Verrillo, the Government has

10:19:44AM 5    noticed some 404(b) evidence that they intend to offer in the

6    case.

7          Mr. Vacca, do you intend to respond to that?

8          **MR. VACCA:** No, Your Honor.

9          **THE COURT:** Okay.  Mr. Verrillo, you've already

10:19:59AM 10   indicated you do intend to respond.

11          Mr. Lembke?

12          **MR. LEMBKE:** No, Your Honor.

13          **THE COURT:** Okay.  There's also an issue regarding

14    Rule 609 evidence regarding the Government witnesses.  In the

10:20:18AM 15   past when we've had these mammoth trials, the way we've

16    handled that typically is to handle that prior to each

17    particular witness testifying, the day before at least.

18          Is that a procedure that's acceptable to you,

19    Mr. Vacca?

10:20:37AM 20          **MR. VACCA:** Yes, Your Honor.

21          **THE COURT:** Mr. Verrillo?

22          **MR. VERRILLO:** Yes, Your Honor.

23          **THE COURT:** Mr. Lembke?

24          **MR. LEMBKE:** Yes, sir.

10:20:41AM 25          **THE COURT:** Okay, we'll follow that.  It worked well

1   in the last big trial we had with Mr. Verrillo, quite frankly.

2           There are some other issues obviously outstanding

3   regarding potential special verdict sheets, which we can

4   discuss down the road, we have plenty of time to discuss that.

10:21:01AM 5           Co-conspirator statements, which the Government's

6   indicated they intend to offer in this particular case.

7           Mr. Vacca, you also did send a letter to the Court

8   regarding an indication that you were going to make a request

9   for compassionate release of your client, right?

10:21:20AM 10          **MR. VACCA:** Yes, Your Honor.

11          **THE COURT:** Okay.

12          **MR. VACCA:** Your Honor, my client has been

13   incarcerated since the start of this case.  He was in the past

14   on probation, federal probation, and as a result of that it

10:21:37AM 15   did not result in any violations.  He was released, he was let

16   out on ankle bracelet.

17           In this particular case, Your Honor, I think that

18   it's easier for my client to be sitting next to me in court

19   here in civilian clothes without being incarcerated.  It makes

10:21:52AM 20   it easier for me to represent him, him to be represented, and

21   I would ask that the Court consider releasing him to

22   electronic monitoring for the purposes of preparation of the

23   trial and this trial.

24          **THE COURT:**  Okay.  I just want to be sure, you're

10:22:06AM 25   not really making a compassionate release application then?

1              **MR. VACCA:** No.

2              **THE COURT:** I thought that's the way I read your

3    letter.  You're asking that his release condition -- that he

4    no longer be remanded and instead be released on electronic

10:22:19AM 5    monitoring; is that right?

6              **MR. VACCA:** Yes.

7              **THE COURT:** What's the difference between when he

8    was remanded and now?

9              **MR. VACCA:** Well, I think if he's got an ankle

10:22:27AM 10    bracelet on, he's being monitored.  If he doesn't have one on,

11    he's not being monitored; he's out without any type of

12    monitoring.

13              **THE COURT:** They get cut off pretty easily.  That

14    application is denied.

10:22:46AM 15              Regarding scheduling, this matter is scheduled

16    currently for jury selection on March 15th.  To be quite

17    candid with you, the Court is talking about suspending jury

18    trials in this court until April 26th based upon the Covid

19    situation in the community and based upon the fact that

10:23:15AM 20    vaccines are beginning, but have not been totally continued.

21              Mr. Vacca, what's your position on adjourning this

22    matter until that date?

23              **MR. VACCA:** Your Honor, we've adjourned it a couple

24    times already.  I discussed this with my client again this

10:23:32AM 25    morning.  His position is that he would like to move forward

1 | with the case.

2 |       **THE COURT:** Okay.  And Mr. Verrillo?

3 |       **MR. VERRILLO:** I did discuss it with my client.  I

4 | think the time period the Court's requesting is reasonable, so

10:23:46AM 5 | we're okay with that.

6 |       **THE COURT:** And Mr. Lembke?

7 |       **MR. LEMBKE:** I haven't discussed that with my client

8 | either, Your Honor, but --

9 |       **THE COURT:** I just raised it today, so I understand.

10:23:55AM 10 |       **MR. LEMBKE:** -- my personal position is, as his

11 | lawyer, is if that's what the Court thinks is appropriate,

12 | then we wouldn't have any objection to it.

13 |       My primary concern -- I was thinking about this

14 | over the last couple days -- is not so much with us here in

10:24:13AM 15 | the courtroom now, but jurors.  And to the extent that, you

16 | know, we may have jurors who are less comfortable being in

17 | court in a situation like this could diminish, I think, just

18 | the pool from which my client and the Government may be able

19 | to select jurors, and I'm not really crazy about that idea.

10:24:35AM 20 |       So I think that -- I think that perhaps an

21 | adjournment is a good idea.

22 |       **THE COURT:** Okay.  What about is your client willing

23 | to waive speedy trial rights between now and then?

24 |       **MR. LEMBKE:** I'm confident that he will.

10:24:50AM 25 |       **THE COURT:** Mr. Verrillo?

1      **MR. VERRILLO:** If I could just have a minute, Your

2 Honor?  I've talked to my client.  We're agreeable to that,

3 Judge, to extending it.

4      **THE COURT:** Mr. Vacca, your client I assume is not?

10:25:17AM 5      **MR. VACCA:** No, Your Honor.

6      **THE COURT:** Okay.  All right, I think we have a lot

7 of individual issues here to discuss with the parties.  What I

8 think I'd like to do is bring everybody back.

9      You needed a week to file.  Then the Government,

10:25:39AM 10 how long would you need to respond to those?

11      **MR. MARANGOLA:** If we could have a week to respond,

12 Judge?

13      **THE COURT:** Okay.  Let's put the matter on for

14 Mr. Figueroa for February 24th.  I know it doesn't give you

10:26:04AM 15 time to respond -- we'll know where we are at that point -- at

16 10 a.m..

17      **MR. VACCA:** February 24th, 10 a.m., Your Honor?

18      **THE COURT:** Yes.

19      And for Mr. Torres, we'll put your matter on for

10:26:29AM 20 the following day, February 25th -- I'm sorry, that's not a

21 good date.  How about the same date, February 24th, at 3 p.m.?

22      **MR. VERRILLO:** That's good, Judge.

23      **THE COURT:** And, Mr. Lembke, are you available on

24 the 23rd at 11?

10:26:50AM 25      **MR. LEMBKE:** Sure, Your Honor, yes.

1          THE COURT: Put the matter on February 23rd, 11 a.m.

2    so we can sort out these individual issues with the parties.

3          And at that time we'll -- Mr. Figueroa's going to

4    be objecting and not waive speedy trial rights, then right now

10:27:08AM 5    I would count on the jury trial commencing on the 15th of

6    March, okay?

7          We'll come back on those dates to talk to each of

8    the parties individually, all right?

9          Anything else, Mr. Vacca?

10:27:21AM 10          MR. VACCA: So, Your Honor, on the 24th we're going

11    to be talking about whether or not he waives his speedy trial

12    rights, whether there's any challenges to the witness list,

13    and whether or not there's any challenges to the charge to the

14    jury is my understanding?

10:27:39AM 15          THE COURT: That's right.  Whether or not you're

16    going to submit those?

17          MR. VACCA: Right.  Okay, then we're on the 24th at

18    10 o'clock in the morning?

19          THE COURT: That's correct.

10:27:47AM 20          MR. VACCA: Okay.  That deals with the speedy trial

21    issue?

22          THE COURT: We're going to deal with that as well.

23          MR. VACCA: Thank you.

24          THE COURT: Mr. Lembke, you're all set?

10:27:55AM 25          Mr. Lembke -- I'm sorry, I'm looking at

1    Mr. Verrillo.  Mr. Lembke, you're all set then for the 23rd?

2              **MR. LEMBKE:** Sure, yes.

3              **THE COURT:** And, Mr. Verrillo, for the 24th at 3?

4              **MR. VERRILLO:** Judge, I just wanted to explain

10:28:09AM 5   that -- so right now we should plan on the 15th at this point?

6              **THE COURT:** Yeah, March 15th if Mr. Figueroa is not

7    going to waive speedy trial.

8              Do you know what the speedy trial clock is on this,

9    Mr. Marangola?

10:28:21AM 10            **MR. MARANGOLA:** Judge, I don't think we've had any

11   days that have been ticked off.

12             **THE COURT:** Okay, all right.

13             **MR. VERRILLO:** Judge, I just wanted to make the

14   Court aware that I had some health issues a few months ago

10:28:33AM 15  because of my being exposed at Monroe County Jail.  I'm better

16   now, thank God, but I have some concerns.  I do want to meet

17   with my client, I do want to communicate with him.

18             But I did talk to the marshals.  I would like to

19   have some accommodations if my client could be brought over

10:28:49AM 20  here for periods of time so I could go through the *Jencks*

21   material?  Because I did have some health issues as a result

22   of going to the Monroe County Jail, and I do want to have

23   access.  So I talked to Shane and he does want to work with

24   me, but I do want to --

10:29:02AM 25            **THE COURT:** You talked to who?

1    **MR. VERRILLO:** I talked to Shane of the Marshal's

2    Office.

3    **THE COURT:** Marshall?

4    **MR. VERRILLO:** Yeah, to see if we could have some

10:29:08AM 5    sessions.  I would feel more comfortable in light of what I

6    went through to have that.

7    **THE COURT:** Okay, we'll try to make arrangements.

8    **MR. VERRILLO:** I wanted to make the Court aware of

9    that.

10:29:18AM 10    **THE COURT:** Great.  They're usually very

11    accommodating, especially in a trial like this.

12    Okay, thank you.  We're all set.

13    (**WHEREUPON**, proceedings adjourned at 10:29 a.m.)

14    *    *    *

15    <u>**CERTIFICATE OF REPORTER**</u>

16

17    In accordance with 28, U.S.C., 753(b), I certify that

18    these original notes are a true and correct record of

19    proceedings in the United States District Court for the

20    Western District of New York before the Honorable Frank P.

21    Geraci, Jr. on February 16th, 2021.

22

23    <u>S/ Christi A. Macri</u>

24    Christi A. Macri, FAPR-RMR-CRR-CSR(CA/NY)
      Official Court Reporter

25