```
 1                    UNITED STATES DISTRICT COURT

 2                   WESTERN DISTRICT OF NEW YORK

 3


 4


 5   - - - - - - - - - - - - - -X
     UNITED STATES OF AMERICA              18-CR-6094(G)
 6
     vs.
 7                                         Rochester, New York
     XAVIER TORRES,                        March 5, 2021
 8              Defendant.                 12:06 p.m.
     - - - - - - - - - - - - - -X
 9

10                    TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE FRANK P. GERACI, JR.
11                 UNITED STATES DISTRICT JUDGE

12

                        JAMES P. KENNEDY, JR., ESQ.
13                      United States Attorney
                        BY: ROBERT A. MARANGOLA, ESQ.
14                      Assistant United States Attorney
                        500 Federal Building
15                      Rochester, New York 14614
                        Appearing on behalf of the United States
16

17                      MAURICE J. VERRILLO, ESQ.
                        3300 Monroe Avenue
18                      Suite 301
                        Rochester, New York 14618
19                      Appearing on behalf of the Defendant

20


21


22
     COURT REPORTER:    Christi A. Macri, FAPR-RMR-CRR-CSR(NY/CA)
23                      Christimacri50@gmail.com
                        Kenneth B. Keating Federal Building
24                      100 State Street, Room 2640
                        Rochester, New York 14614
25
```

**P R O C E E D I N G S**

\* \* \*

(**WHEREUPON**, the defendant is present).

**THE CLERK:** United States of America vs. Xavier Torres, 18-CR-6094.

**THE COURT:** Are you Xavier Torres?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** Appear with your attorney Mr. Verrillo. Mr. Marangola appears on behalf of the Government.

This matter's on pursuant to two motions. First of all, there's a motion by the Government to sever this matter from the trial of Mr. Carlos Figueroa, which is scheduled to commence on April 26th primarily based upon the fact that there's an alleged statement by the defendant Torres that implicates Mr. Figueroa.

In early discussions the Government had indicated that they would be prepared to redact references to Mr. Figueroa which would alleviate the *Bruton* issues that would develop by allowing that statement in by Mr. Torres.

Recently they just sent to the Court indication that it would be their intent not to offer a redacted version, but rather the entire statement by Mr. Torres, and that obviously raises issues regarding Mr. Figueroa's right to confrontation, creates a very clear *Bruton* issue on that particular matter.

```
 1                Consequently, they're asking that Mr. Torres's case
 2   be severed, tried at a different time than Mr. Figueroa.
 3                Is there anything else you want to add to your
 4   motion?
 5                MR. MARANGOLA: No, thank you, Judge.
 6                THE COURT: Ms. Verrillo, what's your position?
 7                MR. VERRILLO: Judge, I have talked to my client and
 8   explained the situation.  I filed a couple motions, as the
 9   Court knows, throughout this raising concerns that we had
10   either for preclusion or severance.  And I filed a motion I
11   think as late as last November.
12                So my position is that if the Government intends to
13   offer the full statement, which they're saying they do, the
14   severance will allow my client to fully develop his defense,
15   which is related to Figueroa, related to other things.
16                He had an attorney that helped him at the time, so
17   I think it gives him more benefits in terms of his ability to
18   confront the Government's case under the current situation.
19   With the joint trial, he unfortunately would be limited, but
20   they are offering the full statement now.
21                So we consent.  I've talked to my client, he
22   understands that this may likely delay his ultimate, you know,
23   trial, but he understands that, he wants to have a fair
24   trial -- that's very a big concern to him.
25                And I discussed with Mr. Marangola the schedule,
```

```
 1  what he intends to do.  As you said it, he's proposing to
 2  proceed with Figueroa, and then deal with Mr. Torres later.
 3  And obviously we would need time to get the transcripts and so
 4  forth, but I've explained that to him.
 5              Mr. Torres, I've explained that to you.  He's in
 6  agreement with the severance in light of the Government's
 7  current position.
 8              THE COURT: So you don't oppose it?
 9              MR. VERRILLO: That's correct.
10              THE COURT:  In fact, for the record, the defendant
11  Torres previously made a motion to sever, which was denied by
12  the Court at that time, opposed by the Government based upon
13  the understanding that Mr. Torres's statement would be
14  redacted regarding any reference to Mr. Figueroa and,
15  therefore, the Court felt it was an appropriate disposition.
16              However, now with the change in status that the
17  statement would be offered in its entirety, it would clearly
18  create a Bruton issue.
19              In addition, as Mr. Verrillo just indicated, it
20  would be more advantageous to his client to have this entire
21  statement in as part of his proffered defense in this
22  particular case.
23              Based upon the fact there's no objection to the
24  motion for severance, the Court will grant a severance of the
25  trial that was previously scheduled for April 26th.
```

1               As indicated, we expect that trial to go through
2 August, the end of August.  So I think the earliest we could
3 start this case is around September 13th.
4               Would you be able to get transcripts done in that
5 short time?
6               **MR. VERRILLO:** Mr. Marangola can speak to the issue,
7 but with Mr. Torres not being in the case, I would assume
8 there would be some shortening of the trial.  I don't know.
9 He can speak to what he needs, but --
10              **THE COURT:** Mr. Marangola?
11              **MR. MARANGOLA:** Yeah, Judge, the trial would --
12 against Mr. Torres, yes, would be significantly shorter.
13              In terms of transcripts from the first trial, I
14 think there would probably be only a limited number of them
15 that would qualify as *Jencks*, meaning that there would only
16 probably be a handful of witnesses that I would intend to call
17 in both trials, and I would -- so I think we're not going to
18 duplicate trials here, and there's going to be numerous
19 witnesses that are called in the Figueroa trial that we would
20 not intend to call in the trial against Mr. Torres.  So I
21 don't think their transcripts would need to be finished before
22 Mr. Torres's trial.
23              If Mr. Verrillo wishes that, I guess I'll leave
24 that up to him, but I don't think that's going to be required
25 under the disclosure rules with respect to witnesses for the

```
 1  second trial.
 2              THE COURT:  How long do you think that trial would
 3  last?
 4              MR. MARANGOLA:  The second trial?
 5              THE COURT:  Yes.
 6              MR. MARANGOLA:  I think about three weeks, Judge, is
 7  what we've been estimating --
 8              THE COURT:  Mr. Verrillo, how would September 27th
 9  appear?
10              MR. VERRILLO:  Judge, I think I'm okay.  Let me
11  look.  That would be a Monday then?
12              THE COURT:  Yes.
13              MR. VERRILLO:  That should be good, Your Honor.
14  That will give us time hopefully to get everything organized
15  in terms of the -- obviously my concern is if we're having a
16  witness testify as a cooperator in one case and they testify
17  in the other case, we want to have the transcript of their
18  prior testimony obviously.
19              THE COURT:  Sure.  That schedule would give the
20  reporter about a month to get that done, and she's indicated
21  that would be sufficient.
22              Mr. Marangola, does that schedule work for you?
23              MR. MARANGOLA:  It does, Judge.  There may just be
24  an issue with Mr. Verrillo indicating he didn't have enough
25  time with the transcripts.  I mean, if Ms. Macri can finish
```

1  them in a month, that would be our start date.  So if she
2  could finish them, you know, in a month, I could start on the
3  27th, but it may be more advantageous to Mr. Verrillo to have
4  an extra week or so with the transcript.
5              I just would hate to have us -- have this 27th date
6  planned, get the transcripts the week before, and then there's
7  a request to then push it again because there's not enough
8  time with the transcripts.
9              **THE COURT:** How about October 12th?  That's the day
10 after Columbus Day.
11             **MR. VERRILLO:** Can I just ask -- where I was
12 confused was I thought the first trial would be shorter.  Is
13 it still going to be three or four months?
14             **THE COURT:** Oh, yeah, I think so.
15             **MR. VERRILLO:** Still going to be even with that --
16 that's where I was confused.  Okay, so does that -- okay.
17 That should give us more than enough time you're saying to get
18 the transcripts?
19             **THE COURT:** Okay.  Mr. Marangola, does that work for
20 you?
21             **MR. MARANGOLA:** It does, that's fine.
22             **THE COURT:** That would give us October 12th and the
23 week of the 18th, 25th, and to be safe we'd anticipate
24 going -- I'll block out until November 5th.  That gives us
25 plenty of time in there.

```
 1                Mr. Torres, you understand that by adjourning this
 2    case or by severing the case there's a need to adjourn your
 3    matter?
 4                Do you understand that?
 5                THE DEFENDANT: Yes, Your Honor.
 6                THE COURT: Are you consenting to the exclusion of
 7    speedy trial time between now and October 12th of this year?
 8                THE DEFENDANT: Yes.
 9                THE COURT: Yes?
10                THE DEFENDANT: Yes, Your Honor.
11                THE COURT: And, Mr. Marangola, you consent to that
12    as well?
13                MR. MARANGOLA: Yes, Your Honor.
14                THE COURT: Based upon the discussions we had, first
15    of all, the matter is severed, the Torres trial from the
16    Figueroa trial.
17                The Court finds that that is appropriate based upon
18    the proffer of the Government that they intend to use the
19    entire statement of Mr. Torres at his trial.
20                In addition, Mr. Torres indicates that would be
21    more favorable to him in that he would likely utilize that
22    entire statement as part of his proffered defense possibly.
23                The Figueroa trial is expected to go four months.
24    I've blocked out four months out, so that takes us to the end
25    of August.
```

1              In order to allow transcripts to be prepared for
2    Mr. Verrillo, to have those available and to review those
3    prior to the beginning of any trial, the Court selected the
4    date of October 12th to give everybody plenty of time to
5    prepare for that.
6              Mr. Torres and his attorney have consented to that
7    and agreed to waive speedy trial time.  The Government has
8    also agreed to waive speedy trial time.
9              The Court finds in the interest of justice the time
10   period between today and October 12th, 2021, should be
11   excluded in the interest of justice so that Mr. Torres can
12   have his properly severed trial, and also have prior to that
13   trial available to him any of the trial transcripts he may
14   need from the Figueroa trial which will proceed between April
15   and August of 2021.
16             Therefore, the time period between today and
17   October 12th, 2021 is excluded in the interest of justice.
18             Okay.  Now, there is a 404(b) motion outstanding
19   and I'm just going to reserve on that at this point I think
20   until when we get closer to the trial.
21             **MR. VERRILLO:** I agree.
22             **THE COURT:**  It will be fresher in everybody's mind
23   and we'll be in a better position to rule on that.
24             **MR. VERRILLO:** Yes, Your Honor.
25             **THE COURT:** I have received a response from the

1  Government on that motion as well.  Okay?
2           **MR. MARANGOLA:** Thank you, Judge.
3           **THE COURT:** Thank you.
4           (**WHEREUPON**, proceedings adjourned at 12:17 p.m.)
5                        *   *   *
6                   **CERTIFICATE OF REPORTER**
7
8           In accordance with 28, U.S.C., 753(b), I certify that
9  these original notes are a true and correct record of
10 proceedings in the United States District Court for the
11 Western District of New York before the Honorable Frank P.
12 Geraci, Jr. on March 5th, 2021.
13
14 S/ Christi A. Macri
15 Christi A. Macri, FAPR-RMR-CRR-CSR(CA/NY)
   Official Court Reporter
16
17
18
19
20
21
22
23
24
25