1

```
 1                    UNITED STATES DISTRICT COURT

 2                    WESTERN DISTRICT OF NEW YORK

 3

 4

 5   - - - - - - - - - - - - - -X
     UNITED STATES OF AMERICA              18-CR-6094(G)
 6
     vs.
 7                                         Rochester, New York
     XAVIER TORRES,                        October 1, 2021
 8              Defendant.                 3:17 p.m.
     - - - - - - - - - - - - - -X
 9

10                    TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE FRANK P. GERACI, JR.
11                  UNITED STATES DISTRICT JUDGE

12
                         JAMES P. KENNEDY, JR., ESQ.
13                       United States Attorney
                         BY: ROBERT A. MARANGOLA, ESQ.
14                           CASSIE M. KOCHER, ESQ.
                         Assistant United States Attorneys
15                       500 Federal Building
                         Rochester, New York 14614
16                       Appearing on behalf of the United States

17
                         MAURICE J. VERRILLO, ESQ.
18                       3300 Monroe Avenue
                         Suite 301
19                       Rochester, New York 14618
                         Appearing on behalf of the Defendant
20

21

22

23   COURT REPORTER:     Christi A. Macri, FAPR-RMR-CRR-CSR(NY/CA)
                         Christimacri50@gmail.com
24                       Kenneth B. Keating Federal Building
                         100 State Street, Room 2640
25                       Rochester, New York 14614
```

1                **P R O C E E D I N G S**

2                         *   *   *

3                (**WHEREUPON**, the defendant is present).

4                **THE CLERK:** This is 18-CR-6094, U.S. vs. Xavier

5   Torres.

6                Rob Marangola and Cassie Kocher are here for the

7   Government.

8                Maurice Verrillo is here for defendant.

9                Mr. Torres appears today for argument on an

10  *in limine* motion by defendant.

11               **THE COURT:** Good afternoon.  Are you Xavier Torres?

12               **THE DEFENDANT:** Yes, Your Honor.

13               **THE COURT:** Yes.  This matter's on for a

14  motion *in limine* filed by the defense, specifically requesting

15  that the Court order that certain acts subsequent to June 2nd,

16  2016, be precluded from the Government entering evidence on

17  those certain acts.

18               Did you want to be heard?

19               **MR. VERRILLO:** Yes, Judge.  Judge, I did file a

20  motion to exclude under Federal Rule of Evidence 401 and 403.

21  I would note that Mr. Torres is a long-term resident of

22  Buffalo.  He did reside in Rochester on Burbank Street in

23  2015, approximately March of '15 to November.

24               The motion in paragraph 6 refers to various

25  multiple events.  Mr. Torres did not participate in --

1  subsequent to his residency going back to Buffalo.

2              And I think the evidence will show that Mr. Torres

3  did not participate in any of these events, and we would

4  submit it's not relevant in this case, in this trial.

03:18:52PM 5              The subsequent acts have no relevance to what

6  Mr. Torres is alleged to have done.  I would submit that the

7  additional allegations or the additional testimony will be

8  burdensome, a waste of the Court's time, confusing,

9  misleading, and prejudicial since my client is not accused of

03:19:10PM 10 being involved in these various acts.  And, if I possible,

11 relevance would be substantially outweighed by prejudice to

12 him.

13             So I'm making the Court aware of these issues

14 before the trial.  I'm asking the Court to preclude or

03:19:22PM 15 restrict these subsequent acts in advance of trial.  Thank

16 you.

17             **THE COURT:** Just for the record, the specific acts

18 that the defense is asking to preclude are controlled buys on

19 June 2nd, June 3rd, June 6th of 2016; controlled buys

03:19:47PM 20 September 21st, 2017; November 20th, 2017; a seizure at 16

21 LaForce Street July 31st, 2016; 54 Miller Street December 8th,

22 2016; seizure at 4 Ritz Street January 29th, 2018; seizure at

23 292 Barrington Street January 29th, 2018; seizure at 15

24 Burbank Street on January 29th, 2018; and a seizure at 820

03:20:28PM 25 East Main Street, apartment 14 on January 29th, 2018.

 1                   Mr. Marangola, do you want to respond?

 2                   **MR. MARANGOLA:** Judge, I think I outlined our

 3   position in our papers, but essentially the -- once the

 4   defendant is proven to be a participant in the conspiracy, all

 5   evidence of the conspiracy is relevant because his liability

 6   under *Pinkerton* and under the law extends to acts committed by

 7   his co-conspirators in furtherance of the -- in furtherance of

 8   the conspiracy.

 9                   So even though they're crimes committed, whether

10   he's there or not, he's still liable for and are still

11   admissible to prove the existence of the conspiracy, which is

12   the main charge in the case.

13                   So it will also -- even if he's not there at a

14   particular event, it will also complete the narrative as to

15   how these witnesses came to be arrested and the circumstances

16   under which they became cooperating witnesses.

17                   So because it will complete the narrative in terms

18   of these witnesses explaining how they came to be here as well

19   as provide further evidence of the conspiracy that the

20   defendant's membership in is presumed to continue unless and

21   until he establishes his withdrawal from that conspiracy, I

22   would ask that motion be denied.

23                   **THE COURT:** Okay.  The indictment does list the

24   period of the conspiracy from 2015 through on or about

25   January 29th, 2018.

1                    Mr. Verrillo, you indicated that your client left
2  town at a certain time.  When was that?
3                    **MR. VERRILLO:** Roughly November of '15.  And then
4  he's accused of being here -- being on Burbank Street I think
5  on February 6th of '16.  He was arrested there on Burbank
6  Street.
7                    Then there's an allegation of the shooting in June
8  of '16.  That was in Buffalo though, that was not in
9  Rochester.
10                   **THE COURT:** Okay.  And I don't see anything in here
11 alleging that your client withdrew from the conspiracy.
12                   Are you arguing that?
13                   **MR. VERRILLO:** He would submit he wasn't involved in
14 a conspiracy, number one.
15                   But, number two, that his conduct -- he didn't have
16 any contact with any of these people except for -- I mean, the
17 defendant, basically from November of '15 on.  He was not
18 having contact with these people is our position.
19                   **THE COURT:** Sure, I understand your position, but
20 there's no affirmative act or statement by your client
21 withdrawing from this conspiracy; is that correct?
22                   He said he wasn't involved at all?
23                   **MR. VERRILLO:** Right, yeah, yeah.
24                   **THE COURT:** All right.  Well, the motion *in limine*
25 is denied.  It's clear that the conspiracy period alleged in

 1  the indictment is from 2015 through on or about January 29th,
 2  2018.  The acts that the defense asked to be precluded were
 3  obviously within that period of time of the conspiracy.  I
 4  think June 2nd, 2016 through the January 29th, 2018 period.
 5              There are certain acts that the defense has asked
 6  to be precluded.  Obviously as long as they were during the
 7  conspiracy, in furtherance of the conspiracy -- part of the
 8  conspiracy, the defendant -- if the jury finds that he was a
 9  co-conspirator -- would be liable for those acts even if he
10  didn't participate in those particular acts.  Therefore, the
11  motion *in limine* is in all respects denied.
12              The other issue -- I did send a schedule, a trial
13  schedule to all counsel with specific times when we'll be
14  engaged in this particular trial.  The first day, October
15  18th, I made it for a full day.  We'll bring in panels of 25
16  at different times through that day and try to secure a jury
17  of -- I don't know if we talked about this, but I think we're
18  going to try to have four alternates as well in this trial
19  since it will be a three to four week trial.
20              Mr. Marangola, does that make sense?
21              **MR. MARANGOLA:** Sure.
22              **THE COURT:** Mr. Verrillo?
23              **MR. VERRILLO:** I'm sorry?
24              **THE COURT:** 16 jurors, four alternate jurors.
25              **MR. VERRILLO:** Yes, Judge.

1              **THE COURT:** Okay.  So we have that first day.  If we
2  need a second day to pick that jury, we can do that.
3              Mr. Verrillo did indicate that Tuesday,
4  November 9th could be a problem for him.
03:25:00PM 5              **MR. VERRILLO:** I think it's the 8th.  I'm sorry,
6  November 8th.  November 8th.
7              **THE COURT:** Monday the 8th.
8              **MR. VERRILLO:** Monday, yes.
9              **THE COURT:** We'll take that off the calender.  So
03:25:10PM 10 November 8th I'll eliminate that day.  And, hopefully, it's
11 possible we could be done prior to that.  In any event, but
12 we'll still have that.  I'm going to let the jury know that
13 they should be available through November 12th.
14             Anything else, Mr. Marangola?
03:25:29PM 15             **MR. MARANGOLA:** I don't think so, Judge.  Thank you.
16             **THE COURT:**  Ms. Kocher, anything?
17             **MS. KOCHER**:  No, thank you.
18             **THE COURT:** Mr. Verrillo?
19             **MR. VERRILLO:** No, Judge.
03:25:35PM 20             **THE COURT:** Okay, thank you.
21             **MR. MARANGOLA:** Thank you.
22             (**WHEREUPON**, proceedings adjourned at 3:25 p.m.)
23                         *   *   *
24
25

**CERTIFICATE OF REPORTER**

In accordance with 28, U.S.C., 753(b), I certify that these original notes are a true and correct record of proceedings in the United States District Court for the Western District of New York before the Honorable Frank P. Geraci, Jr. on October 1, 2021.

S/ Christi A. Macri

Christi A. Macri, FAPR-RMR-CRR-CSR(CA/NY)
Official Court Reporter