```
 1                    UNITED STATES DISTRICT COURT

 2                    WESTERN DISTRICT OF NEW YORK

 3

 4

 5   - - - - - - - - - - - - - -X
     UNITED STATES OF AMERICA              18-CR-6094(G)
 6
     vs.
 7                                         Rochester, New York
     XAVIER TORRES,                        April 27, 2022
 8              Defendant.                 3:14 p.m.
     - - - - - - - - - - - - - -X
 9

10                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE FRANK P. GERACI, JR.
11                   UNITED STATES DISTRICT JUDGE

12
                          JAMES P. KENNEDY, JR., ESQ.
13                        United States Attorney
                          BY: ROBERT A. MARANGOLA, ESQ.
14                            CASSIE M. KOCHER, ESQ.
                          Assistant United States Attorneys
15                        500 Federal Building
                          Rochester, New York 14614
16                        Appearing on behalf of the United States

17
                          MAURICE J. VERRILLO, ESQ.
18                        3300 Monroe Avenue
                          Suite 301
19                        Rochester, New York 14618
                          Appearing on behalf of the Defendant
20

21
     ALSO PRESENT:        Jennifer Fish, U.S. Probation Office
22

23   COURT REPORTER:      Christi A. Macri, FAPR-RMR-CRR-CSR(NY/CA)
                          Christimacri50@gmail.com
24                        Kenneth B. Keating Federal Building
                          100 State Street, Room 2640
25                        Rochester, New York 14614
```

```
 1                    P R O C E E D I N G S
 2                          *   *   *
 3              (WHEREUPON, defendant is present).
 4              THE CLERK: This is 18-CR-6094, U.S. vs.
 5    Xavier Torres.
 6              Rob Marangola and Cassie Kocher are here for the
 7    Government.
 8              Maurice Verrillo is here with defendant.
 9              Jen Fish is here from Probation.
10              Mr. Torres appears today for status.
11              THE COURT: Are you Xavier Torres?
12              THE DEFENDANT: Yes, Your Honor.
13              THE COURT: This matter's on for status.  At the
14    conclusion of the last testimony in this hearing, there was a
15    request by the defense that certain records be subpoenaed from
16    various facilities, including Allegany County Jail, Livingston
17    County Jail, Seneca County Jail and Chautauqua County Jail.
18              The Court did grant that application for an in
19    camera review of those documents.  I've had a chance to review
20    those documents.  And based upon my review, I don't see any
21    reason for turning them over to the defense.
22              The records are very clear that the defense is
23    aware of these particular issues, conducted a thorough
24    cross-examination of Mr. Nunez while he was on the stand.
25    There's nothing contained within those records that would add
```

1  to any of the issues related to the credibility of Mr. Nunez,
2  and the Court did issue an order last evening indicating that.
3              Those records will remain under seal.
4              **MR. VERRILLO:** Your Honor, you'll preserve them for
5  appellate review if I need to look at it?
6              **THE COURT:**  Yes, they will be preserved under seal.
7              The other outstanding matter -- first of all, is
8  there any additional testimony on that hearing from the
9  Government?
10             **MR. MARANGOLA:** No, Your Honor.
11             **THE COURT:** From the defense?
12             **MR. VERRILLO:** No, Judge.
13             **THE COURT:** Okay.  The second outstanding issue in
14 this case is the Rule 29 motion that was filed on December 1st
15 of 2021.  The Government did file their response.
16             Does the Government want to be heard any further
17 on -- or does the defense want to be heard any further on
18 that?
19             **MR. VERRILLO:** Judge, I can summarize it if you need
20 it or --
21             **THE COURT:** I don't need it.
22             **MR. VERRILLO:** Whatever the Court prefers.  I would
23 just be summarizing what I've raised since --
24             **THE COURT:** No, I've certainly thoroughly reviewed
25 the papers by the defense and also the Government's response.

```
 1                Does the Government have anything to add?
 2                MR. MARANGOLA: No, thank you, Judge.
 3                THE COURT: Regarding the Rule 29 motion, the Court
 4   did make rulings at the end of the prosecution case as well as
 5   at the end of the defense case finding in both matters that
 6   there are issues of fact for the jury to make determinations
 7   on each of the elements of the charges in this case, and the
 8   motions were denied.
 9                After reviewing defense submissions in this case,
10   the Court finds no basis for changing that ruling and,
11   therefore, the motion for a judgment of acquittal pursuant to
12   Rule 29 is denied.
13                There's also a motion pursuant to Rule 33, a motion
14   for a new trial, which the Court would vacate the judgment and
15   grant a new trial if the interest of justice so required.
16                Again the Court did -- there's a number of bases
17   for that, including an allegation that the Court provided
18   injurious jury instructions; argument that the denial of the
19   suppression issue regarding the search of February 6th of 2016
20   was improper; that there was an erroneous ruling regarding
21   allowing subsequent conduct after the defendant had relocated
22   to Buffalo to be admitted into this case; that there was error
23   in charging the jury on Pinkerton theory.  Again, the defense
24   presented all those arguments and the Government did respond.
25                Anything you want to add to what you submitted in
```

```
 1  writing?
 2              MR. VERRILLO: Judge, the only other issue I'd raise
 3  is I think the testimony of Mr. Nunez established a number of
 4  inconsistencies in the corroborators or the cooperators, and I
 5  think the Court in the interest of justice can consider that
 6  as a basis for a new trial, that there was a lack of -- first
 7  of all, there was language of independent corroboration and
 8  the testimony of the corroborators were materially
 9  inconsistent on a number of issues.  And I wanted to make sure
10  the Court was aware of that argument as well.
11              THE COURT:  Okay.  That was in the papers, but
12  you're doing that --
13              MR. VERRILLO: Yes.  I'm just saying obviously
14  Mr. Nunez testified subsequent to the motion.
15              THE COURT:  Sure, I understand that.
16              Does the Government want to respond to that?
17              MR. MARANGOLA: Judge, I have no objection to the
18  Court considering the subsequent testimony of Mr. Nunez.  I
19  think there was enough other corroboration from the
20  cooperating witnesses as well as corroborating aspects from
21  Mr. Nunez's testimony that the Rule 33 motion should also be
22  denied.  Thank you.
23              THE COURT: Yes, the Rule 33 motion for motion for a
24  new trial is also denied on a number of grounds.
25              The Court finds that the jury instructions provided
```

were in all respects proper.

The issue regarding the suppression of a search of the defendant on February 6th of 2016 was previously determined. There's no basis for re-examining that particular ruling.

The ground that the Court here in allowing subsequent acts occurring during the conspiracy, in furtherance of the conspiracy, subsequent to the defendant's relocation to Buffalo is also denied in that the -- obviously a co-defendant -- unless he clearly withdrew from the conspiracy -- is responsible for all acts of the co-conspirators that were conducted during the conspiracy in furtherance of the objectives of the conspiracy and, therefore, the motion for a new trial is denied on that basis.

The argument that the Court improperly charged under the *Pinkerton* theory again is also denied. In conspiracy cases obviously the defendant is liable for the substantive crimes committed by co-defendants provided they are in furtherance of the conspiracy and go toward the objectives of the conspiracy. In this case the Court did find that prior to charging that to the jury.

And, finally, regarding the testimony of Mr. Nunez, although there may have been some inconsistencies with his testimony and some of the testimony received at the trial, the Court finds it does not rise to the level that it would cause

```
 1  the Court to set aside the judgment of the jury in the
 2  interest of justice and, therefore, it's denied on that basis
 3  as well.
 4              I think the only outstanding matter is the
 5  objections that were filed and the Government -- did you
 6  respond to those?
 7              MR. MARANGOLA:  I believe we did, Your Honor.
 8              THE COURT:  Probation did?  So I have that, but I
 9  can make those rulings on the day of sentencing.
10              MR. MARANGOLA:  Okay.
11              THE COURT:  Do we have a sentencing date now or we
12  haven't set a new one, right?
13              MR. MARANGOLA:  I thought we had -- I don't think we
14  have a date scheduled.
15              THE COURT:  I don't think we do.
16              MR. VERRILLO:  Judge, would you be open to any
17  supplemental arguments, I mean, in terms of what happened with
18  Nunez?
19              THE COURT:  In the hearing?
20              MR. VERRILLO:  That's new obviously.  I hadn't
21  responded.
22              THE COURT:  Do you want to argue now or submit
23  something in writing?
24              MR. VERRILLO:  I would prefer to submit something.
25  If you can give me a schedule to do that --
```

```
 1              THE COURT:  Okay, sure.  Let's put sentencing on for
 2   May 19th at 10 a.m..
 3              If you want to submit something, can you do it by
 4   the 6th?  By next Friday?
 5              MR. VERRILLO:  May 6th?
 6              THE COURT:  May 6th, next Friday, believe it or
 7   not.
 8              MR. VERRILLO:  Wow, I'm not even into May yet.  I'm
 9   sorry, yeah, that would be okay.
10              THE COURT:  The Government respond by the 13th?
11              MR. MARANGOLA:  Yes, Judge.
12              THE COURT:  Okay, all right.  We'll have the matter
13   on for sentencing May 19th, 10 a.m.
14              Anything further?  Government?
15              MR. MARANGOLA:  No, thank you, Your Honor.
16              MR. VERRILLO:  All set, Judge.  Thank you.
17              THE COURT:  You're all set?  Okay, thank you.  Have
18   a good day.
19              (WHEREUPON, proceedings adjourned at 3:23 p.m.)
20                         *    *    *
21
22
23
24
25
```

1          **CERTIFICATE OF REPORTER**

2

3          In accordance with 28, U.S.C., 753(b), I certify that
4   these original notes are a true and correct record of
5   proceedings in the United States District Court for the
6   Western District of New York before the Honorable Frank P.
7   Geraci, Jr. on April 27th, 2022.

8

9   S/ Christi A. Macri

10  Christi A. Macri, FAPR-RMR-CRR-CSR(CA/NY)
    Official Court Reporter